1  G. HOPKINS GUY, III (STATE BAR NO. 226708) -
   JACOB A. SNOW (*Pending Admission*)
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
3  Menlo Park, CA  904025
   Telephone:    +1-650-614-7400
4  Facsimile:    +1-650-614-7401

5  Attorneys for Plaintiffs
   Transperfect Global, Inc.;
6  TransPerfect Translations International, Inc.; and
   Translations.com, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  TRANSPERFECT GLOBAL, INC.,            Case No. CV10-02590 EDL
    TRANSPERFECT TRANSLATIONS
12  INTERNATIONAL, INC., AND
    TRANSLATIONS.COM, INC.,               COMPLAINT FOR DECLARATORY
13                                         JUDGMENT OF NON-
                      Plaintiffs,          INFRINGEMENT AND INVALIDITY
14                                         OF U.S. PATENT NOS. 7,580,960,
         v.                                7,584,216, 7,627,479, AND 7,627,817
15
    MOTIONPOINT CORPORATION,              JURY TRIAL DEMANDED
16
                      Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

                                                COMPLAINT FOR DECLARATORY JUDGMENT
                                                OF NON-INFRINGEMENT AND INVALIDITY
                                                                         OF PATENT

Plaintiffs TransPerfect Global, Inc. ("TransPerfect Global"), TransPerfect Translations International, Inc. ("TransPerfect Translations"), and Translations.com, Inc. ("Translations.com") (all collectively, "TransPerfect"), by way of this Complaint against Defendant MotionPoint Corporation ("MotionPoint"), states:

## NATURE OF THE ACTION

1. This is an action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, for a declaratory judgment of non-infringement and invalidity of United States Patent Nos. 7,580,960 ("the '960 Patent") (attached as Exhibit A), 7,584,216 ("the '216 Patent") (attached as Exhibit B), 7,627,479 ("the '479 Patent") (attached as Exhibit C), and 7,627,817 ("the '817 Patent") (attached as Exhibit D) (collectively, "the Asserted Patents") under the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq.*

## THE PARTIES

2. Plaintiff TransPerfect Global is a Delaware corporation with its principal place of business at Three Park Avenue, 39th Floor, New York, New York 10016.

3. Plaintiff TransPerfect Translations is a New York corporation with its principal place of business at Three Park Avenue, 39th Floor, New York, New York 10016. TransPerfect Translations is a wholly-owned subsidiary of TransPerfect Global.

4. Plaintiff Translations.com is a Delaware corporation with its principal place of business at Three Park Avenue, 39th Floor, New York, New York 10016. Translations.com is a wholly-owned subsidiary of TransPerfect Translations, and serves as the technology-centered arm of TransPerfect's translation business which operates in San Francisco and San Jose, California.

5. Upon information and belief, Defendant MotionPoint is a Florida corporation with its principal place of business at 4661 Johnson Road, Suite 14, Coconut Creek, Florida 33073.

## JURISDICTION AND VENUE

6. TransPerfect brings this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment of non-infringement and invalidity of the Asserted Patents under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* Since this action arises under the Patent Laws of the United States, this Court has subject matter jurisdiction pursuant to

28 U.S.C. §§ 1331 and 1338(a).

7.      On information and belief, this Court has personal jurisdiction over the MotionPoint because MotionPoint has constitutionally sufficient contacts with California to make personal jurisdiction proper in this Court. In particular, on information and belief, MotionPoint conducts and solicits business within this district and elsewhere in California, and derives substantial revenue from the sales of their products and/or services within this district and elsewhere in California.

8.      In addition, on information and belief, MotionPoint has done and continues to do substantial business with corporations and entities in the Northern District of California, including the City of Salinas, Orchard Supply Hardware, and Illuminations, Inc. On information and belief, corporations who do business in or with the City of Salinas must be duly licensed to do business in Salinas.

9.      On information and belief, MotionPoint specifically markets its translation services to customers doing business in California who wish to connect with California's significant Spanish-speaking population. On information and belief, as described in more detail below, MotionPoint has made frequent, widespread allegations or implications of infringement against TransPerfect to potential TransPerfect customers in numerous geographic markets nationwide, including making such allegations or implications to potential TransPerfect customers in the state of California.

10.     Furthermore, on information and belief, MotionPoint's widespread allegations and implications of infringement in the market were purposefully directed at TransPerfect's business and technology in the Northern District of California. TransPerfect's location at 4340 Stevens Creek Blvd, Suite 102, San Jose, California 95129 includes a number of engineers who work full-time on developing and supporting the GlobalLink OneLink product. Mark Hagerty, the Chief Technology Officer and principal architect of the GlobalLink OneLink product, works out of the San Jose location and is a resident of the state of California. Furthermore, TransPerfect's location at 160 Spear St., San Francisco, CA 94105 includes over twenty-five employees who work on site development, project management, and support of GlobalLink OneLink sites for customers

utilizing the service. MotionPoint's allegations and threats of infringement have caused and will continue to cause harm to TransPerfect and its operations in the Northern District of California in both San Jose and San Francisco.

11. Venue in this judicial district is conferred under 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND

12. The '960 Patent, entitled "Synchronization of Web Site Content Between Languages," was issued by the United States Patent and Trademark Office and assigned to MotionPoint.

13. The '216 Patent, entitled "Dynamic Language Translation of Web Site Content," was issued by the United States Patent and Trademark Office and assigned to MotionPoint.

14. The '479 Patent, entitled "Automation Tool for Web Site Content Language Translation," was issued by the United States Patent and Trademark Office and assigned to MotionPoint.

15. The '817 Patent, entitled "Analyzing Web Site for Translations," was issued by the United States Patent and Trademark Office and assigned to MotionPoint.

16. In TransPerfect's GlobalLink OneLink translation service, TransPerfect's computers serve as an intermediary between the customer's web site and the internet user who seeks the translated web content. In this way, TransPerfect's solution acts as a "proxy" for the requested website in translating the requested content. Translation solutions of this type are sometimes called "proxy-based" translation solutions.

17. On information and belief, MotionPoint and TransPerfect are primary competitors in the market for such "proxy-based" solutions.

18. At the present time, an actual controversy exists between MotionPoint and TransPerfect as to whether TransPerfect's GlobalLink OneLink technology infringes MotionPoint's patents. On information and belief, MotionPoint routinely states or clearly implies to potential customers, particularly those from whom TransPerfect also seeks business, that MotionPoint has patented the technology underlying TransPerfect's GlobalLink OneLink service and MotionPoint is the only company permitted to use it. On information and belief, on

COMPLAINT FOR DECLARATORY JUDGMENT
OF NON-INFRINGEMENT AND INVALIDITY
OF PATENT

numerous separate occasions, potential or current customers of TransPerfect have received allegations directly from MotionPoint stating or suggesting that the GlobalLink OneLink product infringes MotionPoint's patents.

19. On information and belief, in the first such instance, a MotionPoint salesperson represented in late November or early December of 2009 to a potential customer of TransPerfect that MotionPoint was the only company legally permitted to provide the kind of translation solution offered both by MotionPoint and TransPerfect. At the time, TransPerfect had offered its GlobalLink OneLink product to the customer. The customer inquired with a member of TransPerfect's sales team regarding whether MotionPoint's representation was accurate, and if TransPerfect's product was legal.

20. On information and belief, in the second instance, another potential customer of TransPerfect stated in mid-December of 2009 that, in sales discussions regarding the GlobalLink OneLink product, MotionPoint had raised "some concerns" about TransPerfect violating MotionPoint's patents with respect to the GlobalLink OneLink product. The customer sought an assurance from TransPerfect that TransPerfect's GlobalLink OneLink product did not infringe MotionPoint's patents.

21. On information and belief, in the third instance, in mid-January 2010, a member of TransPerfect's sales team received an inquiry from a then-current MotionPoint customer located in California who was in negotiations with TransPerfect to switch its website translation services to TransPerfect and its GlobalLink OneLink product, asking whether MotionPoint's patents had any effect on "the technologies that TransPerfect employs" in its translation service.

22. On information and belief, in the fourth instance, another potential TransPerfect customer stated to a member of TransPerfect's sales team, in mid-February 2010, that MotionPoint was claiming that TransPerfect was violating its patents, presumably with respect to the GlobalLink OneLink product. Again, TransPerfect was forced to respond in order to retain its relationship with the customer.

23. On information and belief, in the fifth such instance, a potential TransPerfect customer told a member of TransPerfect's sales team in April of 2010 that MotionPoint had

1  incorporated a slide into their initial sales presentation which stated that MotionPoint had
2  patented the "proxy solution" for translation of websites. On information and belief, MotionPoint
3  was later notified that the potential customer had decided to use TransPerfect's GlobalLink
4  OneLink service instead of MotionPoint's translation service. In late May or early June of 2010,
5  the customer informed the member of TransPerfect's sales team that MotionPoint had sent the
6  customer an email stating that the customer should be careful of working with companies that
7  don't have a patent on their technology. The potential customer understood this statement as
8  being directed specifically at TransPerfect's GlobalLink OneLink service.

9      24. MotionPoint has thus repeatedly made TransPerfect's alleged infringement an
10 issue in the market in which MotionPoint and TransPerfect compete. In particular, on
11 information and belief, MotionPoint has made numerous allegations that TransPerfect's
12 GlobalLink OneLink infringes one or more MotionPoint patents. MotionPoint's actions have
13 repeatedly forced TransPerfect to choose between possibly losing business and reassuring
14 customers that TransPerfect's translation technology does not infringe MotionPoint's patents.

15     25. MotionPoint has further contacted TransPerfect directly through patent litigation
16 counsel regarding infringement of the Asserted Patents. In a letter dated December 8, 2009
17 (Attached as Exhibit E) to TransPerfect co-CEOs Elizabeth Elting ("Elting") and Phil Shawe
18 ("Shawe"), Stephen A. Becker ("Becker"), counsel for MotionPoint, stated that MotionPoint had
19 asked the firm of McDermott Will & Emery LLP to "enforce its intellectual property rights
20 aggressively." Becker advised Elting and Shawe that MotionPoint was the assignee of the
21 Asserted Patents, and invited TransPerfect to consider whether, "in view of its activities, it might
22 be infringing" the Asserted Patents. Mr. Becker asked that TransPerfect respond within
23 approximately three weeks "if you believe that no infringement exists."

24     26. By letter dated February 5, 2010 (Attached as Exhibit F), Mark I. Peroff
25 ("Peroff"), counsel for TransPerfect, responded to MotionPoint's letter and suggested limiting the
26 discussion to a subset of claims from among the four Asserted Patents. Peroff requested that for
27 the subset of claims, MotionPoint provide an analysis of how TransPerfect's translation services
28 infringe. Peroff also noted that a substantial volume of non-patent prior art did not appear to have

COMPLAINT FOR DECLARATORY JUDGMENT
OF NON-INFRINGEMENT AND INVALIDITY
OF PATENT

been brought to the attention of the examiner of the Asserted Patents. Further, Peroff notified MotionPoint that MotionPoint's sales team had made statements implying that TransPerfect's translation solution infringed MotionPoint's patents.

27. By letter dated February 17, 2010 (Attached as Exhibit G) to Peroff, Becker stated that MotionPoint was not aware of any statements by its sales team regarding infringement. Becker also stated that MotionPoint "has no intention of making infringement accusations in relation to your client at this point in time" and offered to make "internal corrections" should TransPerfect be aware of any specific incidents of allegations of infringement. This representation by MotionPoint's counsel is belied by the fourth instance, described above, in which MotionPoint stated to a potential TransPerfect customer that TransPerfect's technology violated MotionPoint's patents. The conversation between TransPerfect and its potential client took place only days before TransPerfect received MotionPoint's February 17, 2010 letter.

28. TransPerfect thus notified MotionPoint on February 5, 2010 that its sales team was inappropriately suggesting to potential customers that TransPerfect's translation services infringed MotionPoint's patents. MotionPoint's counsel responded in its letter dated February 17, 2010 that MotionPoint had "no intention of making infringement accusations." And yet, as described in the fifth instance above, in April of 2010 and in May or June of 2010, MotionPoint included statements in its sales presentations, and in an email to a potential customer, implying that TransPerfect's translation services infringe MotionPoint's patents.

29. By letter dated May 20, 2010 (Attached as Exhibit H), MotionPoint provided TransPerfect with claim charts setting forth claims from the Asserted Patents and MotionPoint's comparison of those claims with materials describing TransPerfect's translation services.

30. Therefore, at the present time an actual, active, dispute, case, and controversy exists between TransPerfect, on the one hand, and MotionPoint, on the other, as to the validity of the Asserted Patents and the infringement of those patents by TransPerfect's GlobalLink OneLink service. This controversy is of such immediacy and reality to warrant declaratory relief so that the parties may ascertain their rights and duties with respect to the Asserted Patents.

## COUNT ONE

### Declaratory Judgment of Non-infringement of the '960 Patent

31. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 30 above, as though fully asserted herein.

32. On information and belief, MotionPoint has alleged or suggested to current or potential TransPerfect customers that that TransPerfect's GlobalLink OneLink product infringes the '960 Patent. TransPerfect now owns and operates Global OneLink technology.

33. TransPerfect has not infringed and is not now infringing directly or indirectly, or has not induced or contributed to and is not now inducing or contributing to the infringement of, either literally or by application of the doctrine of equivalents, any claim of the '960 Patent.

34. TransPerfect seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '960 Patent to be not infringed by TransPerfect and granting TransPerfect all other declaratory relief to which it may be entitled.

## COUNT TWO

### Declaratory Judgment of Invalidity and Unenforceability of the '960 Patent

35. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 34 above, as though fully asserted herein.

36. On information and belief, and based on TransPerfect's ongoing investigation to date, the claims of the '960 Patent are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

37. TransPerfect seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '960 Patent to be invalid and/or unenforceable for reasons including, but not limited to, failure to comply with one or more of 35 U.S.C. §§ 102, 103, and 112, and granting TransPerfect all other declaratory relief to which it may be entitled.

## COUNT THREE

### Declaratory Judgment of Non-infringement of the '216 Patent

38. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 37 above, as though fully asserted herein.

39. On information and belief, MotionPoint has alleged or suggested to current or potential TransPerfect customers that TransPerfect's GlobalLink OneLink product infringes the '216 Patent. TransPerfect now owns and operates the GlobalLink OneLink technology.

40. TransPerfect has not infringed and is not now infringing directly or indirectly, or has not induced or contributed to and is not now inducing or contributing to the infringement of, either literally or by application of the doctrine of equivalents, any claim of the '216 Patent.

41. TransPerfect seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '216 Patent to be not infringed by TransPerfect and granting TransPerfect all other declaratory relief to which it may be entitled.

## COUNT FOUR

### Declaratory Judgment of Invalidity and Unenforceability of the '216 Patent

42. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 41 above, as though fully asserted herein.

43. On information and belief, and based on TransPerfect's ongoing investigation to date, the claims of the '216 Patent are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

44. TransPerfect seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '216 Patent to be invalid and/or unenforceable for reasons including, but not limited to, failure to comply with one or more of 35 U.S.C. §§ 102, 103, and 112, and granting TransPerfect all other declaratory relief to which it may be entitled.

## COUNT FIVE

### Declaratory Judgment of Non-infringement of the '479 Patent

45. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 44 above, as though fully asserted herein.

46. On information and belief, MotionPoint has alleged or suggested to current or potential TransPerfect customers that TransPerfect's GlobalLink OneLink product infringes the '479 Patent. TransPerfect now owns and operates the GlobalLink OneLink technology.

47. TransPerfect has not infringed and is not now infringing directly or indirectly, or has not induced or contributed to and is not now inducing or contributing to the infringement of, either literally or by application of the doctrine of equivalents, any claim of the '479 Patent.

48. TransPerfect seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '479 Patent to be not infringed by TransPerfect and granting TransPerfect all other declaratory relief to which it may be entitled.

## COUNT SIX

### Declaratory Judgment of Invalidity and Unenforceability of the '479 Patent

49. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 48 above, as though fully asserted herein.

50. On information and belief, and based on TransPerfect's ongoing investigation to date, the claims of the '479 Patent are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

51. TransPerfect seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '479 Patent to be invalid and/or unenforceable for reasons including, but not limited to, failure to comply with one or more of 35 U.S.C. §§ 102, 103, and 112, and granting TransPerfect all other declaratory relief to which it may be entitled.

## COUNT SEVEN

### Declaratory Judgment of Non-infringement of the '817 Patent

52. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 51 above, as though fully asserted herein.

53. On information and belief, MotionPoint has alleged or suggested to current or potential TransPerfect customers that TransPerfect's GlobalLink OneLink product infringes the '817 Patent. TransPerfect now owns and operates the GlobalLink OneLink technology.

54. TransPerfect has not infringed and is not now infringing directly or indirectly, or has not induced or contributed to and is not now inducing or contributing to the infringement of, either literally or by application of the doctrine of equivalents, any claim of the '817 Patent.

55. TransPerfect seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '817 Patent to be not infringed by TransPerfect and granting TransPerfect all other declaratory relief to which it may be entitled.

## COUNT EIGHT

### Declaratory Judgment of Invalidity and Unenforceability of the '817 Patent

56. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 55 above, as though fully asserted herein.

57. On information and belief, and based on TransPerfect's ongoing investigation to date, the claims of the '817 Patent are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

58. TransPerfect seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '817 Patent to be invalid and/or unenforceable for reasons including, but not limited to, failure to comply with one or more of 35 U.S.C. §§ 102, 103, and 112, and granting TransPerfect all other declaratory relief to which it may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TransPerfect prays for the following relief:

1. The Court enter judgment declaring that TransPerfect has not willfully or otherwise infringed, contributed to the infringement of, nor induced infringement of any claim of the Asserted Patents;

2. The Court enter judgment declaring that the claims contained in the Asserted Patents are invalid and/or unenforceable;

3. The Court issue a declaration that this case is "exceptional" under 35 U.S.C. § 285;

4. The Court award TransPerfect its costs and expenses for this action, including reasonable attorneys' fees;

5. The Court award to TransPerfect further necessary and proper relief under 28 U.S.C. § 2202; and

6. The Court grant to TransPerfect such other and further relief as the Court deems just and appropriate.

Dated: June 11, 2010

G. HOPKINS GUY, III
JACOB A. SNOW
Orrick, Herrington & Sutcliffe LLP

_____
G. Hopkins Guy, III
Attorneys for Plaintiff
Transperfect Global, Inc.;
TransPerfect Translations International, Inc.; and
Translations.com, Inc.

## DEMAND FOR JURY TRIAL

TransPerfect hereby demands a jury trial in this action.

Dated: June 11, 2010

G. HOPKINS GUY
JACOB A. SNOW
Orrick, Herrington & Sutcliffe LLP

_____
G. Hopkins Guy, III
Attorneys for Plaintiff
Transperfect Global, Inc.;
TransPerfect Translations International, Inc.; and
Translations.com, Inc.

OHS West:260928240.1