IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRANSPERFECT GLOBAL, INC. et al.,     No. 10-02590 CW

    Plaintiffs,

  v.                            ORDER DENYING DEFENDANT'S MOTION TO

MOTIONPOINT CORPORATION,         TRANSFER (Docket No. 14)

    Defendant.
_____/

Defendant MotionPoint Corporation moves for a transfer of venue to the Southern District of Florida. Plaintiffs TransPerfect Global, Inc., TransPerfect Translations International, Inc., and Translations.com, Inc. (collectively, TransPerfect), oppose the motion. Having considered all of the papers filed by the parties, the Court denies the motion.

BACKGROUND

This action involves a patent infringement dispute in which Plaintiffs seek a declaratory judgment that Plaintiffs' GlobalLink OneLink technology (OneLink) does not infringe four patents assigned to Defendant. The four patents are United States Patent Nos. 7,580,960, 7,584,216, 7,627,479 and 7,627,817.

TransPerfect Global and Translations.com are incorporated in Delaware and have their principal places of business in New York.

TransPerfect Translations is incorporated in and has its principal place of business in New York. Plaintiffs' OneLink product provides translation services, whereby Plaintiffs' computers serve as intermediaries between customer websites and internet users seeking translated web content. Plaintiffs' OneLink operations are based largely out of their offices in San Francisco and Cupertino, California. From these offices, Plaintiffs' employees, including OneLink's principal architect, Mark Hagerty, develop, sell and support OneLink.

Defendant is a Florida corporation with its sole place of business in Coconut Creek, Florida. Defendant is also in the business of website translation services. All of Defendant's research and development activities are conducted in Florida. Defendant also distributes its products exclusively from Florida. All inventors of Defendant's patents reside and work in Florida, and all materials relating to those patents were created and are stored in Florida. Defendant conducts business within the Northern District of California.

Plaintiffs allege that between November, 2009 and April, 2010 Defendant intentionally told Plaintiffs' potential customers that Plaintiffs were infringing Defendant's patents. On December 8, 2009, Defendant's counsel sent Plaintiffs a letter stating that Defendant intended aggressively to enforce its intellectual property rights. On July 11, 2010, after further correspondence, Plaintiffs decided to file a complaint for declaratory judgment of non-infringement and invalidity of Defendant's four patents. On

2

July 30, 2010, Defendant filed an answer, counterclaims, and this motion to transfer venue to the Southern District of Florida.

LEGAL STANDARD

Title 28 U.S.C. § 1404(a) provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiffs concede that this action could have been brought in the Southern District of Florida. Thus, the Court need only consider the convenience of the parties and witnesses and the interest of justice.

In addition to the three factors identified in section 1404(a), the Ninth Circuit provides other factors the Court may consider: ease of access to the evidence; familiarity of each forum with the applicable law; feasability of consolidation of other claims; any local interest in the controversy; relative court congestion and time to trial in each forum; location where the relevant agreements were negotiated and executed; the parties' contacts with the forum; difference in the costs of litigation in the two forums; and availability of compulsory process to compel attendance of unwilling non-party witnesses. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Another factor the Ninth Circuit has identified is the plaintiff's choice of forum. Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985). The Securities Investor court held that, unless the balance of the section 1404(a) factors "is strongly in favor of the defendants, the plaintiff's choice of

3

1  forum should rarely be disturbed."  Id.; see also Decker Coal, 805
2  F.2d at 843 ("defendant must make a strong showing . . . to warrant
3  upsetting the plaintiff's choice of forum").
4      The burden is on the defendant to show that, of the relevant
5  factors, the balance of convenience weighs in favor of transfer to
6  another district.  Commodity Futures Trading Comm'n v. Savage,
7  611 F.2d 270, 279 (9th Cir. 1979).

                              DISCUSSION

I.   Plaintiffs' Choice of Forum

     In spite of the strong presumption in favor of a plaintiff's choice of forum, there are situations where a plaintiff's choice is accorded little weight.  Where a plaintiff chooses to litigate away from home, deference to the plaintiff's choice of forum is substantially reduced.  Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).  The deference accorded to a plaintiff's choice is also diminished when the operative facts of a claim occur outside the forum.  Lou v. Blezberg, 844 F.2d 730, 739 (9th Cir. 1987).  Here, Defendant contends that Plaintiffs' choice of forum is entitled to minimal deference because Plaintiffs have chosen to litigate away from home and none of the underlying facts occurred in this district.

     Defendant's claims are unavailing.  Plaintiffs have two offices in the district from which they market, sell, and deploy OneLink.  Additionally, the primary OneLink architect, Mark Hagerty, resides in this district.  Because this district is the locus of Plaintiffs' OneLink operations some, if not all, of the

4

alleged infringement must have occurred in this district.  Thus, Plaintiffs' choice of forum warrants some deference.

Nevertheless, Plaintiffs are residents of Delaware and New York, not California, which substantially reduces California's interest in the case.  Thus, Plaintiffs' choice of forum merits some, but not substantial, deference.

II. Remaining Factors

Defendant contends that the balance of the other factors outweighs any weight given to Plaintiffs' choice of forum.

A. Convenience of the Parties

It will be inconvenient for Defendant to litigate this matter in this district.  Defendant's only office, all its employees and its officers are in southern Florida.  All of the inventors of the MotionPoint patents also live in southern Florida.  The burden of taking its employees and inventors away from work and to California will inconvenience Defendant.

Defendant's claim, however, that it would be more convenient for Plaintiffs to litigate in the Southern District of Florida because TransPerfect is headquartered in New York is unavailing. Plaintiffs' OneLink product is developed, deployed, and sold out of Plaintiffs' northern California offices.  The employees, inventors, and officers with the greatest connection to OneLink live and work in Northern California.  It is these individuals, not employees in TransPerfect's New York corporate department, who will be most affected by this litigation.  Thus, it would be just as inconvenient for Plaintiffs to litigate in Florida as it would for

5

Defendant to litigate in California. Transferring this case to the Southern District of Florida would simply shift the inconvenience of one party to the other party. See STX, Inc. v. Trik Stik, Inc., 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) ("If the gain of convenience to one party is offset by the added inconvenience to the other, the courts have denied transfer of the action.")

Defendant counters that, because Plaintiffs are financially stronger than Defendant, litigating in this district would be more inconvenient for Defendant than litigating in Florida would be for Plaintiffs. The relative financial abilities of the parties is generally not entitled to great weight. Brackett v. Hilton Hotels Corp., 619 F. Supp. 2d 820, 820 (N.D. Cal. 2008). Moreover, the financial abilities of the parties is more relevant where the dispute is between an individual and a corporation. 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 135 (S.D.N.Y. 1994). Here, the dispute is between two corporations and the Court accordingly declines to give weight to the parties' relative financial positions. This factor, therefore, weighs against transfer.

B. Convenience of the Witnesses

The convenience of witnesses is often the most important factor in deciding whether to transfer an action. Getz v. Boeing Co., 547 F. Supp. 2d 1080, 1083 (N.D. Cal. 2008). The convenience of witnesses includes "a separate but related concern, the availability of compulsory process to bring unwilling witnesses live before the jury." Brackett, 619 F. Supp. 2d at 820.

6

Defendant identifies nine potential witnesses, all of whom reside in the Southern District of Florida and are either employees or officers of Defendant. The Court, however, discounts inconvenience to the parties' employees, whom the parties can compel to testify. STX, Inc., 708 F. Supp. at 1556 (discounting inconvenience to witnesses when they are employees who can be compelled to testify).

Plaintiffs have identified eighteen witnesses, who all reside in California. Of those eighteen, ten are TransPerfect employees or officers and eight are non-party witnesses. Defendant contests the relevance of all eight non-party witnesses. Yet, Defendant fails to identify any non-party witnesses that it intends to use. Although not all of Plaintiff's non-party witnesses may testify at trial, if this case were transferred to southern Florida, the court there would be unable to compel any of the required non-party witnesses to testify. Thus, this factor weighs against transfer.

C.   Access to Evidence

The weight of this factor has decreased as technological advances in document storage and retrieval have greatly reduced the burden of transporting documents between districts. Brackett, 619 F. Supp. 2d at 820. Nonetheless, in patent infringement cases "the bulk of the relevant evidence usually comes from the accused infringer." In re Genentech, Inc., 566 F.3d 1338, 1346 (Fed. Cir. 2009). Accordingly, this factor weighs in favor of the accused infringer's preferred forum. Id.

7

Here, Plaintiffs claim that the source code and other documents relating to OneLink are housed in this district, which tips the weight of this factor against transfer.

D. Parties' Contacts With the Forum

Both parties have contacts with both forums. Defendant's contacts with the Southern District of Florida are more extensive than its contacts with this district. The opposite is true as to Plaintiffs' contacts with the two forums. Accordingly, this factor is neutral.

E. Local Interest in the Controversy

Defendant argues that Florida has a greater interest in this case because it resides in Florida, which has an interest in providing legal redress to its citizens. Plaintiffs counter that California has a strong interest in this dispute because Defendant's allegations of infringement were purposefully directed at its operations in California. Plaintiffs also argue that California has an interest in protecting its consumers who have allegedly been deterred from purchasing OneLink by Defendant's accusations of infringement.

Florida has the greater interest in this dispute because the case implicates the rights of a Florida resident. Because Plaintiffs are not residents of California, its interest in this controversy is reduced. This factor, therefore, weighs in favor of transfer.

F. Difference in the Costs of Litigation in the Forums

Defendant claims that litigation in this district would be more expensive than litigation in the Southern District of Florida due

8

to travel costs and arranging for the attendance of witnesses from Florida. Litigating at home would be more cost-effective for Defendant, but it would not be less expensive overall. Although Plaintiffs are headquartered in New York, its primary witnesses in this dispute would be traveling from California. Therefore, a transfer would merely shift the expense of traveling and arranging for the attendance of witnesses to Plaintiffs. Thus, this factor weighs against transfer.

G. Court Congestion

Defendant notes that the median time from filing a complaint to trial is approximately sixteen months in the Southern District of Florida and approximately twenty five months in this district. The median time from filing a complaint to disposition in the Southern District of Florida is approximately four months, versus approximately nine months in this district.

Plaintiffs do not dispute that this district is more congested than the Southern District of Florida. Rather, Plaintiffs point out that court congestion should play a role in venue shifting analysis only if the backlogs in the two courts are so totally disproportionate that the time to trial would be radically longer in the court initially selected by the plaintiff. Linear Tech. Corp. v. Analog Devices, Inc., 1995 WL 225672, at *4 (N.D. Cal.).

Here, the backlogs are not totally disproportionate. Thus, this factor does not weigh in favor of transfer.

9

H.   Forum's Familiarity With the Applicable Law

This case is governed by federal patent law. Presumably, both the Southern District of Florida and this district are equally familiar with the governing law.

Plaintiffs argue, however, that this factor weighs against transfer because this district has more experience with patent cases, as evidenced by this district's patent local rules. Plaintiffs claim that a primary reason for filing in this district is the benefit of the patent local rules.

In ruling on motions to transfer, other district courts have given weight to a forum's patent local rules and general experience with patent cases. See, e.g., Convergence Tech. v. Microloops Corp., ___ F. Supp. 2d ___, 2010 WL 1931743, at *12 (E.D. Va. 2010) (noting Northern District of California's well-earned reputation as an experienced patent district). However, Defendant notes that Plaintiffs may ask the Southern District of Florida court to use this district's patent local rules in this case, preserving any procedural convenience Plaintiffs would have gained in this district. Therefore, this factor is neutral.

III. Balancing of Factors

The following factors weigh against transfer: Plaintiffs' choice of forum; convenience of the parties; convenience of the witnesses; access to evidence; difference in the costs of litigation; and court congestion. The parties' contacts with the forum and the forum's familiarity with the law are neutral factors. The local interest in the controversy weighs in favor of transfer.

10

Thus, even in light of the reduced deference accorded to Plaintiffs' choice of forum, Defendant has failed to show that the balance of inconveniences favors transfer to the Southern District of Florida.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer Venue is DENIED. (Docket No. 14.)

IT IS SO ORDERED.

Dated: September 13, 2010

CLAUDIA WILKEN
United States District Judge

11