UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| TRANSPERFECT GLOBAL, INC., TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC., AND TRANSLATIONS.COM, INC.,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>MOTIONPOINT CORPORATION,<br><br>Defendant/Counterclaim Plaintiffs. | Case No.  CV 10-02590 CW<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br><br>Date:<br>Time:<br>Dept.:    Ctrm. 2<br>Judge:    Hon. Claudia Wilken |

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, each of the parties, Plaintiffs TransPerfect Global, Inc., TransPerfect Translations International, Inc. and Translations.com, Inc., (collectively "TransPerfect") on the one hand; and Defendant MotionPoint Corporation ("MotionPoint"), on the other hand, contends that they

NO. C 10-02590 CW

1   possess confidential information related to this case.  The parties wish to ensure that such

2   confidential information (as defined below) shall not be used for any purpose other than this

3   litigation, shall not be made public, and shall not be disseminated beyond the extent necessary for

4   this case.  Accordingly, the following procedure shall be adopted for the protection of the parties'

5   respective confidential information.

6          The parties acknowledge that this Order does not confer blanket protections on all

7   disclosures or responses to discovery and that the protection it affords from public disclosure and

8   use extends only to the limited information or items that are entitled to confidential treatment

9   under the applicable legal principles.  The parties further acknowledge, as set forth in Section

10  14.4, below, that this Protective Order does not entitle them to file confidential information under

11  seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and standards that will

12  be applied when a party seeks permission from the Court to file material under seal.

13     2.   DEFINITIONS

14          2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

15  information or items under this Order.

16          2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how

17  it is generated, stored or maintained) or tangible things that qualify for protection under Federal

18  Rule of Civil Procedure 26(c).

19          2.3    Counsel (without qualifier):  Outside Counsel of Record and their support

20  staff.

21          2.4    Designating Party:  a Party or Non-Party that designates, pursuant to this

22  Order, information or items that it produces in disclosures or in responses to discovery as

23  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

24  "HIGHLY CONFIDENTIAL – SOURCE CODE."

25          2.5    Disclosure or Discovery Material:  all items or information, regardless of

26  the medium or manner in which it is generated, stored, or maintained (including, among other

27  things, testimony, transcripts, and tangible things), that are produced or generated in disclosures

28  or responses to discovery in this matter.

2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a non-testifying consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

1    organizing, storing, or retrieving data in any form or medium) and their employees and

2    subcontractors.

3         2.14   Protected Material:  any Disclosure or Discovery Material that is

4    designated, pursuant to this Order, as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL –

5    ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

6         2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material

7    from a Producing Party.

8    3.    SCOPE

9         The protections conferred by this Protective Order cover not only Protected Material (as

10   defined above), but also (1) any information copied or extracted from Protected Material; (2) all

11   copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

12   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

13   However, the protections conferred by this Protective Order do not cover the following

14   information: (a) any information that is in the public domain at the time of disclosure to a

15   Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

16   a result of publication not involving a violation of this Order, including becoming part of the

17   public record through trial or otherwise; and (b) any information known to the Receiving Party

18   prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

19   obtained the information lawfully and under no obligation of confidentiality to the Designating

20   Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

21   4.    DURATION

22        Even after final disposition of this litigation, the confidentiality obligations imposed by

23   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

24   order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

25   claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

26   the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

27   including the time limits for filing any motions or applications for extension of time pursuant to

28   applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.
Each Party or Non-Party that designates information or items for protection under this Order must
take care to limit any such designation to specific material that qualifies under the appropriate
standards.  To the extent it is practical to do so, the Designating Party must designate for
protection only those parts of material, documents, items, or oral or written communications that
qualify – so that other portions of the material, documents, items, or communications for which
protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or boilerplate designations are prohibited.  Designations that
are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to
unnecessarily encumber or retard the case development process or to impose unnecessary
expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it
designated for protection under this Order do not qualify for protection at all or do not qualify for
the level of protection initially asserted, that Designating Party must promptly notify all other
parties that it is withdrawing the original designation.

5.2   Manner and Timing of Designations.  Except as otherwise provided in this
Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic
documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the
Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page
that contains protected material.

A Party or Non-Party that makes original documents or materials available for
inspection need not designate them for protection until after the inspecting Party has indicated

1   which material it would like copied and produced.  During the inspection and before the

2   designation, all of the material made available for inspection shall be deemed "HIGHLY

3   CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

4   documents it wants copied and produced, the Producing Party must determine which documents,

5   or portions thereof, qualify for protection under this Order.  Then, before producing the specified

6   documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL,"

7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL,–

8   SOURCE CODE) to each page that contains Protected Material.

9                    (b)     for testimony given in deposition or in other pretrial or trial

10  proceedings, that the Designating Party identify on the record, before the close of the deposition,

11  hearing, or other proceeding, all protected testimony and specify the level of protection being

12  asserted.  When it is impractical to identify separately each portion of testimony that is entitled to

13  protection and it appears that substantial portions of the testimony may qualify for protection, the

14  Designating Party may invoke on the record (before the deposition, hearing, or other proceeding

15  is concluded) a right to have up to 21 days after the Designating Party receives the written

16  transcript to identify the specific portions of the testimony as to which protection is sought and to

17  specify the level of protection being asserted.  Only those portions of the testimony that are

18  appropriately designated for protection within the 21 days shall be covered by the provisions of

19  this Protective Order.

20            Transcript pages containing Protected Material must be separately bound by the

21  court reporter, who must affix on each such page the legend "CONFIDENTIAL" or "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Designating Party.

23            Alternatively, a Designating Party may specify, at the deposition or up to 21 days

24  after receiving the transcript, if that period is properly invoked, that the entire transcript shall be

25  treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

26            Any transcript that is prepared before the expiration of a 21-day period for

27  designation shall be treated during that period as if it had been designated "HIGHLY

28  CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After

1    the expiration of that period, the transcript or portions thereof shall be treated only as actually

2    designated.

3            Parties shall give the other parties notice if they reasonably expect a deposition,

4    hearing or other proceeding to include Protected Material so that the other parties can ensure that

5    only authorized individuals pursuant to Section 7 of this Order, including those who have signed

6    the "Acknowledgment and Agreement to Be Bound" (Exhibit A), are present at those

7    proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its

8    designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9    ONLY."

10            (c)    for information produced in some form other than documentary and

11    for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

12    the container or containers in which the information or item is stored the legend

13    "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

14    "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the

15    information or item warrant protection, the Producing Party, to the extent practicable, shall

16    identify the protected portion(s) and specify the level of protection being asserted.

17            5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

18    failure to designate qualified information or items does not, standing alone, waive the Designating

19    Party's right to secure protection under this Order for such material.  Upon timely correction of a

20    designation, the Receiving Party must make reasonable efforts to assure that the material is

21    treated in accordance with the provisions of this Order.

22        6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

23            6.1    Timing of Challenges.  Any Party or Non-Party may challenge a

24    designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's

25    confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

26    economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

27    right to challenge a confidentiality designation by electing not to mount a challenge promptly

28    after the original designation is disclosed.

1    6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute

2    resolution process by providing written notice of each designation it is challenging and describing

3    the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the

4    written notice must recite that the challenge to confidentiality is being made in accordance with

5    this specific paragraph of the Protective Order.  The parties shall attempt to resolve each

6    challenge in good faith and must begin the process by conferring directly (in voice to voice

7    dialogue; other forms of communication are not sufficient) within 14 calendar days of the date of

8    service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the

9    confidentiality designation was not proper and must give the Designating Party an opportunity to

10   review the designated material, to reconsider the circumstances, and, if no change in designation

11   is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to

12   the next stage of the challenge process, *i.e.*, "Judicial Intervention," only if it has engaged in this

13   meet and confer process first, and only after the Designating Party has been given five calendar

14   days to respond to the Challenging Party's objection.

15   6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without

16   court intervention, the Designating Party shall file and serve a motion to retain confidentiality

17   under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21

18   calendar days of the initial notice of challenge or within 14 calendar days of the parties agreeing

19   that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such

20   motion must be accompanied by a competent declaration affirming that the movant has complied

21   with the meet and confer requirements imposed in the preceding paragraph.  Failure by the

22   Designating Party to make such a motion including the required declaration within 21 calendar

23   days (or 14 calendar days, if applicable) shall automatically waive the confidentiality designation

24   for each challenged designation.  In addition, the Challenging Party may file a motion challenging

25   a confidentiality designation at any time if there is good cause for doing so, including a challenge

26   to the designation of a deposition transcript or any portions thereof.  Any motion brought

27   pursuant to this provision must be accompanied by a competent declaration affirming that the

28   movant has complied with the meet and confer requirements imposed by the preceding paragraph.

1  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

2  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

3  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

4  sanctions.

5          Unless the Designating Party has waived the confidentiality designation by failing

6  to file a motion to retain confidentiality as described above, all parties shall continue to afford the

7  material in question the level of protection to which it is entitled under the Producing Party's

8  designation until the Court rules on the challenge.

9      7.    ACCESS TO AND USE OF PROTECTED MATERIAL

10         7.1    Basic Principles.  A Receiving Party may use Protected Material that is

11  disclosed or produced by another Party or by a Non-Party in connection with this case only for

12  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

13  disclosed only to the categories of persons and under the conditions described in this Order.

14  When the litigation has been terminated, a Receiving Party must comply with the provisions of

15  section 15 below (FINAL DISPOSITION).

16         Protected Material must be stored and maintained by a Receiving Party at a location and

17  in a secure manner that ensures that access is limited to the persons authorized under this Order.

18         7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

19  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

20  disclose any information or item designated "CONFIDENTIAL" only to:

21             (a)    the Receiving Party's Outside Counsel of Record in this action, as

22  well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

23  disclose the information for this litigation;

24             (b)    the officers, directors, and employees of the Receiving Party to

25  whom disclosure is reasonably necessary for this litigation;

26             (c)    Experts (as defined in this Order) of the Receiving Party to whom

27  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

28  and Agreement to Be Bound" (Exhibit A);

1     (d)  the court and its personnel;

2     (e)  court reporters and their staff, professional jury or trial consultants,

3 and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

4 have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5     (f)  during their depositions, witnesses in the action to whom disclosure

6 is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

7 Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.

8 Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

9 must be separately bound by the court reporter and may not be disclosed to anyone except as

10 permitted under this Protective Order.

11     (g)  the author or recipient of a document containing the information,

12 the original source of the information or a custodian or other person who otherwise possessed or

13 knew the information.

14    7.3  <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

15 <u>ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>.  Unless

16 otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving

17 Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

18 ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

19     (a)  the Receiving Party's Outside Counsel of Record in this action, as

20 well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

21 disclose the information for this litigation and who have signed the "Acknowledgment and

22 Agreement to Be Bound" that is attached hereto as Exhibit A;

23     (b)  Experts of the Receiving Party (1) to whom disclosure is reasonably

24 necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

25 Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(1), below,

26 have been followed;

27     (c)  the court and its personnel;

28

1          (d)    court reporters and their staff, professional jury or trial consultants,

2 and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

3 have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

4          (e)    the author or recipient(s) (including "cc" and "bcc") of a document

5 containing the information, the original source of the information or a custodian or other person

6 who otherwise possessed, received, or knew the information.

7         7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY

8 CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

9 CODE" Information or Items to Experts.

10         (a)    (1) Unless otherwise ordered by the Court or agreed to in writing by

11 the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

12 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

13 EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b)

14 first must make a written request to the Designating Party that (1) sets forth the full name of the

15 Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's

16 current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity

17 from whom the Expert has received compensation or funding for work in his or her areas of

18 expertise or to whom the expert has provided professional services, including in connection with

19 a litigation, at any time during the preceding five years, and (5) identifies (by name and number

20 of the case, filing date, and location of court) any litigation in connection with which the Expert

21 has offered expert testimony, including through a declaration, report, or testimony at a deposition

22 or trial, during the preceding five years.

23         (b)    A Party that makes a request and provides the information specified

24 in the preceding respective paragraph may disclose the subject Protected Material to the identified

25 Expert unless, within five court days of delivering the request, the Party receives a written

26 objection from the Designating Party. Any such objection must set forth in detail the grounds on

27 which it is based.

28

1              (c)     A Party that receives a timely written objection must meet and

2  confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

3  matter by agreement within seven court days of the written objection. If no agreement is reached,

4  the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil

5  Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission

6  from the Court to do so. Any such motion must describe the circumstances with specificity, set

7  forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk

8  of harm that the disclosure would entail, and suggest any additional means that could be used to

9  reduce that risk. In addition, any such motion must be accompanied by a competent declaration

10  describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content

11  of the meet and confer discussions) and setting forth the reasons advanced by the Designating

12  Party for its refusal to approve the disclosure.

13        In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

14  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

15  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

16        8.    <u>PROSECUTION BAR</u>

17        Absent written consent from the Producing Party, any individual who receives access to

18  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

19  SOURCE CODE" information shall not be involved in the prosecution of patents or patent

20  applications relating to the technology described and/or embodied in U.S. Patent Nos. 7,580,960;

21  7,584,216; 7,627,479; and 7,627,817 asserted in this action (including any patent or application

22  claiming priority to or otherwise related to the patents asserted in this action), or the technology

23  described and/or embodied in the source code at issue in this case, before any foreign or domestic

24  agency, including the United States Patent and Trademark Office.  For purposes of this paragraph,

25  "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting

26  the scope or maintenance of patent claims, including, for example, original prosecution, reissue

27  and reexamination proceedings.  To avoid any doubt, "prosecution" as used in this paragraph

28  does not include representing a party challenging a patent before a domestic or foreign agency

1   (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes*

2   reexamination).  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –

3   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information

4   is first received by the affected individual and shall end two (2) years after final termination of

5   this action.

6          9.    SOURCE CODE

7                (a)    To the extent production of source code becomes necessary in this

8   case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE

9   CODE" if it comprises or includes confidential, proprietary or trade secret source code.

10                (b)    Protected Material designated as "HIGHLY CONFIDENTIAL –

11   SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY

12   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to

13   the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

14   information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the following additional

15   restrictions:

16                (1)    If a Party is requested to produce electronic copies of

17   material properly designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," any such

18   production shall be made on read-only media such as CDs or DVDs.  The Designating Party shall

19   provide to the Receiving Party two (2) identical CDs or DVDs (or sets of CDs or DVDs if the

20   source code is too voluminous to fit on one disk) containing the requested materials.

21                (2)    The Receiving Party shall only be permitted to load the

22   material properly designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" contained in

23   each CD or DVD into the RAM of a single computer.  Once the material is loaded into the RAM

24   of a single computer,  the material may not be loaded into the RAM of another computer unless it

25   is first removed from the first computer.  The material properly designated as "HIGHLY

26   CONFIDENTIAL – SOURCE CODE" from each CD or DVD may only be loaded onto one

27   computer at any given time.  Thus, at any given time, the Receiving Party may have at most two

28   computers (one computer per each CD or DVD) containing material properly designated

- 13 -

1    "HIGHLY CONFIDENTIAL – SOURCE CODE."

2                              (3)      Any computer into whose RAM material properly

3    designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" is copied must be disconnected

4    from any and all networks before the material is copied onto the computer and must remain

5    disconnected for the duration of the time the material remains on the computer.  Only after all

6    such material is removed from RAM and that computer has been shut down may any network

7    connection be made or restored.

8                              (4)      The Receiving Party shall be permitted to load appropriate

9    software onto a computer containing material properly designated as "HIGHLY

10   CONFIDENTIAL – SOURCE CODE".  In the event that this requires the computer to be

11   connected to a network, the Receiving Party shall remove the material properly designated as

12   "HIGHLY CONFIDENTIAL – SOURCE CODE" from the RAM before installing such

13   software, and load the material properly designated as "HIGHLY CONFIDENTIAL – SOURCE

14   CODE" onto the computer only after the computer has been shut down and disconnected from

15   any network connection.

16                             (5)      Any computer into whose RAM material properly

17   designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" is copied must remain in the law

18   offices of the Receiving Party's Outside Counsel of Record and must be maintained in the direct

19   control of only those persons specified in Section 7.3 of this Order as properly having access to

20   "HIGHLY CONFIDENTIAL –  ATTORNEYS' EYES ONLY" material.

21                             (6)      For each computer into whose RAM material properly

22   designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" is loaded into, the Receiving

23   Party is required to secure the computer by creating a unique username and password for each

24   person specified in Section 7.3 of this Order as properly having access to "HIGHLY

25   CONFIDENTIAL –  ATTORNEYS' EYES ONLY" material.  Any person who accesses the

26   computer is required to log out from the computer if such person leaves the room from which the

27   computer is located for more than one hour.

28                             (7)      For each computer into whose RAM material properly

1    designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" is loaded into, the Receiving

2    Party is required to maintain an electronic log of each person who accesses the computer which

3    shall include the date and time of when the person logged in and out of the secure computer.  For

4    purposes of this provision, an event tracker on the computer's operating system that logs

5    username log in and log out times is sufficient.

6               (8)    The Receiving Party shall be permitted to print a maximum

7    of two paper copies of portions of material properly designated as "HIGHLY CONFIDENTIAL –

8    SOURCE CODE" provided that each page of paper be printed on paper bearing a "HIGHLY

9    CONFIDENTIAL – SOURCE CODE" designation, include the filename of the file where the

10   printed material properly designated as "HIGHLY CONFIDENTIAL – SOURCE CODE"

11   originated and include a Bates Number for each page printed.  The Receiving Party must maintain

12   a log of any portions of material properly designated as "HIGHLY CONFIDENTIAL – SOURCE

13   CODE" that includes the filename of the file where the printed material originated, the

14   corresponding Bates Number or Bates Range, the date printed, the name of the person printing the

15   material, and the name of the person to whom the printed copy is provided.

16              (9)    The Receiving Party must maintain all paper copies of any

17   printed portions material properly designated as "HIGHLY CONFIDENTIAL – SOURCE

18   CODE" in a secured, locked area in the law offices of the Receiving Party's Outside Counsel of

19   Record and must at all times be under the control of persons specified in Section 7.3 of this Order

20   as properly having access to "HIGHLY CONFIDENTIAL –  ATTORNEYS' EYES ONLY"

21   material. The Receiving Party shall not create any electronic or other images of the paper copies

22   and shall not convert any of the information contained in the paper copies into any electronic

23   format. The Receiving Party shall only make additional paper copies if such additional copies are

24   (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's

25   expert report), (2) necessary for deposition, or (3) necessary for use at a hearing or at trial.  Any

26   paper copies used during a deposition shall be retrieved by the Producing Party at the end of each

27   day and must not be given to or left with a court reporter or any other individual.

28

10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced in this action by a Non-Party and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL

1   – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such

2   information produced in connection with this litigation by Non-Parties is protected by the

3   remedies and relief provided by this Order. Nothing in these provisions should be construed as

4   prohibiting a Non-Party from seeking additional protections.

5        (b)    In the event that a Party is required, by a valid discovery request, to

6   produce a Non-Party's confidential information in its possession, and the Party is subject to an

7   agreement with the Non-Party not to produce the Non-Party's confidential information, then the

8   Party shall:

9        (1)    promptly notify in writing the Requesting Party and the

10   Non-Party that some or all of the information requested is subject to a confidentiality agreement

11   with a Non-Party;

12        (2)    promptly provide the Non-Party with a copy of the

13   Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

14   description of the information requested; and

15        (3)    make the information requested available for inspection by

16   the Non-Party.

17        (c)    If the Non-Party fails to object or seek a protective order from this

18   Court within 14 calendar days of receiving the notice and accompanying information, the

19   Receiving Party may produce the Non-Party's confidential information responsive to the

20   discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not

21   produce any information in its possession or control that is subject to the confidentiality

22   agreement with the Non-Party before a determination by the Court.  Absent a court order to the

23   contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of

24   its Protected Material.

25       12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

26       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

27   Material to any person or in any circumstance not authorized under this Protective Order, the

28   Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

1   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

2   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

3   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

4   Be Bound" that is attached hereto as Exhibit A.

5          13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
               PROTECTED MATERIAL
6

7          When a Producing Party gives notice to Receiving Parties that certain inadvertently

8   produced material is subject to a claim of privilege or other protection, the obligations of the

9   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

10  provision is not intended to modify whatever procedure may be established in an e-discovery

11  order that provides for production without prior privilege review. Pursuant to Federal Rule of

12  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

13  communication or information covered by the attorney-client privilege or work product

14  protection, the parties may incorporate their agreement in the protective order submitted to the

15  court.

16

17
           14.   MISCELLANEOUS
18
           14.1   Right to Further Relief.  Nothing in this Order abridges the right of any
19
    person to seek its modification by the court in the future.
20
           14.2   Right to Assert Other Objections.  By stipulating to the entry of this
21
    Protective Order no Party waives any right it otherwise would have to object to disclosing or
22
    producing any information or item on any ground not addressed in this Protective Order.
23
    Similarly, no Party waives any right to object on any ground to use in evidence of any of the
24
    material covered by this Protective Order.
25
           14.3   Export Control.  Disclosure of Protected Material shall be subject to all
26
    applicable laws and regulations relating to the export of technical data contained in such
27
    Protected Material, including the release of such technical data to foreign persons or nationals in
28

1   the United States or elsewhere. The Producing Party shall be responsible for identifying any such

2   controlled technical data, and the Receiving Party shall take measures necessary to ensure

3   compliance.

4           14.4    Filing Protected Material.  Without written permission from the

5   Designating Party or a court order secured after appropriate notice to all interested persons, a

6   Party may not file in the public record in this action any Protected Material. A Party that seeks to

7   file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected

8   Material may only be filed under seal pursuant to a court order authorizing the sealing of the

9   specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue

10  only upon a request establishing that the Protected Material at issue is privileged, protectable as a

11  trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to

12  file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court,

13  then the Receiving Party may file the Protected Material in the public record pursuant to Civil

14  Local Rule 79-5(e) unless otherwise instructed by the court.

15          15.    FINAL DISPOSITION

16          Within 60 days after the final disposition of this action, as defined in paragraph 4, each

17  Receiving Party must return all Protected Material to the Producing Party or destroy such

18  material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

19  compilations, summaries, and any other format reproducing or capturing any of the Protected

20  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

21  submit a written certification to the Producing Party (and, if not the same person or entity, to the

22  Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

23  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

24  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

25  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

26  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

27  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

28  product, and consultant and expert work product, even if such materials contain Protected

1    Material. Any such archival copies that contain or constitute Protected Material remain subject to

2    this Protective Order as set forth in Section 4 (DURATION).

3
     Dated: ~~November~~ December 1, 2010            G. HOPKINS GUY, III
4                                                    JACOB M. HEATH
                                                     JACOB A. SNOW
5                                                    ORRICK, HERRINGTON & SUTCLIFFE LLP

6

7                                                    _____

8                                                    G. Hopkins Guy, III
                                                     Jacob M. Heath
9                                                    Jacob A. Snow
                                                     Attorneys for Plaintiffs
10                                                   TransPerfect Global, Inc.;
                                                     TransPerfect Translations International, Inc.; and
11                                                   Translations.com, Inc.

12   Dated: November 30, 2010                        JOEL FREED

13                                                   PHILIP OU
14                                                   MCDERMOTT WILL & EMERY LLP

15

16                                                   _____
                                                     Joel Freed
17                                                   Philip Ou
                                                     Attorneys for Defendants
18                                                   MotionPoint Corporation

19

20          IT IS SO ORDERED.

21

22   DATED:   12/7/2010   _____            _____
                                                     Honorable Claudia Wilken
23                                                   United States District Court Judge

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I acknowledge that I, _____ [Print Name],

of _____ [Place and

Position of Employment], am about to receive confidential information obtained in the course of

discovery in this action.  I certify that I understand that such confidential information will be

provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER entered by

the United States District Court for the Northern District of California on September ___, 2010 in

Case No. CV 10-02590 CW.

I further represent that I have been given a copy of and have read that PROTECTIVE

ORDER and that I agree to be bound by all of its applicable terms.  I also understand that

documents and/or information having any confidential designation, and all copies, summaries,

notes and other records that may be made regarding such documents and/or information, shall be

disclosed to no one other than persons qualified under the  PROTECTIVE ORDER to have access

to such information.

I understand and acknowledge that violation of this Acknowledgement And Agreement

To Be Bound or the PROTECTIVE ORDER may be punishable by contempt of Court and, thus, I

expressly agree to be subject to the personal jurisdiction of the Northern District of California.

Date:_____     _____

Signature for [Name]

OHS West:260952227.1

NO. C 10-02590 CW