1  DOUGLAS E. LUMISH (Bar No. 183863)
   dlumish@kasowitz.com
2  JEFFREY G. HOMRIG (Bar No. 215890)
   jhomrig@kasowitz.com
3  JOSEPH H. LEE (Bar No. 248046)
   jlee@kasowitz.com
4  L. OKEY ONYEJEKWE JR. (Bar No. 250354)
   oonyejekwe@kasowitz.com
5  JOSEPH B. SHEAR (Bar No. 262222)
   jshear@kasowitz.com
6  KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
   101 California Street, Suite 2300
7  San Francisco, California 94111
   Telephone (415) 421-6140
8  Facsimile (415) 398-5030

9  STEVEN D. CHIN (pro hac vice)
   schin@kasowitz.com
10 KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
   1633 Broadway
11 New York, New York, 10019
   Telephone (212)506-1907
12 Facsimile (212) 500-3407

13 Attorneys for Plaintiffs/Counterclaim Defendants
   TransPerfect Global, Inc.,
14 TransPerfect Translations International, Inc., and
   Translations.com, Inc.

15

16                    UNITED STATES DISTRICT COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

18

19 | TRANSPERFECT GLOBAL, INC.,            | Case No. CV 10-02590 CW
   | TRANSPERFECT TRANSLATIONS             |
20 | INTERNATIONAL, INC., AND              | **SECOND AMENDED COMPLAINT
   | TRANSLATIONS.COM, INC.,               | FOR DECLARATORY JUDGMENT
21 |                                       | OF NON-INFRINGEMENT AND
   |        Plaintiffs,                    | INVALIDITY OF U.S. PATENT NOS.
22 |                                       | 7,580,960, 7,584,216, 7,627,479, AND
   |    v.                                 | 7,627,817, AND FOR
23 |                                       | INFRINGEMENT OF U.S. PATENT
   | MOTIONPOINT CORPORATION,              | NOS. 6,526,426, 7,207,005, AND
24 |                                       | 6,857,022**
   |        Defendant.                     |
25 |                                       | **JURY TRIAL DEMANDED**

26

27

28

Plaintiffs TransPerfect Global, Inc. ("TransPerfect Global"), TransPerfect Translations International, Inc. ("TransPerfect Translations"), and Translations.com, Inc. ("Translations.com") (all collectively, "TransPerfect"), by way of this Complaint against Defendant MotionPoint Corporation ("MotionPoint"), state:

## NATURE OF THE ACTION

1.  This is an action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, for a declaratory judgment of non-infringement and invalidity of United States Patent Nos. 7,580,960 ("the '960 Patent") (attached as Exhibit A), 7,584,216 ("the '216 Patent") (attached as Exhibit B), 7,627,479 ("the '479 Patent") (attached as Exhibit C), and 7,627,817 ("the '817 Patent") (attached as Exhibit D) (collectively, "MotionPoint's Patents") under the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq*.

2.  This is also an action of patent infringement. On information and belief, Defendant MotionPoint has willfully infringed and continues to willfully infringe, contributes to the infringement of, and/or actively induces others to infringe U.S. Patent Nos. 6,526,426 ("the '426 Patent"), 7,207,005 ("the '005 Patent"), and 6,857,022 ("the '022 Patent") (collectively, "TransPerfect Global's Patents") under the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq*.

## THE PARTIES

3.  Plaintiff TransPerfect Global is a Delaware corporation with its principal place of business at Three Park Avenue, 39th Floor, New York, New York 10016.

4.  Plaintiff TransPerfect Translations is a New York corporation with its principal place of business at Three Park Avenue, 39th Floor, New York, New York 10016. TransPerfect Translations is a wholly-owned subsidiary of TransPerfect Global.

5.  Plaintiff Translations.com is a Delaware corporation with its principal place of business at Three Park Avenue, 39th Floor, New York, New York 10016. Translations.com is a wholly-owned subsidiary of TransPerfect Translations and serves as the technology-centered arm of TransPerfect's translation business which operates in San Francisco and San Jose, California.

6.  Upon information and belief, Defendant MotionPoint is a Florida corporation with

its principal place of business at 4661 Johnson Road, Suite 14, Coconut Creek, Florida 33073.

## JURISDICTION AND VENUE

7. TransPerfect brings this action under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271 and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment of non-infringement and invalidity of MotionPoint's Patents under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*. Since this action arises under the Patent Laws of the United States, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. On information and belief, this Court has personal jurisdiction over MotionPoint because MotionPoint has constitutionally sufficient contacts with California to make personal jurisdiction proper in this Court. In particular, on information and belief, MotionPoint conducts and solicits business within this district and elsewhere in California, and derives substantial revenue from the sales of their products and/or services within this district and elsewhere in California.

9. In addition, on information and belief, MotionPoint has done and continues to do substantial business with corporations and entities in the Northern District of California, including the City of Salinas, Orchard Supply Hardware, and Illuminations, Inc. On information and belief, corporations who do business in or with the City of Salinas must be duly licensed to do business in Salinas.

10. On information and belief, MotionPoint specifically markets its translation services to customers doing business in California who wish to connect with California's significant Spanish-speaking population. On information and belief, as described in more detail below, MotionPoint has made frequent, widespread allegations or implications of infringement against TransPerfect to potential TransPerfect customers in numerous geographic markets nationwide, including making such allegations or implications to potential TransPerfect customers in the state of California.

11. Furthermore, on information and belief, MotionPoint's widespread allegations and implications of infringement in the market were purposefully directed at TransPerfect's business

- 2 - SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

and technology in the Northern District of California. TransPerfect's location at 4340 Stevens Creek Blvd, Suite 102, San Jose, California 95129 includes a number of engineers who work full-time on developing and supporting the GlobalLink OneLink product. Mark Hagerty, the Chief Technology Officer and principal architect of the GlobalLink OneLink product, works out of the San Jose location and is a resident of the state of California. Furthermore, TransPerfect's location at 160 Spear St., San Francisco, CA 94105 includes over twenty-five employees who work on site development, project management, and support of GlobalLink OneLink sites for customers utilizing the service. MotionPoint's allegations, threats of infringement, and infringement have caused and will continue to cause harm to TransPerfect and its operations in the Northern District of California in both San Jose and San Francisco.

12. Venue in this judicial district is conferred under 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL BACKGROUND

### MotionPoint's Patents

13. The '960 Patent, entitled "Synchronization of Web Site Content Between Languages," was issued by the United States Patent and Trademark Office and assigned to MotionPoint.

14. The '216 Patent, entitled "Dynamic Language Translation of Web Site Content," was issued by the United States Patent and Trademark Office and assigned to MotionPoint.

15. The '479 Patent, entitled "Automation Tool for Web Site Content Language Translation," was issued by the United States Patent and Trademark Office and assigned to MotionPoint.

16. The '817 Patent, entitled "Analyzing Web Site for Translations," was issued by the United States Patent and Trademark Office and assigned to MotionPoint.

17. In TransPerfect's GlobalLink OneLink translation service, TransPerfect's computers serve as an intermediary between the customer's web site and the internet user who seeks the translated web content. In this way, TransPerfect's solution acts as a "proxy" for the requested website in translating the requested content. Translation solutions of this type are sometimes called "proxy-based" translation solutions.

18. On information and belief, MotionPoint and TransPerfect are primary competitors in the market for such "proxy-based" solutions.

19. At the present time, an actual controversy exists between MotionPoint and TransPerfect as to whether TransPerfect's GlobalLink OneLink technology infringes MotionPoint's patents. On information and belief, MotionPoint routinely states or clearly implies to potential customers, particularly those from whom TransPerfect also seeks business, that MotionPoint has patented the technology underlying TransPerfect's GlobalLink OneLink service and MotionPoint is the only company permitted to use it. On information and belief, on numerous separate occasions, potential or current customers of TransPerfect have received allegations directly from MotionPoint stating or suggesting that the GlobalLink OneLink product infringes MotionPoint's patents.

20. On information and belief, in the first such instance, a MotionPoint salesperson represented in late November or early December of 2009 to a potential customer of TransPerfect that MotionPoint was the only company legally permitted to provide the kind of translation solution offered both by MotionPoint and TransPerfect. At the time, TransPerfect had offered its GlobalLink OneLink product to the customer. The customer inquired with a member of TransPerfect's sales team regarding whether MotionPoint's representation was accurate, and if TransPerfect's product was legal.

21. On information and belief, in the second instance, another potential customer of TransPerfect stated in mid-December of 2009 that, in sales discussions regarding the GlobalLink OneLink product, MotionPoint had raised "some concerns" about TransPerfect violating MotionPoint's patents with respect to the GlobalLink OneLink product. The customer sought an assurance from TransPerfect that TransPerfect's GlobalLink OneLink product did not infringe MotionPoint's patents.

22. On information and belief, in the third instance, in mid-January 2010, a member of TransPerfect's sales team received an inquiry from a then-current MotionPoint customer located in California who was in negotiations with TransPerfect to switch its website translation services to TransPerfect and its GlobalLink OneLink product, asking whether MotionPoint's patents had

- 4 -

SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

any effect on "the technologies that TransPerfect employs" in its translation service.

23. On information and belief, in the fourth instance, another potential TransPerfect customer stated to a member of TransPerfect's sales team, in mid-February 2010, that MotionPoint was claiming that TransPerfect was violating its patents, presumably with respect to the GlobalLink OneLink product. Again, TransPerfect was forced to respond in order to retain its relationship with the customer.

24. On information and belief, in the fifth such instance, a potential TransPerfect customer told a member of TransPerfect's sales team in April of 2010 that MotionPoint had incorporated a slide into their initial sales presentation which stated that MotionPoint had patented the "proxy solution" for translation of websites. On information and belief, MotionPoint was later notified that the potential customer had decided to use TransPerfect's GlobalLink OneLink service instead of MotionPoint's translation service. In late May or early June of 2010, the customer informed the member of TransPerfect's sales team that MotionPoint had sent the customer an email stating that the customer should be careful of working with companies that don't have a patent on their technology. The potential customer understood this statement as being directed specifically at TransPerfect's GlobalLink OneLink service.

25. MotionPoint has thus repeatedly made TransPerfect's alleged infringement an issue in the market in which MotionPoint and TransPerfect compete. In particular, on information and belief, MotionPoint has made numerous allegations that TransPerfect's GlobalLink OneLink infringes one or more MotionPoint patents. MotionPoint's actions have repeatedly forced TransPerfect to choose between possibly losing business and reassuring customers that TransPerfect's translation technology does not infringe MotionPoint's patents.

26. MotionPoint has further contacted TransPerfect directly through patent litigation counsel regarding infringement of MotionPoint's Patents. In a letter dated December 8, 2009 (Attached as Exhibit E) to TransPerfect co-CEOs Elizabeth Elting ("Elting") and Phil Shawe ("Shawe"), Stephen A. Becker ("Becker"), counsel for MotionPoint, stated that MotionPoint had asked the firm of McDermott Will & Emery LLP to "enforce its intellectual property rights aggressively." Becker advised Elting and Shawe that MotionPoint was the assignee of

- 5 -

SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

1  MotionPoint's Patents, and invited TransPerfect to consider whether, "in view of its activities, it might be infringing" MotionPoint's Patents. Becker asked that TransPerfect respond within approximately three weeks "if you believe that no infringement exists."

27. By letter dated February 5, 2010 (Attached as Exhibit F), Mark I. Peroff ("Peroff"), counsel for TransPerfect, responded to MotionPoint's letter and suggested limiting the discussion to a subset of claims from among the four Asserted Patents. Peroff requested that for the subset of claims, MotionPoint provide an analysis of how TransPerfect's translation services infringe. Peroff also noted that a substantial volume of non-patent prior art did not appear to have been brought to the attention of the examiner of MotionPoint's Patents. Further, Peroff notified MotionPoint that MotionPoint's sales team had made statements implying that TransPerfect's translation solution infringed MotionPoint's patents.

28. By letter dated February 17, 2010 (Attached as Exhibit G) to Peroff, Becker stated that MotionPoint was not aware of any statements by its sales team regarding infringement. Becker also stated that MotionPoint "has no intention of making infringement accusations in relation to your client at this point in time" and offered to make "internal corrections" should TransPerfect be aware of any specific incidents of allegations of infringement. This representation by MotionPoint's counsel is belied by the fourth instance, described above, in which MotionPoint stated to a potential TransPerfect customer that TransPerfect's technology violated MotionPoint's patents. The conversation between TransPerfect and its potential client took place only days before TransPerfect received MotionPoint's February 17, 2010 letter.

29. TransPerfect thus notified MotionPoint on February 5, 2010 that its sales team was inappropriately suggesting to potential customers that TransPerfect's translation services infringed MotionPoint's patents. MotionPoint's counsel responded in its letter dated February 17, 2010 that MotionPoint had "no intention of making infringement accusations." And yet, as described in the fifth instance above, in April of 2010 and in May or June of 2010, MotionPoint included statements in its sales presentations, and in an email to a potential customer, implying that TransPerfect's translation services infringe MotionPoint's patents.

30. By letter dated May 20, 2010 (Attached as Exhibit H), MotionPoint provided

- 6 -

SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

1  TransPerfect with claim charts setting forth claims from MotionPoint's Patents and MotionPoint's
2  comparison of those claims with materials describing TransPerfect's translation services.

3      31.    Therefore, at the present time an actual, active, dispute, case, and controversy
4  exists between TransPerfect, on the one hand, and MotionPoint, on the other, as to the validity of
5  MotionPoint's Patents and the infringement of those patents by TransPerfect's GlobalLink
6  OneLink service. This controversy is of such immediacy and reality to warrant declaratory relief
7  so that the parties may ascertain their rights and duties with respect to MotionPoint's Patents.

### TransPerfect Global's Patents

9      32.    On February 25, 2003, U.S. Patent No. 6,526,426 entitled "Translation
10 Management System" was duly and legally issued to David Lakritz. A copy of the '426 Patent as
11 the United States Patent and Trademark Office issued it is attached as Exhibit I and incorporated
12 herein by reference. The '426 Patent has been assigned to TransPerfect Global.

13     33.    On April 17, 2007, U.S. Patent No. 7,207,005 entitled "Translation Management
14 System" was duly and legally issued to David Lakritz. A copy of the '005 Patent as the United
15 States Patent and Trademark Office issued it is attached as Exhibit J and incorporated herein by
16 reference. The '005 Patent has been assigned to TransPerfect Global.

17     34.    On February 15, 2005, U.S. Patent No. 6,857,022 entitled "Translation Ordering
18 System" was duly and legally issued to Phillip Lee Scanlan. A copy of the '022 Patent as the
19 United States Patent and Trademark Office issued it is attached as Exhibit K and incorporated
20 herein by reference. The '022 Patent has been assigned to TransPerfect Global.

21     35.    The '426 Patent and the '005 Patent disclose and claim translation management
22 systems that operate in a computer environment. Generally, the claimed inventions are systems
23 and methods for managing translation of internet websites by automatically detecting when a
24 website has been updated and staging the elements of the website to be translated by translation
25 resources, which can include automated translation tools as well as human translators.

26     36.    The '022 Patent discloses and claims translation systems and methods. Generally,
27 the claimed inventions are systems and methods that provide a translation, for example, when a
28 single action translation component is clicked.

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT

37. Defendant MotionPoint is in the business of providing website translation and globalization services. On information and belief, MotionPoint's products and services that provide website translations ("Accused Products") automatically detect when a website has been updated and stage the elements of the website to be translated using translation resources that can include automated translation tools as well as human translators.

38. On information and belief, MotionPoint's website translation products and services have allowed MotionPoint to reach success in the website translation marketplace, capturing hundreds of clients and becoming one of the fastest growing companies in North America.

39. MotionPoint has been and is on notice of TransPerfect Global's Patents. During MotionPoint's prosecution of United States Patent No. 7,580,960 – which purportedly discloses and claims elements of MotionPoint's website translation products and services – the United States Patent and Trademark Office cited both the '005 Patent and the '426 Patent and rejected MotionPoint's proposed claims as anticipated. MotionPoint extensively analyzed TransPerfect Global's Patents in overcoming the rejection. Additionally, on January 14, 2011, TransPerfect identified the '022 Patent to MotionPoint in its Patent Local Rules 3-3 contentions in this case as prior art to MotionPoint's Patents, which purportedly disclose and claim elements of MotionPoint's translation products and services.

## COUNT ONE

### Declaratory Judgment Of Non-infringement Of The '960 Patent

40. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31 above, as though fully asserted herein.

41. On information and belief, MotionPoint has alleged or suggested to current or potential TransPerfect customers that that TransPerfect's GlobalLink OneLink product infringes the '960 Patent. TransPerfect now owns and operates Global OneLink technology.

42. TransPerfect has not infringed and is not now infringing directly or indirectly, or has not induced or contributed to and is not now inducing or contributing to the infringement of, either literally or by application of the doctrine of equivalents, any claim of the '960 Patent.

43. TransPerfect seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '960 Patent to be not infringed by TransPerfect and granting TransPerfect all other declaratory relief to which it may be entitled.

## COUNT TWO

### Declaratory Judgment of Invalidity and Unenforceability of the '960 Patent

44. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31 above, as though fully asserted herein.

45. On information and belief, and based on TransPerfect's ongoing investigation to date, the claims of the '960 Patent are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

46. TransPerfect seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '960 Patent to be invalid and/or unenforceable for reasons including, but not limited to, failure to comply with one or more of 35 U.S.C. §§ 102, 103, and 112, and granting TransPerfect all other declaratory relief to which it may be entitled.

## COUNT THREE

### Declaratory Judgment of Non-infringement of the '216 Patent

47. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31 above, as though fully asserted herein.

48. On information and belief, MotionPoint has alleged or suggested to current or potential TransPerfect customers that TransPerfect's GlobalLink OneLink product infringes the '216 Patent. TransPerfect now owns and operates the GlobalLink OneLink technology.

49. TransPerfect has not infringed and is not now infringing directly or indirectly, or has not induced or contributed to and is not now inducing or contributing to the infringement of, either literally or by application of the doctrine of equivalents, any claim of the '216 Patent.

50. TransPerfect seeks a declaratory judgment from this Court under Rule 57 of the

Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '216 Patent to be not infringed by TransPerfect and granting TransPerfect all other declaratory relief to which it may be entitled.

## COUNT FOUR

### Declaratory Judgment of Invalidity and Unenforceability of the '216 Patent

51. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31 above, as though fully asserted herein.

52. On information and belief, and based on TransPerfect's ongoing investigation to date, the claims of the '216 Patent are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

53. TransPerfect seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '216 Patent to be invalid and/or unenforceable for reasons including, but not limited to, failure to comply with one or more of 35 U.S.C. §§ 102, 103, and 112, and granting TransPerfect all other declaratory relief to which it may be entitled.

## COUNT FIVE

### Declaratory Judgment of Non-infringement of the '479 Patent

54. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31 above, as though fully asserted herein.

55. On information and belief, MotionPoint has alleged or suggested to current or potential TransPerfect customers that TransPerfect's GlobalLink OneLink product infringes the '479 Patent. TransPerfect now owns and operates the GlobalLink OneLink technology.

56. TransPerfect has not infringed and is not now infringing directly or indirectly, or has not induced or contributed to and is not now inducing or contributing to the infringement of, either literally or by application of the doctrine of equivalents, any claim of the '479 Patent.

57. TransPerfect seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '479 Patent to be not

infringed by TransPerfect and granting TransPerfect all other declaratory relief to which it may be entitled.

## COUNT SIX

### Declaratory Judgment of Invalidity and Unenforceability of the '479 Patent

58. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31 above, as though fully asserted herein.

59. On information and belief, and based on TransPerfect's ongoing investigation to date, the claims of the '479 Patent are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

60. TransPerfect seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '479 Patent to be invalid and/or unenforceable for reasons including, but not limited to, failure to comply with one or more of 35 U.S.C. §§ 102, 103, and 112, and granting TransPerfect all other declaratory relief to which it may be entitled.

## COUNT SEVEN

### Declaratory Judgment of Non-infringement of the '817 Patent

61. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31 above, as though fully asserted herein.

62. On information and belief, MotionPoint has alleged or suggested to current or potential TransPerfect customers that TransPerfect's GlobalLink OneLink product infringes the '817 Patent. TransPerfect now owns and operates the GlobalLink OneLink technology.

63. TransPerfect has not infringed and is not now infringing directly or indirectly, or has not induced or contributed to and is not now inducing or contributing to the infringement of, either literally or by application of the doctrine of equivalents, any claim of the '817 Patent.

64. TransPerfect seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '817 Patent to be not infringed by TransPerfect and granting TransPerfect all other declaratory relief to which it may be

entitled.

## COUNT EIGHT

### Declaratory Judgment of Invalidity and Unenforceability of the '817 Patent

65. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31 above, as though fully asserted herein.

66. On information and belief, and based on TransPerfect's ongoing investigation to date, the claims of the '817 Patent are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

67. TransPerfect seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '817 Patent to be invalid and/or unenforceable for reasons including, but not limited to, failure to comply with one or more of 35 U.S.C. §§ 102, 103, and 112, and granting TransPerfect all other declaratory relief to which it may be entitled.

## COUNT NINE

### Claim for Infringement of the '426 Patent

68. TransPerfect Global realleges and incorporates by reference paragraphs 1 through 12 and 32 through 39 above, as though fully asserted herein.

69. On information and belief, Defendant MotionPoint is in violation of 35 U.S.C. §271(a) because it has been and is currently infringing, directly and/or indirectly, TransPerfect's '426 Patent by, among other things, making, using, importing, distributing, offering for sale and/or selling the Accused Products without any authority or license.

70. On information and belief, MotionPoint, in violation of 35 U.S.C. §271(b), has actively induced and is currently actively inducing infringement of the '426 Patent by knowingly and intentionally encouraging or aiding third parties to infringe the '426 Patent, without authority or license.

71. On information and belief, MotionPoint, in violation of 35 U.S.C. §271(c), has contributorily infringed and is contributorily infringing '426 Patent by selling, or offering for sale,

to third parties the Accused Products especially adapted for use in an infringement of '426 Patent, without authority or license.

72. On information and belief, MotionPoint's infringement of the '426 Patent has been and continues to be willful and deliberate.

73. Defendant MotionPoint's continued infringement and induced infringement of '426 Patent has damaged and continues to damage TransPerfect Global.

74. TransPerfect Global is entitled to recover from MotionPoint all damages is has sustained as a result of MotionPoint's infringement including lost profits and not less than a reasonable royalty as well as treble damages.

75. On information and belief, MotionPoint's continued infringement and inducement of infringement of TransPerfect Global's Patents has caused and will continue to cause TransPerfect Global irreparable harm unless enjoined. TransPerfect has no adequate remedy at law.

## COUNT TEN

### Claim for Infringement of the '005 Patent

76. TransPerfect Global realleges and incorporates by reference paragraphs 1 through 12 and 32 through 39 above, as though fully asserted herein.

77. On information and belief, Defendant MotionPoint, is in violation of 35 U.S.C. §271(a) because it has been and is currently infringing, directly and/or indirectly, TransPerfect Global's Patents by, among other things, making, using, importing, distributing, offering for sale and/or selling the Accused Products without any authority or license.

78. On information and belief, MotionPoint, in violation of 35 U.S.C. §271(b), has actively induced and is currently actively inducing infringement of the '005 Patent by knowingly and intentionally encouraging or aiding third parties to infringe the '005 Patent, without authority or license.

79. On information and belief, MotionPoint, in violation of 35 U.S.C. §271(c), has contributorily infringed and is contributorily infringing '005 Patent by selling, or offering for sale, to third parties the Accused Products especially adapted for use in an infringement of '005 Patent

1  without authority or license.

2      80. On information and belief, MotionPoint's infringement of the '005 Patent has been
3  and continues to be willful and deliberate.

4      81. Defendant MotionPoint's continued infringement and induced infringement of
5  '005 Patent has damaged and continues to damage TransPerfect Global.

6      82. TransPerfect Global is entitled to recover from MotionPoint all damages is has
7  sustained as a result of MotionPoint's infringement, including lost profits and not less than a
8  reasonable royalty, as well as treble damages.

9      83. On information and belief, MotionPoint's continued infringement and induced
10 infringement of the '005 Patent has caused and will continue to cause TransPerfect Global
11 irreparable harm unless enjoined by this Court and TransPerfect has no adequate remedy at law.

## COUNT ELEVEN

### Claim for Infringement of the '022 Patent

14     84. TransPerfect Global realleges and incorporates by reference paragraphs 1 through
15 12 and 32 through 39 above, as though fully asserted herein.

16     85. On information and belief, MotionPoint infringes the '022 Patent – to which
17 TransPerfect Global has all right, title, and interest - by providing website translation and
18 globalization services that include, for example, the "One-Link Deployment process". 
19 MotionPoint's website describes the "One-Link Deployment process" by stating that "When a
20 site is language-enabled using our service, a single 'language' link must be added to its
21 navigation bar for users to access the alternate language site." *See*
22 http://www.motionpoint.com/our-solutions/motionpoint-frequently-asked-questions/general-faqs/
23 (last visited Oct. 13, 2011). MotionPoint's webpage further states "The 'language' link is a single
24 line of JavaScript code, which we provide to your IT department, along with insertion
25 instructions." *See id.*

26     86. On information and belief, MotionPoint is in violation of 35 U.S.C. § 271(a)
27 because MotionPoint has been and is currently infringing, directly and/or indirectly, one or more
28 claims of TransPerfect Global's '022 Patent by, among other things, making, using, importing,

- 14 -     SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

1  distributing, offering for sale and/or selling website translation and globalization services without
2  any authority or license.

3        87.    On information and belief, MotionPoint, in violation of 35 U.S.C. § 271(b), has
4  actively induced and is currently actively inducing infringement of one or more claims of the
5  '022 Patent by knowingly and intentionally encouraging or aiding third parties to infringe the
6  '022 Patent, without authority or license. On information and belief, these third parties include
7  MotionPoint's customers, such as, without limitation, the City of Salinas, Best Buy, and Pizza
8  Hut.

9        88.    On information and belief, MotionPoint, in violation of 35 U.S.C. §271(c), has
10  contributorily infringed and is contributorily infringing one or more claims of the '022 patent by
11  providing, selling, or offering for sale, to third parties website translation and globalization
12  services especially adapted for use in an infringement of the '022 Patent, without authority or
13  license. On information and belief, these third parties include MotionPoint customers, such as the
14  City of Salinas, Best Buy, and Pizza Hut.

15        89.    On information and belief, MotionPoint's infringement of the '022 Patent has
16  been and continues to be willful and deliberate.

17        90.    Defendant MotionPoint's continued infringement, both direct and indirect, of the
18  '022 Patent has damaged and continues to damage TransPerfect.

19        91.    TransPerfect Global is entitled to recover from MotionPoint all damages it has
20  sustained as a result of MotionPoint's infringement including lost profits and not less than a
21  reasonable royalty, as well as treble damages.

22        92.    MotionPoint's continued infringement, both direct and indirect, of the '022 Patent
23  has caused and will continue to cause TransPerfect irreparable harm unless enjoined by this
24  Court. TransPerfect has no adequate remedy at law.

25  **PRAYER FOR RELIEF**

26      WHEREFORE, Plaintiff TransPerfect prays for the following relief:

27        1.    The Court enter judgment declaring that TransPerfect has not willfully or
28  otherwise infringed, contributed to the infringement of, nor induced infringement of any claim of

1 MotionPoint's Patents;

2     2. The Court enter judgment declaring that the claims contained in MotionPoint's
3 Patents are invalid and/or unenforceable;

4     3. The Court enter a judicial determination and declaration that MotionPoint is
5 infringing TransPerfect Global's Patents and that said infringement is and has been willful;

6     4. The Court enter an order permanently enjoining MotionPoint, its officers,
7 directors, employees, attorneys, agents, servants, parties in privity with, and all persons in active
8 concert or participation with any of the foregoing from further acts of infringement, contributory
9 infringement, or inducing infringement of the TransPerfect Global's Patents;

10     5. The Court make an accounting of damages resulting from MotionPoint's
11 infringement of the TransPerfect Global's Patents;

12     6. The Court award TransPerfect Global its damages resulting from MotionPoint's
13 infringement of TransPerfect Global's Patents and the trebling of such damages due to the willful
14 nature of said infringement;

15     7. The Court award TransPerfect Global interest on its damages;

16     8. The Court issue a declaration that this case is "exceptional" under 35 U.S.C. § 285;

17     9. The Court award TransPerfect its costs and expenses for this action, including
18 reasonable attorneys' fees;

19     10. The Court award to TransPerfect further necessary and proper relief under 28
20 U.S.C. § 2202; and

21     11. The Court grant to TransPerfect such other and further relief as the Court deems
22 just and appropriate.

| | | |
|---|---|---|
| 1 | Dated: October 13, 2011 | Kasowitz, Benson, Torres & Friedman LLP |

By: /s/ Douglas E. Lumish
    Douglas E. Lumish
    Jeffrey G. Homrig
    Joseph H. Lee
    Lawrence Okey Onyejekwe Jr.
    Joseph B. Shear
    Steven D. Chin

Attorneys for Plaintiffs/Counterclaim Defendants
TransPerfect Global, Inc.,
TransPerfect Translations International, Inc., and
Translations.com, Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff TransPerfect respectfully requests a trial by jury, pursuant to Fed. R. Civ. P. 38(b), on all issues so triable.

Dated: October 13, 2011            Kasowitz, Benson, Torres & Friedman LLP


By: /s/ Douglas E. Lumish
    Douglas E. Lumish
    Jeffrey G. Homrig
    Joseph H. Lee
    Lawrence Okey Onyejekwe Jr.
    Joseph B. Shear
    Steven D. Chin

Attorneys for Plaintiffs/Counterclaim Defendants
TransPerfect Global, Inc.,
TransPerfect Translations International, Inc., and
Translations.com, Inc.