ANTHONY DE ALCUAZ (SBN: 65599)
PHILIP OU (SBN: 259896)
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025 4004
Telephone: (650) 815-7400
Facsimile:  (650) 815-7401
Email:  adealcuaz@mwe.com
         pou@mwe.com

JOEL M. FREED
ALEXANDER OTT (*pro hac vice*)
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W., 12th Floor
Washington, D.C. 20005-3096
Telephone: (202) 756-8000
Facsimile:  (202) 756-8087
Email:  jfreed@mwe.com
         aott@mwe.com

*Attorneys for Defendant/Counterclaim Plaintiff*
*MotionPoint Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRANSPERFECT GLOBAL, INC., TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC., AND TRANSLATIONS.COM, INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> MOTIONPOINT CORPORATION, <br><br> Defendant/Counterclaim Plaintiff. | Case No.  CV 10-02590 CW <br><br> ELECTRONIC CASE FILING <br><br> **MOTIONPOINT'S ANSWER TO TRANSPERFECT'S SECOND AMENDED COMPLAINT AND COUNTERCLAIMS** <br><br> **JURY TRIAL DEMANDED** <br><br> **Judge: Hon. Claudia Wilken** |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

Defendant and Counterclaim Plaintiff MotionPoint Corporation ("MotionPoint") denies all allegations in TransPerfect's Second Amended Complaint (the "Second Amended Complaint") to which it does not specifically respond below, and further answers the Second Amended Complaint filed by Plaintiffs and Counterclaim Defendants TransPerfect Global, Inc., TransPerfect Translations International, Inc., and Translations.com, Inc. (collectively "TransPerfect").

## NATURE OF THE ACTION

1.      MotionPoint admits that TransPerfect brought this action for a declaratory judgment for non-infringement and invalidity of the MotionPoint patents.    MotionPoint otherwise denies the allegations in paragraph 1 of the Amended Complaint.

2.      MotionPoint admits that this action now also includes belated claims for patent infringement.   MotionPoint otherwise denies the allegations in paragraph 2 of the Amended Complaint.

## THE PARTIES

3.      MotionPoint admits, on information and belief, that TransPerfect Global is a Delaware corporation with its principal place of business at Three Park Avenue, 39th Floor, New York, New York 10016.

4.      MotionPoint admits, on information and belief, that TransPerfect Translations International, Inc. is a New York corporation with its principal place of business at Three Park Avenue, 39th Floor, New York, New York 10016, and that TransPerfect Translations, Inc. is a wholly-owned subsidiary of TransPerfect Global.

5.      MotionPoint admits, on information and belief, that Translations.com, Inc. is a Delaware corporation with its principal place of business at Three Park Avenue, 39th Floor, New York, New York 10016, and that Translations.com, Inc. is a wholly-owned subsidiary of TransPerfect Translations, Inc.. MotionPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence in paragraph 5 of the Amended Complaint and, on that basis, denies them.

6.      MotionPoint admits that it is a Florida corporation with its principal place of

business at 4661 Johnson Road, Suite 14, Coconut Creek, Florida 33073.

## JURISDICTION AND VENUE

7.     MotionPoint admits that TransPerfect purports to bring this action under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment of non-infringement and invalidity of the MotionPoint Patents.  MotionPoint admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  MotionPoint otherwise denies the allegations in paragraph 7 of the Amended Complaint.

8.     MotionPoint admits that it is subject to the personal jurisdiction of this Court. MotionPoint otherwise denies the allegations in paragraph 8 of the Amended Complaint.

9.     MotionPoint admits that it has transacted and does transact businesses with entities in the Northern District of California.  MotionPoint otherwise denies the allegations in paragraph 9 of the Amended Complaint.

10.     MotionPoint admits that the market for its translation services includes California's Spanish-speaking population.  MotionPoint otherwise denies the allegations in paragraph 10 of the Amended Complaint.

11.     MotionPoint denies the allegations of the first sentence in paragraph 11 of the Amended Complaint.  MotionPoint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Amended Complaint and, on that basis, denies them.

12.     MotionPoint admits that this action can be brought in this Court.

## FACTUAL BACKGROUND

### MotionPoint's Patents

13.      MotionPoint admits that U.S. Patent No. 7,580,960 ("the '960 patent") is entitled "Synchronization of Web Site Content Between Languages" and was issued by the United States Patent and Trademark Office and assigned to MotionPoint.

14.     MotionPoint admits that U.S. Patent No. 7,584,216 ("the '216 patent") is entitled "Dynamic Language Translation of Web Site Content" and was issued by the United States

McDermott Will & Emery LLP
Attorneys At Law
Washington

Patent and Trademark Office and assigned to MotionPoint.

15. MotionPoint admits that U.S. Patent No. 7,627,479 ("the '479 patent") is entitled "Automation Tool for Web Site Content language Translation" and was issued by the United States Patent and Trademark Office and assigned to MotionPoint.

16. MotionPoint admits that U.S. Patent No. 7,627,817 ("the '817 patent") is entitled "Analyzing Web Site for Translations" and was issued by the United States Patent and Trademark Office and assigned to MotionPoint.

17. MotionPoint is without knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 17 of the Amended Complaint and, on that basis, cannot presently admit or deny them.

18. MotionPoint admits that TransPerfect and MotionPoint are competitors but is without knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 18 of the Amended Complaint and, on that basis cannot presently admit or deny them.

19. The allegation of actual controversy in the first sentence of paragraph 19 of the Amended Complaint is a legal conclusion for which no response is required. MotionPoint otherwise denies the remaining allegations in paragraph 19 of the Amended Complaint.

20. MotionPoint denies the allegations in paragraph 20 of the Amended Complaint.

21. MotionPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Amended Complaint and, on that basis, cannot presently admit or deny them.

22. MotionPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Amended Complaint and, on that basis, cannot presently admit or deny them.

23. MotionPoint denies the allegations in paragraph 23 of the Amended Complaint.

24. MotionPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint and, on that basis, cannot presently admit or deny them.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

25.     MotionPoint denies the allegations in paragraph 25 of the Amended Complaint.

26.     MotionPoint admits that its counsel Stephen A. Becker did send a letter, dated December 8, 2009, to TransPerfect co-CEOs Elting and Shawe containing the quotes in paragraph 26 of the Amended Complaint.  MotionPoint otherwise denies the allegations in paragraph 26 of the Amended Complaint.

27.     MotionPoint admits that Mark I. Peroff, TransPerfect's counsel, did send a letter, dated February 5, 2010.  The letter speaks for itself so MotionPoint denies the recast version of paragraph 27 of the Amended Complaint.

28.     MotionPoint admits that its counsel Stephen A. Becker did send a letter, dated February 17, 2010, containing the quotes in paragraph 28 of the Amended Complaint. MotionPoint otherwise denies the allegations in paragraph 28 of the Amended Complaint.

29.     MotionPoint admits that counsel for TransPerfect sent a letter, dated February 5, 2010, and that counsel for MotionPoint sent a letter dated February 17, 2010.  Those letters speak for themselves so MotionPoint denies the recast version of paragraph 28 of the Amended Complaint.  MotionPoint denies the allegations of the last sentence of paragraph 29 of the Complain except as set forth in paragraph 24 above.

30.     MotionPoint admits that it provided a letter, dated May 20, 2010, with claim charts comparing a subset of claims of the MotionPoint Patents and TransPerfect's translation services.

31.     The allegations in paragraph 31 of the Amended Complaint are legal conclusions for which no response is required.

**TransPerfect Global's Patents**

32.     MotionPoint admits that the title page of U.S. Patent No. 6,526,426 ("the '426 patent") states that it was issued on February 25, 2003 to David Lakritz.  MotionPoint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 32 of the Amended Complaint and, on that basis, denies them.

33.     MotionPoint admits that the title page of U.S. Patent No. 7,207,005 ("the '005 patent") states that it was issued on April 17, 2007 to David Lakritz.  MotionPoint is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 33 of the Amended Complaint and, on that basis, denies them.

34.     MotionPoint admits that the title page of U.S. Patent No. 6,857,022 ("the '022 patent") states that it was issued on February 15, 2005 to Phillip Lee Scanlan.  MotionPoint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34 of the Amended Complaint and, on that basis, denies them.

35.     MotionPoint denies the allegations in paragraph 35 of the Amended Complaint.

36.     MotionPoint denies the allegations in paragraph 36 of the Amended Complaint.

37.     MotionPoint admits that it practices the MotionPoint Patents and otherwise denies the allegations in paragraph 37 of the Amended Complaint.

38.     MotionPoint admits the allegations in paragraph 38 of the Amended Complaint.

39.     MotionPoint admits that it has been and is aware of the existence of the '426, '005, and '022 patents.  MotionPoint also admits that it practices the MotionPoint Patents. MotionPoint denies the remaining allegations of paragraph 39 of the Amended Complaint.

## <u>COUNT ONE</u>

### Alleged Non-Infringement of the '960 Patent

40.     MotionPoint incorporates its responses to paragraphs 1 through 31 of the Amended Complaint as though fully and completely set forth herein.

41.     MotionPoint denies the allegations of the first sentence in paragraph 41 of the Amended Complaint.  MotionPoint admits, on information and belief, that TransPerfect operates Global OneLink technology but denies that TransPerfect owns that technology.

42.     MotionPoint admits that TransPerfect denies that it has now or previously directly or indirectly infringed any claim of the '960 patent.  MotionPoint otherwise denies the allegations in paragraph 42 of the Amended Complaint .

43.     MotionPoint admits that TransPerfect seeks, but denies that TransPerfect is entitled to, a declaratory judgment and other declaratory relief as stated in paragraph 43 of the Amended Complaint.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

**COUNT TWO**

**Alleged Invalidity and Unenforceability of the '960 Patent**

44.     MotionPoint incorporates its responses to paragraphs 1 through 31 as though fully and completely set forth herein.

45.     MotionPoint denies the allegations in paragraph 45 of the Amended Complaint.

46.     MotionPoint admits that TransPerfect seeks, but denies that TransPerfect is entitled to, a declaratory judgment and other declaratory relief as stated in paragraph 46 of the Amended Complaint.

**COUNT THREE**

**Alleged Non-Infringement of the '216 Patent**

47.     MotionPoint incorporates its answers to paragraphs 1 through 31 as though fully and completely set forth herein.

48.     MotionPoint denies the allegations of the first sentence in paragraph 48 of the Amended Complaint.  MotionPoint admits, on information and belief, that TransPerfect operates Global OneLink technology but denies that TransPerfect owns that technology.

49.     MotionPoint admits that TransPerfect denies that it has now or previously directly or indirectly infringed any claim of the '216 patent.  MotionPoint otherwise denies the allegations in paragraph 49 of the Amended Complaint.

50.     MotionPoint admits that TransPerfect seeks, but denies that TransPerfect is entitled to, a declaratory judgment and other declaratory relief as stated in paragraph 50 of the Amended Complaint.

**COUNT FOUR**

**Alleged Invalidity and Unenforceability of the '216 Patent**

51.     MotionPoint incorporates its answers to paragraphs 1 through 31 as though fully and completely set forth herein.

52.     MotionPoint denies the allegations in paragraph 52 of the Amended Complaint.

53.     MotionPoint admits that TransPerfect seeks, but denies that TransPerfect is entitled to, a declaratory judgment and other declaratory relief as stated in paragraph 53 of the

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

1 | Amended Complaint.

2 | <u>**COUNT FIVE**</u>

3 | **Alleged Non-Infringement of the '479 Patent**

4 | 54.     MotionPoint incorporates its answers to paragraphs 1 through 31 as though fully

5 | and completely set forth herein.

6 | 55.     MotionPoint denies the allegations of the first sentence in paragraph 55 of the

7 | Amended Complaint.  MotionPoint admits, on information and belief, that TransPerfect operates

8 | Global OneLink technology but denies that TransPerfect owns that technology.

9 | 56.     MotionPoint admits that TransPerfect denies that it has now or previously directly

10 | or indirectly infringed any claim of the '479 patent.   MotionPoint otherwise denies the

11 | allegations in paragraph 56 of the Amended Complaint .

12 | 57.     MotionPoint admits that TransPerfect seeks, but denies that TransPerfect is

13 | entitled to, a declaratory judgment and other declaratory relief as stated in paragraph 57 of the

14 | Amended Complaint.

15 | <u>**COUNT SIX**</u>

16 | **Alleged Invalidity and Unenforceability of the '479 Patent**

17 | 58.     MotionPoint incorporates its answers to paragraphs 1 through 31 as though fully

18 | and completely set forth herein.

19 | 59.     MotionPoint denies the allegations in paragraph 59 of the Amended Complaint.

20 | 60.     MotionPoint admits that TransPerfect seeks, but denies that TransPerfect is

21 | entitled to, a declaratory judgment and other declaratory relief as stated in paragraph 60 of the

22 | Amended Complaint.

23 | <u>**COUNT SEVEN**</u>

24 | **Alleged Non-Infringement of the '817 Patent**

25 | 61.     MotionPoint incorporates its answers to paragraphs 1 through 31 as though fully

26 | and completely set forth herein.

27 | 62.     MotionPoint denies the allegations of the first sentence in paragraph 62 of the

28 | Amended Complaint.  MotionPoint admits, on information and belief, that TransPerfect operates

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

1 Global OneLink technology but denies that TransPerfect owns that technology.

2   63. MotionPoint admits that TransPerfect denies that it has now or previously directly

3 or indirectly infringed any claim of the '817 patent. MotionPoint otherwise denies the

4 allegations in paragraph 63 of the Amended Complaint.

5   64. MotionPoint admits that TransPerfect seeks, but denies that TransPerfect is

6 entitled to, a declaratory judgment and other declaratory relief as stated in paragraph 64 of the

7 Amended Complaint.

8         **<u>COUNT EIGHT</u>**

9     **Alleged Invalidity and Unenforceability Of The '817 Patent**

10   65. MotionPoint incorporates its answers to paragraphs 1 through 31 as though fully

11 and completely set forth herein.

12   66. MotionPoint denies the allegations in paragraph 66 of the Amended Complaint.

13   67. MotionPoint admits that TransPerfect seeks, but denies that TransPerfect is

14 entitled to, a declaratory judgment and other declaratory relief as stated in paragraph 67 of the

15 Amended Complaint.

16         **<u>COUNT NINE</u>**

17     **Alleged Infringement of the '426 Patent**

18   68. MotionPoint incorporates its answers to paragraphs 1 through 12 and 32 through

19 39 as though fully and completely set forth herein.

20   69. MotionPoint denies the allegations in paragraph 69 of the Amended Complaint.

21   70. MotionPoint denies the allegations in paragraph 70 of the Amended Complaint.

22   71. MotionPoint denies the allegations in paragraph 71 of the Amended Complaint.

23   72. MotionPoint denies the allegations in paragraph 72 of the Amended Complaint.

24   73. MotionPoint denies the allegations in paragraph 73 of the Amended Complaint.

25   74. MotionPoint denies the allegations in paragraph 74 of the Amended Complaint.

26   75. MotionPoint denies the allegations in paragraph 75 of the Amended Complaint.

27         **<u>COUNT TEN</u>**

28     **Alleged Infringement of the '005 Patent**

76.     MotionPoint incorporates its answers to paragraphs 1 through 12 and 32 through 39 as though fully and completely set forth herein.

77.     MotionPoint denies the allegations in paragraph 77 of the Amended Complaint.

78.     MotionPoint denies the allegations in paragraph 78 of the Amended Complaint.

79.     MotionPoint denies the allegations in paragraph 79 of the Amended Complaint.

80.     MotionPoint denies the allegations in paragraph 80 of the Amended Complaint.

81.     MotionPoint denies the allegations in paragraph 81 of the Amended Complaint.

82.     MotionPoint denies the allegations in paragraph 82 of the Amended Complaint.

83.     MotionPoint denies the allegations in paragraph 83 of the Amended Complaint.

## COUNT ELEVEN

### Alleged Infringement of the '022 Patent

84.     MotionPoint incorporates its answers to paragraphs 1 through 12 and 32 through 39 as though fully and completely set forth herein.

85.     MotionPoint denies the allegations in paragraph 85 of the Amended Complaint.

86.     MotionPoint denies the allegations in paragraph 86 of the Amended Complaint.

87.     MotionPoint denies the allegations in paragraph 87 of the Amended Complaint.

88.     MotionPoint denies the allegations in paragraph 88 of the Amended Complaint.

89.     MotionPoint denies the allegations in paragraph 89 of the Amended Complaint.

90.     MotionPoint denies the allegations in paragraph 90 of the Amended Complaint.

91.     MotionPoint denies the allegations in paragraph 91 of the Amended Complaint.

92.     MotionPoint denies the allegations in paragraph 92 of the Amended Complaint.

## ANSWER TO PRAYER FOR RELIEF

MotionPoint denies that TransPerfect is entitled to any relief from the Court.

## AFFIRMATIVE AND OTHER DEFENSES

MotionPoint asserts the following affirmative and other defenses against TransPerfect's claims, and the patents asserted by TransPerfect therein, without altering the proper burdens of proof at trial:

1

## FIRST DEFENSE

2

### No Infringement

3    MotionPoint has not infringed, directly, contributorily, by inducement, or otherwise,

4    literally or under the doctrine of equivalents, any valid and enforceable claim of the '426, '005,

5    or '022 patents (the "TransPerfect Global Patents") and is not liable for any acts of infringement

6    of any such claim of the TransPerfect Global Patents.

7

## SECOND DEFENSE

8

### Patent Invalidity

9    The TransPerfect Global Patents are invalid under the Patent Laws of the United States,

10    including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112. MotionPoint reserves the right

11    to add additional grounds for invalidity and/or unenforceability if it discovers such grounds

12    during the course of this litigation.

13

## THIRD DEFENSE

14

### Prosecution History Estoppel

15    TransPerfect is estopped from asserting infringement of one or more claims of the

16    TransPerfect Global Patents due to representations made during prosecution of the patents before

17    the United States Patent and Trademark Office.

18

## FOURTH DEFENSE

19

### Laches

20    TransPerfect's claims of infringement of the TransPerfect Global Patents are barred by

21    the doctrine of laches.

22

## FIFTH DEFENSE

23

### No Willful Infringement

24    Should MotionPoint be found to infringe any claim of the TransPerfect Global Patents,

25    such infringement was not willful.

26

## SIXTH DEFENSE

27

### Lack of Basis for Injunction

28    The purported injury from MotionPoint's alleged actions does not justify TransPerfect's

demand to enjoin MotionPoint.

**SEVENTH DEFENSE**

**Limitation on Damages**

TransPerfect's damages for alleged infringement of the TransPerfect Global Patents, if any, are barred in whole or in part by 35 U.S.C. § 286 and/or § 287.

**MOTIONPOINT'S COUNTERCLAIMS**

Counterclaim Plaintiff MotionPoint Corporation ("MotionPoint"), alleges by and through its attorneys the following counterclaims against Counterclaim Defendants TransPerfect Global, Inc., TransPerfect Translations International, Inc., and Translations.com, Inc. ("TransPerfect"):

**NATURE OF THE COUNTERCLAIMS**

1.     These are counterclaims for patent infringement of MotionPoint's U.S. Patent Nos. 7,580,960, 7,584,216, 7,627,479, and 7,627,817 (collectively, the "MotionPoint Patents") and for declaratory judgments of non-infringement and invalidity and/or unenforceability of TransPerfect's U.S. Patent Nos. 6,526,426, 7,207,005, and 6,857,022 (collectively, the "TransPerfect Global Patents") asserted against MotionPoint.

**THE PARTIES**

2.     Counterclaim Plaintiff MotionPoint is a Florida corporation.

3.     On information and belief, Counterclaim Defendant TransPerfect Global, Inc. is a Delaware corporation with its principal place of business at Three Park Avenue, 39th Floor, New York, New York 10016.

4.     On information and belief, Counterclaim Defendant TransPerfect Translations International, Inc. is a New York corporation with its principal place of business at Three Park Avenue, 39th Floor, New York, New York 10016, and TransPerfect Translations, Inc. is a wholly-owned subsidiary of TransPerfect Global.

5.     On information and belief, Counterclaim Defendant Translations.com, Inc. is a Delaware corporation with its principal place of business at Three Park Avenue, 39th Floor, New York, New York 10016, and Translations.com, Inc. is a wholly-owned subsidiary of TransPerfect Translations, Inc.

McDermott Will & Emery LLP
Attorneys At Law
Washington

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

**JURISDICTION**

6.      These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

7.      This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

8.      Counterclaim Defendants, collectively TransPerfect, are subject to personal jurisdiction in this District because they have availed themselves of the benefits of this jurisdiction including, but not limited to, filing a declaratory judgment complaint in this judicial district.

9.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

**GENERAL ALLEGATIONS**

10.     MotionPoint has always been and is the sole and exclusive owner of United States Patent No. 7,580,960 ("the '960 patent") which was duly and legally issued on August 25, 2009 and is titled "Synchronization of Web Site Content Between Languages."

11.     MotionPoint has always been and is the sole and exclusive owner of United States Patent No. 7,584,216 ("the '216 patent") which was duly and legally issued on September 1, 2009 and is titled "Dynamic Language Translation of Web Site Content."

12.     MotionPoint has always been and is the sole and exclusive owner of United States Patent No. 7,627,479 ("the '479 patent") which was duly and legally issued on September 1, 2009 and is titled "Automation Tool for Web Site Content Language Translation."

13.     MotionPoint has always been and is the sole and exclusive owner of United States Patent No. 7,627,817 ("the '817 patent") which was duly and legally issued on December 1, 2009 and is titled "Analyzing Web Site For Translations."

14.     On information and belief, MotionPoint alleges that TransPerfect makes, uses, imports, distributes, offers for sale and/or sells GlobalLink$^{TM}$ OneLink solution (the "Accused Products") in the United States which infringe the '960 patent, the '216 patent, the '479 patent, and/or the '817 patent.

# FIRST COUNTERCLAIM

## Infringement of the '960 Patent

15. MotionPoint incorporates by reference paragraphs 1- 14 of these Counterclaims as though fully and completely set forth herein.

16. Upon information and belief, TransPerfect in violation of 35 U.S.C. § 271(a), has been and is currently infringing, directly and/or indirectly, the '960 patent by, among other things, making, using, importing, distributing, offering for sale and/or selling the Accused Products without authority or license from MotionPoint.

17. Upon information and belief, TransPerfect has actively induced and is currently actively inducing infringement of the '960 patent, in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to infringe the '960 patent, without authority or license from MotionPoint.

18. Upon information and belief, TransPerfect has contributorily infringed and is contributorily infringing the '960 patent, in violation of 35 U.S.C. § 271(c), by selling, or offering for sale to third parties, the Accused Products especially adapted for use in an infringement of the '960 patent, without authority or license from MotionPoint.

19. Upon information and belief, TransPerfect's infringement of the '960 patent has been and continues to be willful.

20. Unless enjoined, TransPerfect will continue to infringe the '960 patent, and MotionPoint will suffer irreparable injury as a direct and proximate result of the conduct of TransPerfect.

21. MotionPoint has been damaged by TransPerfect's infringing conduct and TransPerfect is therefore liable to MotionPoint for actual damages suffered by MotionPoint, and in no event less than a reasonable royalty, as well as treble damages.

WHEREFORE, MotionPoint seeks relief as set forth in the Request for Relief, below.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

## SECOND COUNTERCLAIM

### Infringement of the '216 Patent

22.     MotionPoint incorporates by reference paragraphs 1-14 of these Counterclaims as though fully and completely set forth herein.

23.     Upon information and belief, TransPerfect in violation of 35 U.S.C. § 271(a), has been and is currently infringing, directly and/or indirectly, the '216 patent by, among other things, making, using, importing, distributing, offering for sale and/or selling the Accused Products without authority or license from MotionPoint.

24.     Upon information and belief, TransPerfect has actively induced and is currently actively inducing infringement of the '216 patent, in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to infringe the '216 patent, without authority or license from MotionPoint.

25.     Upon information and belief, TransPerfect has contributorily infringed and is contributorily infringing the '216 patent, in violation of 35 U.S.C. § 271(c), by selling, or offering for sale to third parties, the Accused Products especially adapted for use in an infringement of the '216 patent, without authority or license from MotionPoint.

26.     Upon information and belief, TransPerfect's infringement of the '216 patent has been and continues to be willful.

27.     Unless enjoined, TransPerfect will continue to infringe the '216 patent, and MotionPoint will suffer irreparable injury as a direct and proximate result of the conduct of TransPerfect.

28.     MotionPoint has been damaged by TransPerfect's infringing conduct and TransPerfect is therefore liable to MotionPoint for actual damages suffered by MotionPoint, and in no event less than a reasonable royalty, as well as treble damages.

        WHEREFORE, MotionPoint seeks relief as set forth in the Request for Relief, below.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

**THIRD COUNTERCLAIM**

**Infringement of the '479 Patent**

29.     MotionPoint incorporates by reference paragraphs 1-14 of these Counterclaims as though fully and completely set forth herein.

30.     Upon information and belief, TransPerfect in violation of 35 U.S.C. § 271(a), has been and is currently infringing, directly and/or indirectly, the '479 patent by, among other things, making, using, importing, distributing, offering for sale and/or selling the Accused Products without authority or license from MotionPoint.

31.     Upon information and belief, TransPerfect has actively induced and is currently actively inducing infringement of the '479 patent, in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to infringe the '479 patent, without authority or license from MotionPoint.

32.     Upon information and belief, TransPerfect has contributorily infringed and is contributorily infringing the '479 patent, in violation of 35 U.S.C. § 271(c), by selling, or offering for sale to third parties, the Accused Products especially adapted for use in an infringement of the '479 patent, without authority or license from MotionPoint.

33.     Upon information and belief, TransPerfect's infringement of the '479 patent has been and continues to be willful.

34.     Unless enjoined, TransPerfect will continue to infringe the '479 patent, and MotionPoint will suffer irreparable injury as a direct and proximate result of the conduct of TransPerfect.

35.     MotionPoint has been damaged by TransPerfect's infringing conduct and TransPerfect is therefore liable to MotionPoint for actual damages suffered by MotionPoint, and in no event less than a reasonable royalty, as well as treble damages.

WHEREFORE, MotionPoint seeks relief as set forth in the Request for Relief, below.

McDermott Will & Emery LLP
Attorneys At Law
Washington

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

## FOURTH COUNTERCLAIM

### Infringement of the '817 Patent

36.     MotionPoint incorporates by reference paragraphs 1-14 of these Counterclaims as though fully and completely set forth herein.

37.     Upon information and belief, TransPerfect in violation of 35 U.S.C. § 271(a), has been and is currently infringing, directly and/or indirectly, the '817 patent by, among other things, making, using, importing, distributing, offering for sale and/or selling the Accused Products without authority or license from MotionPoint.

38.     Upon information and belief, TransPerfect has actively induced and is currently actively inducing infringement of the '817 patent, in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to infringe the '817 patent, without authority or license from MotionPoint.

39.     Upon information and belief, TransPerfect has contributorily infringed and is contributorily infringing the '817 patent, in violation of 35 U.S.C. § 271(c), by selling, or offering for sale to third parties, the Accused Products especially adapted for use in an infringement of the '817 patent, without authority or license from MotionPoint.

40.     Upon information and belief, TransPerfect's infringement of the '817 patent has been and continues to be willful.

41.     Unless enjoined, TransPerfect will continue to infringe the '817 patent, and MotionPoint will suffer irreparable injury as a direct and proximate result of the conduct of TransPerfect.

42.     MotionPoint has been damaged by TransPerfect's infringing conduct and TransPerfect is therefore liable to MotionPoint for actual damages suffered by MotionPoint, and in no event less than a reasonable royalty, as well as treble damages.

WHEREFORE, MotionPoint seeks relief as set forth in the Request for Relief, below.

## FIFTH COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,526,426

43.     MotionPoint repeats and re-alleges each and every allegation of paragraphs 1-9 as

though fully set forth herein.

44.     In its Amended Complaint, TransPerfect has asserted that MotionPoint infringes claims of the '426 patent.

45.     An actual case or controversy exists between TransPerfect and MotionPoint as to whether the '426 patent is not infringed by MotionPoint.

46.     MotionPoint does not and has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '426 patent and is not liable for any acts of infringement of any such claim of the '426 patent.

47.     Accordingly, MotionPoint is entitled to a declaratory judgment that it does not infringe any claim of the '426 patent.

WHEREFORE, MotionPoint seeks relief as set forth in the Request for Relief, below.

## SIXTH COUNTERCLAIM

**Declaratory Judgment of Invalidity and/or Unenforceability of U.S. Patent No. 6,526,426**

48.     MotionPoint repeats and re-alleges each and every allegation of paragraphs 1-9 as though fully set forth herein.

49.     An actual case or controversy exists between TransPerfect and MotionPoint as to whether the '426 patent is invalid.

50.     One or more claims of the '426 patent are invalid for failure to meet the patentability requirements and/or otherwise comply with one or more sections of Title 35 of the U.S. Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

51.     Accordingly, MotionPoint is entitled to a declaratory judgment that the claims of the '426 patent are invalid.

WHEREFORE, MotionPoint seeks relief as set forth in the Request for Relief, below.

## SEVENTH COUNTERCLAIM

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,207,005**

52.     MotionPoint repeats and re-alleges each and every allegation of paragraphs 1-9 as though fully set forth herein.

McDermott Will & Emery LLP
Attorneys At Law
Washington

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

53.     In its Amended Complaint, TransPerfect has asserted that MotionPoint infringes claims of the '005 patent.

54.     An actual case or controversy exists between TransPerfect and MotionPoint as to whether the '005 patent is not infringed by MotionPoint.

55.     MotionPoint does not and has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '005 patent and is not liable for any acts of infringement of any such claim of the '005 patent.

56.     Accordingly, MotionPoint is entitled to a declaratory judgment that it does not infringe any claim of the '005 patent.

WHEREFORE, MotionPoint seeks relief as set forth in the Request for Relief, below.

## EIGHTH COUNTERCLAIM

### Declaratory Judgment of Invalidity and/or Unenforceability of U.S. Patent No. 7,207,005

57.     MotionPoint repeats and re-alleges each and every allegation of paragraphs 1-9 as though fully set forth herein.

58.     An actual case or controversy exists between TransPerfect and MotionPoint as to whether the '005 patent is invalid.

59.     One or more claims of the '005 patent are invalid for failure to meet the patentability requirements and/or otherwise comply with one or more sections of Title 35 of the U.S. Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

60.     Accordingly, MotionPoint is entitled to a declaratory judgment that the claims of the '005 patent are invalid.

WHEREFORE, MotionPoint seeks relief as set forth in the Request for Relief, below.

## NINTH COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,857,022

61.     MotionPoint repeats and re-alleges each and every allegation of paragraphs 1-9 as though fully set forth herein.

62.     In its Second Amended Complaint, TransPerfect has asserted that MotionPoint

1    infringes claims of the '022 patent.

2          63.    An actual case or controversy exists between TransPerfect and MotionPoint as to

3    whether the '022 patent is not infringed by MotionPoint.

4          64.    MotionPoint does not and has not infringed, directly, contributorily, by

5    inducement, or otherwise, literally or under the doctrine of equivalents, any valid and

6    enforceable claim of the '022 patent and is not liable for any acts of infringement of any such

7    claim of the '022 patent.

8          65.    Accordingly, MotionPoint is entitled to a declaratory judgment that it does not

9    infringe any claim of the '022 patent.

10         WHEREFORE, MotionPoint seeks relief as set forth in the Request for Relief, below.

11                              **TENTH COUNTERCLAIM**

12   **Declaratory Judgment of Invalidity and/or Unenforceability of U.S. Patent No. 6,857,022**

13         66.    MotionPoint repeats and re-alleges each and every allegation of paragraphs 1-9 as

14   though fully set forth herein.

15         67.    An actual case or controversy exists between TransPerfect and MotionPoint as to

16   whether the '022 patent is invalid.

17         68.    One or more claims of the '022 patent are invalid for failure to meet the

18   patentability requirements and/or otherwise comply with one or more sections of Title 35 of the

19   U.S. Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

20         69.    Accordingly, MotionPoint is entitled to a declaratory judgment that the claims of

21   the '022 patent are invalid.

22         WHEREFORE, MotionPoint seeks relief as set forth in the Request for Relief, below.

23                                **REQUEST FOR RELIEF**

24         Wherefore, MotionPoint prays that the Court enter judgment as follows:

25         1.     For a judicial determination and declaration that MotionPoint has not willfully or

26   otherwise infringed, contributed to the infringement of, or induced infringement of any claim of

27   the TransPerfect Global Patents.

28         2.     For a judicial determination and declaration that the claims of the TransPerfect

McDermott Will & Emery LLP
Attorneys at Law
Washington

Global Patents are invalid and/or unenforceable.

3.    For a judicial determination and declaration that the MotionPoint Patents, the '960, '216, '479, and '817 patents, are valid and enforceable;

4.    For a judicial determination and a declaration that the MotionPoint Patents, the '960, '216, '479, and '817 patents, are infringed by TransPerfect and that said infringement is and has been willful;

5.    For an order permanently enjoining TransPerfect, their directors, employees, attorneys, agents, parties in privity with and all persons in active concert or participation with any of the foregoing from further acts of infringement, contributory infringement, or inducing infringement of the patents in suit;

6.    For an accounting of damages resulting from TransPerfect's infringement of the MotionPoint Patents.

7.    For damages resulting from TransPerfect's infringement of the MotionPoint Patents and the trebling of such damages due to the willful nature of said infringement;

8.    For an award to MotionPoint of interest on damages;

9.    For an award to MotionPoint of its costs pursuant to 35 U.S.C. § 284.

10.    For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285, including an award to MotionPoint of attorneys fees; and

11.    For an award to MotionPoint of such other and further relief as the Court deems just and proper.

McDermott Will & Emery LLP
Attorneys At Law
Washington

1  Dated:  October 19, 2011                    Respectfully submitted,

2

3                                              /s/ Alexander Ott
                                               ANTHONY DE ALCUAZ (SBN: 65599)
4                                              PHILIP OU (SBN: 259896)
                                               McDERMOTT WILL & EMERY LLP
5                                              275 Middlefield Road, Suite 100
                                               Menlo Park, CA 94025 4004
6                                              Telephone: (650) 815-7400
                                               Facsimile:  (650) 815-7401
7                                              Email:  adealcuaz@mwe.com
                                                        pou@mwe.com
8

9                                              JOEL M. FREED
                                               ALEXANDER OTT (admitted *pro hac vice*)
10                                             McDERMOTT WILL & EMERY LLP
                                               600 13th Street, N.W., 12th Floor
11                                             Washington, D.C. 20005-3096
                                               Telephone: (202) 756-8000
12                                             Facsimile:  (202) 756-8087
                                               Email:  jfreed@mwe.com
13                                                      aott@mwe.com

14
                                               *Attorneys for Defendant/Counterclaim Plaintiff*
15                                             *MotionPoint Corporation*

16

17

18

19

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

**DEMAND FOR JURY TRIAL**

Defendant and Counterclaim Plaintiff MotionPoint Corporation hereby demands a trial by jury on all issues properly triable to a jury in this action.

Dated:  October 19, 2011

Respectfully submitted,

/s/ Alexander Ott
ANTHONY DE ALCUAZ (SBN: 65599)
PHILIP OU (SBN: 259896)
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025 4004
Telephone: (650) 815-7400
Facsimile:  (650) 815-7401
Email:  adealcuaz@mwe.com
            pou@mwe.com

JOEL M. FREED
ALEXANDER OTT (*pro hac vice*)
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W., 12th Floor
Washington, D.C. 20005-3096
Telephone: (202) 756-8000
Facsimile:  (202) 756-8087
Email:  jfreed@mwe.com
            aott@mwe.com

*Attorneys for Defendant/Counterclaim Plaintiff*
*MotionPoint Corporation*

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON