IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSPERFECT GLOBAL, INC.; TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC.; AND TRANSLATIONS.COM, INC.,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>    v.<br><br>MOTIONPOINT CORPORATION,<br><br>    Defendant/Counterclaim Plaintiff. | No. C 10-2590 CW<br><br>ORDER REGARDING MCDERMOTT WILL & EMERY LLP AND MOTIONPOINT CORPORATION'S MOTION FOR RELIEF FROM ORDER GRANTING TRANSPERFECT'S MOTION FOR DISQUALIFICATION OF COUNSEL, Docket No. 204. |

On May 30, 2012, Plaintiffs and Counterclaim Defendants TransPerfect Global, Inc., TransPerfect Translations International, Inc., and Translations.com, Inc., collectively referred to as Transperfect, moved to disqualify Defendant and Counterclaim Plaintiff MotionPoint Corporation's counsel McDermott Will & Emery, LLP. After holding a hearing, on June 20, 2012, Magistrate Judge Spero granted the motion. On July 6, 2012, McDermott and MotionPoint moved for relief from the nondispositive disqualification order. McDermott and MotionPoint have also petitioned for a writ of mandamus from the Federal Circuit.

Transperfect may submit within seven days a brief, not to exceed eight pages, addressing the limited issue of whether a later-acquired client may obtain disqualification of counsel for an earlier-acquired client. The parties have not pointed to any controlling authority on the issue. Judge Spero's order followed

<u>Fujitsu Limited v. Belken International, et al.</u>, 2010 WL 5387920 (N.D. Cal.), rather than <u>Friskit v. RealNetworks, Inc.</u>, 2007 WL 1994204 (N.D. Cal.). MotionPoint may file a reply, not to exceed four pages, within four days after TransPerfect has responded.

IT IS SO ORDERED.

Dated: ÍĐĞ€ĐFG

CLAUDIA WILKEN
United States District Judge

2