**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRANSPERFECT GLOBAL, INC.;                    No. C 10-2590 CW
TRANSPERFECT TRANSLATIONS
INTERNATIONAL, INC.; AND                      ORDER DENYING
TRANSLATIONS.COM, INC.,                       MOTION FOR RELIEF
                                              FROM JUNE 20, 2012
          Plaintiff/Counterclaim             ORDER GRANTING
          Defendant,                          MOTION FOR
                                              DISQUALIFICATION
     v.                                       OF COUNSEL

MOTIONPOINT CORPORATION,

          Defendant/Counterclaim
          Plaintiff.
_____/

     On May 30, 2012, in this patent infringement case, Plaintiffs

and Counterclaim Defendants TransPerfect Global, Inc.,

TransPerfect Translations, International, Inc., and

Translations.com, Inc., collectively referred to as TransPerfect,

moved to disqualify Defendant and Counterclaim Plaintiff

MotionPoint Corporation's counsel McDermott Will & Emery, LLP.

The motion was referred to Magistrate Judge Spero, who held a

hearing on June 20, 2012, and granted the motion.

     Subsequently, McDermott and MotionPoint moved for relief from

the non-dispositive disqualification order.  The Court permitted

the parties to file supplemental briefing on the limited issue of

whether a later-acquired client may obtain disqualification of

counsel for an earlier-acquired client.  Having considered all of

the parties' submissions, the Court DENIES MotionPoint's motion

for relief from the Magistrate Judge's June 20, 2012 order.

United States District Court
For the Northern District of California

BACKGROUND

TransPerfect commenced this action in June 2010.  Phil Shawe and Elizabeth Elting are the co-Chief Executive Officers and co-owners of TransPerfect.  Shawe and Elting own forty-nine and fifty percent of the company, respectively, and it is undisputed that they are significantly involved in management.  Prior to April 2011, Carlyn S. McCaffrey was a partner at Weil, Gotshal & Manges LLP, and represented Shawe and Elting, providing estate planning services.  In April 2011, McCaffery left Weil to join McDermott, but continued to represent Shawe and Elting at McDermott, even though McDermott was representing MotionPoint in this action.

LEGAL STANDARD

A magistrate judge's order on a non-dispositive pre-trial matter shall be modified or set aside only if the reviewing district court finds that the order is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  An order is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

DISCUSSION

MotionPoint objects to the following portions of the Magistrate Judge's June 20, 2012 order: (1) that TransPerfect's delay in bringing the motion for disqualification of counsel did not warrant denying this motion and (2) that McDermott's representation of Shawe and Elting in unrelated estate planning matters creates a conflict of interest within the meaning of

California Rule of Professional Conduct 3-310(C)(3). Mot. for Relief at 2.

MotionPoint fails to demonstrate that the June 20, 2012 order disqualifying counsel is clearly erroneous or contrary to law. With respect to the delay and other equities presented on the motion for disqualification, the June 20, 2012 order discussed the equities and policy concerns at length and found that MotionPoint cited no California authority denying a disqualification motion based on concurrent representation, rather than successive representation, upon only a finding of delay and prejudice. June 20, 2012 Order at 17.

With respect to MotionPoint's second objection on the ground that McDermott did not breach its duty of loyalty to Shawe and Elting within the meaning of Rule 3-310(C)(3), the holding of the June 20, 2012 order that McDermott's representation of MotionPoint is directly adverse to Shawe and Elting, who together own 99% of TransPerfect, is not clearly erroneous or contrary to law. With respect to the particular issue briefed by the parties on the instant motion, whether a later-acquired client may obtain disqualification of counsel for an earlier-acquired client, MotionPoint has not demonstrated that the June 20, 2012 order should be set aside.

Rule 3-310(C) of the California Rules of Professional Conduct provides,

A member shall not, without the informed written consent of each client:

(1) Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

> (2) Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict; or
>
> (3) Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter.

Rule 3-310(C)(3) "represents a 'per se rule of disqualification which generally prevents an attorney from undertaking a representation which is adverse to a current client.'"  Pour Le Bebe, Inc. v. Guess? Inc., 112 Cal. App. 4th 810, 822 (2003).  See Flatt v. Superior Court, 9 Cal. 4th 275, 284 (1994)("Indeed, in all but a few instances, the rule of disqualification in simultaneous representation cases is a per se or 'automatic' one.").  "Subparagraph (C)(3) is intended to apply to representations of clients in both litigation and transactional matters."  Cal. Rules of Prof. Conduct 3-310 Discussion.

In Truck Insurance Exchange v. Fireman's Fund Insurance Company, 6 Cal. App. 4th 1050, 1057 (1992), the defendant Fireman's Fund Insurance Company (FFIC), which was the firm's first-acquired client, successfully moved to disqualify the firm from representing the plaintiff Truck, which was the later-acquired client.  The firm was asked to represent Truck in litigation against the FFIC and others.  It discovered that it had been defending an entity related to the FFIC in two wrongful termination suits.  The firm informed FFIC of Truck's request for representation.  FFIC objected to the concurrent representation and did not provide written consent.  The firm, nevertheless, proceeded to represent Truck.  The court of appeal affirmed the

**United States District Court**
For the Northern District of California

trial court's order granting FFIC's motion to disqualify the firm because the firm knowingly created the conflict and could not avoid the automatic disqualification rule applicable to concurrent representation by withdrawing from representation of the less favored client.  6 Cal. App. 4th at 1057.  That the firm withdrew from its representation of its FFIC, its first client, did not cure the conflict caused by concurrent representation.

Truck does not address the question presented here, whether a later-acquired client may obtain disqualification of counsel for a pre-existing client.  MotionPoint argues that the court in Truck implicitly held that the duty of loyalty runs to the first-acquired client because the firm was prohibited from withdrawing its representation of the pre-existing client so as to continue to represent the later acquired client.  Def.'s Reply at 3-4 (citing Truck, 6 Cal. App. 4th at 1055-56 (the firm, "knowing that it was representing FFIC in the wrongful termination cases, nevertheless agreed to begin representing Truck against FFIC in the insurance coverage case.")) (emphasis added in Reply Brief).  However, in recognizing the distinction between former representation and concurrent representation, the court of appeal emphasized the concern for the duty of loyalty owed to each client and did not differentiate between an earlier- and later-acquired client in the case of concurrent representation:

> In cases involving the representation of a client against a former client, "the initial question is 'whether the former representation is "substantially related" to the current representation.'  (See Trone v. Smith (9th Cir. 1980) 621 F.2d 994, 998, and authorities cited therein.)"  (Global Van Lines v. Superior Court, [144 Cal. App. 3d 483, 488 (1983)], fn. omitted.)  "Substantiality is present if the factual contexts

of the two representations are similar or related."
(<u>Trone v. Smith</u> (9th Cir. 1980) 621 F.2d 994, 998.)
If a substantial relationship exists, courts will
presume that confidences were disclosed during the
former representation which may have value in the
current relationship. Thus, actual possession of
confidential information need not be proven when
seeking an order of disqualification. (<u>Civil Service
Com. v. Superior Court</u> (1984) 163 Cal.App.3d 70, 79-
80.)

In contrast, in the concurrent representation
context "[t]he principle precluding representing an
interest adverse to those of a current client is
based not on any concern with the confidential
relationship between attorney and client but rather
on the need to assure the attorney's undivided
loyalty and commitment to the client. [Citations.]"
(<u>Civil Service Com. v. Superior Court</u>, <u>supra</u>, 163
Cal.App.3d at p. 78, fn. 1.) This distinction
between former representation and concurrent
representation, and the distinct concerns at issue,
are well recognized: "In contrast to representation
undertaken adverse to a former client,
representation adverse to a present client must be
measured not so much against the similarities in
litigation, as against the duty of undivided loyalty
which an attorney owes to each of his clients."
(<u>Unified Sewerage Agency, etc. v. Jelco Inc.</u> (9th
Cir. 1981) 646 F.2d 1339, 1345, italics in original;
see also <u>Cinema 5, Ltd. v. Cinerama, Inc.</u> (2d Cir.
1976) 528 F.2d 1384, 1386.) If this duty of
undivided loyalty is violated, "public confidence in
the legal profession and the judicial process" is
undermined. (See <u>In re Yarn Processing Patent
Validity Litigation</u> (5th Cir. 1976) 530 F.2d 83,
89.)

<u>Truck</u>, 6 Cal. App. 4th at 1056-57.

In support of their argument that counsel's duty of loyalty

runs to its first client, such that counsel may not be

disqualified from representing an existing client on a motion by a

later-acquired client, MotionPoint and McDermott cite <u>Friskit v.

RealNetworks, Inc.</u>, 2007 WL 1994204 (N.D. Cal.). There, the Chief

Executive Officer and chairman of the defendant company moved to

disqualify a firm representing the plaintiff because, after the

firm had begun representing the plaintiff, the CEO retained the

firm in an unrelated matter.  The court denied a motion for

disqualification and stated that it is "clear that the duty of

loyalty runs to the first client and precludes disqualification at

the instance of the later-acquired client." Friskit, 2007 WL

1994204 at *1.

The Magistrate Judge expressly rejected MotionPoint's

reliance on Friskit in favor of the reasoning set forth in Fujitsu

Limited v. Belken International, et al., 2010 WL 5387920 (N.D.

Cal.).  June 20, 2012 Order at 15-16.  In Fujitsu, the defendant

Netgear moved to disqualify the law firm of Baker Botts, which

concurrently represented the plaintiff Fujitsu.  Fujitsu was Baker

Bott's first-acquired client, while Netgear was the firm's later-

acquired client.  Baker Botts conceded that, during the period of

concurrent representation, Fujitsu and Netgear were adverse to

each other and it had simply "overlooked the adversity between

Fujitsu and Netgear" at the time that Netgear engaged the firm to

represent it.  2010 WL 5387920 at *3.  Baker Botts argued that it

cured the defect by withdrawing from its representation of

Netgear, the second client.  Citing Truck, Baker Botts contended

that California law prohibited counsel from withdrawing its

representation of a pre-existing client in favor of a new client,

but allowed counsel to withdraw from representing the later-

acquired client.  2010 WL 5387920 at *6.  The court, however,

rejected that view.  In Fujitsu, the court determined that Truck

did not distinguish between pre-existing and later-acquired

clients and cited subsequent state appellate court authority

holding that "'a lawyer may not avoid the automatic

disqualification rule inapplicable to concurrent representation of

United States District Court
For the Northern District of California

conflicting interests by unilaterally converting a present client into a former client.'"  2010 WL 5387920 at *7 (quoting <u>Pour Le Bebe, Inc. v. Guess? Inc.</u>, 112 Cal. App. 4th 810, 822 (2003)).

    In granting the motion for disqualification, the Magistrate Judge agreed with the analysis of California law set forth in <u>Fujitsu</u> and held that the per se rule of disqualification applies to McDermott's concurrent representation conflict.  Having considered the relevant authority, the Court determines that the June 20, 2012 order was not clearly erroneous or contrary to law.

CONCLUSION

    For the reasons set forth above, MotionPoint's motion for relief from the Magistrate Judge's June 20, 2012 order is denied. Docket No. 204.

    IT IS SO ORDERED.

Dated: 9/11/2012

CLAUDIA WILKEN
United States District Judge