IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRANSPERFECT GLOBAL, INC., et al.          No. C 10-2590 CW

      Plaintiffs,                          ORDER GRANTING IN PART
                                           ADMINISTRATIVE
    v.                                     MOTION TO SEAL
                                           (Docket No. 244)
MOTIONPOINT CORP.,

      Defendant.
_____/

United States District Court
For the Northern District of California

Plaintiffs Transperfect Global, Inc., Transperfect Translations, Inc., and Translations.com, Inc. seek leave to file under seal portions of Joseph H. Lee's declaration in support of their opening claim construction brief and motion for summary judgment. The parties have filed a stipulation agreeing that these documents should be filed under seal. Docket No. 245.

The Lee declaration is connected with a dispositive motion. Thus, to establish that portions of the declaration are sealable, Plaintiffs "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). Civil Local Rule 79-5(a) states that a "stipulation . . . will not suffice to allow the filing of documents under seal." It further requires that every sealing request "be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(a).

Having reviewed the Declaration of L. Okey Onyejekwe filed in support of the motion to seal, the Court finds that Plaintiffs

have demonstrated compelling reasons to seal Exhibits 16 and 17 of the Lee declaration, which contain proprietary information about Transperfect's business operations and technology.

Plaintiffs have not, however, established compelling reasons for sealing in full Exhibits 13, 14, and 15 of the Lee declaration, which contain various expert reports. Although certain parts of these reports may be sealable, significant portions of them are not. See, e.g., Lee Decl., Ex. 13, at 1-4; Ex. 15, at 1-4 (describing experts' qualifications, compensation rates, and prior testimony in other cases); Ex. 13, at 4-7; Ex. 14, at 2-6; Ex. 15, at 5-6 (summarizing experts' understandings of legal standards); Ex. 13, at 7-22; Ex. 14, at 6-25; Ex. 15, at 7-21 (describing background technology or other publicly available information from the U.S. Patent & Trademark Office). Accordingly, Plaintiffs' blanket assertion that these reports contain "confidential and proprietary information regarding the technical details of [Transperfect] products," Onyejekwe Decl. ¶¶ 5-7, does not justify sealing these reports in their entirety. Courts in this district are typically reluctant to permit the sealing of expert reports without a more detailed explanation of how the parties would be harmed by their disclosure. See, e.g., Fujitsu Ltd. v. Belkin Int'l, Inc., 2012 WL 6019754, at *3 (N.D. Cal.) ("To the extent that Defendants contend that these [expert reports] must be sealed because the descriptions of Defendants' accused products constitute trade secrets, Defendants have not identified any details to support such a designation."); Abaxis, Inc. v. Cepheid, 2012 WL 3255600, at *3 (N.D. Cal.) ("[I]f [the plaintiff] seeks to seal trade secrets contained in any portion of

Dr. William's expert report . . ., [the plaintiff] must submit a narrowly tailored motion.").

CONCLUSION

For the reasons set forth above, Plaintiffs' administrative motion to file under seal (Docket No. 244) is GRANTED in part and DENIED in part.  The Court grants Plaintiffs leave to file under seal Exhibits 16 and 17 of the Lee declaration.  Within one week of this order, Plaintiffs shall file Exhibits 13, 14, and 15 of the Lee declaration in the public record or file a renewed motion to seal, accompanied by a supporting declaration, that identifies the specific portions of those documents that are "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  Civil L.R. 79-5(a).

The parties' stipulation (Docket No. 245) is APPROVED insofar as it conforms with this order.

IT IS SO ORDERED.

Dated: 1/17/2013

CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California

3