IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSPERFECT GLOBAL, INC., et al. | No. C 10-2590 CW |
| Plaintiffs, | ORDER RESOLVING MOTIONS TO SEAL (Docket Nos. 249, 250, 253, 258) |
| v. | |
| MOTIONPOINT CORP., | |
| Defendant. | |

Plaintiffs Transperfect Global, Inc., Transperfect Translations, Inc., and Translations.com, Inc. have filed a renewed motion to file under seal Exhibits 13-15 of Joseph H. Lee's declaration in support of their opening claim construction brief and motion for summary judgment. Docket No. 249. They have also filed a motion to seal portions of their reply in support of their motion for claim construction and summary judgment and Exhibits 1-8 of the Declaration of Michael B. Eisenberg. Docket No. 253. Because both of Plaintiffs' motions to seal are supported by sworn declarations and are narrowly tailored to seek sealing only of confidential trade secrets, the Court grants both motions.

Defendant MotionPoint Corporation has also filed two motions to file documents under seal. In its first motion, it seeks to seal portions of (1) its cross-motion and opposition to Plaintiffs' motion for claim construction and summary judgment; (2) Exhibits 5, 7, 9, and 10 to the Declaration of Gregory C. Wyckoff; and (3) the Declaration of Jeffrey S. Chase. Docket No. 250. Having reviewed the Declaration of Meghan E. Bordonaro filed

in support of the motion, the Court finds that Defendant has demonstrated compelling reasons to seal portions of its brief and Exhibits 9 and 10 of the Wyckoff declaration, each of which contains proprietary information concerning Defendant's technology and internal business operations.  The Court does not, however, find compelling reasons to seal portions of the Chase declaration or Exhibits 5 and 7 to the Wyckoff declaration.  Defendant stated in its motion that Plaintiffs, who designated these documents confidential, would file a declaration supporting sealing of these documents within seven days of its motion pursuant to Civil Local Rule 79-5(d).  Because Plaintiffs failed to do so, the motion is denied with respect to these documents.

The same analysis applies to Defendant's second motion to seal.  Docket No. 258.  That motion and the accompanying Declaration of Meghan E. Bordonaro demonstrate compelling reasons to seal Exhibit 20 and paragraphs 217-22 and 417-22 of Exhibit 16 to the Wyckoff declaration, which contain descriptions of Defendant's proprietary technology.  The motion stated that Plaintiffs would subsequently file a declaration supporting sealing of the documents they designated confidential: namely, Exhibit 20 and paragraph 423 of Exhibit 16 to the Wyckoff declaration.  Because Plaintiffs failed to file such a declaration, the motion is denied with respect to these documents.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motions to file under seal (Docket Nos. 249 & 253) are GRANTED.  Within two days of this order, Plaintiffs shall file redacted versions of the following documents in the public record: Exhibits 13-15 of the

2

1  Declaration of Joseph H. Lee; TransPerfect's Reply Claim
2  Construction Brief, Reply In Support of Its Motion for Summary
3  Judgment, and Opposition to MotionPoint's Motion for Summary
4  Judgment; and Exhibits 1-8 of the Declaration of Michael B.
5  Eisenberg.
6      Defendant's motions to file under seal (Docket Nos. 250, 258)
7  are GRANTED in part and DENIED in part.  Within two days of this
8  order, Plaintiffs must file a declaration demonstrating with
9  particularity the need to file under seal every document or
10 portion thereof listed in Defendant's sealing motions that
11 Plaintiffs designated as confidential.  If Plaintiffs fail to do
12 so, Defendant shall file unredacted versions of these documents in
13 the public record.
14     IT IS SO ORDERED.

Dated: 2/26/2013

CLAUDIA WILKEN
United States District Judge