IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSPERFECT GLOBAL, INC., TRANSPERFECT TRANSLATIONS INT'L, INC., and TRANSLATIONS.COM, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOTIONPOINT CORP., <br><br> Defendant. | No. C 10-2590 CW <br><br> ORDER GRANTING IN PART TRANSPERFECT'S MOTION TO SEAL; DENYING MOTIONPOINT'S MOTION TO SEAL (Docket Nos. 288 & 296) |

Plaintiffs Transperfect Global, Inc., Transperfect Translations International, Inc., and Translations.com, Inc. (collectively, Transperfect) move to seal portions of their motions in limine and several exhibits in support thereof. In addition, Defendant MotionPoint Corporation moves to seal portions of several exhibits in support of its motions in limine as well as several exhibits in support of its trial brief. After reviewing the parties' submissions, the Court grants Transperfect's motion to seal in part and denies it in part and denies MotionPoint's motion to seal.

I.  Transperfect's Motion to Seal

   A.  Excerpts of Motions in Limine

The public interest favors filing all court documents in the public record. Thus, any party seeking to file a document under seal must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material

is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  See Civil Local Rule 79-5(a).

Here, Transperfect has not provided good cause for redacting the excerpts on page 20 of its motions in limine.  Specifically, it has failed to explain why its alleged efforts to acquire MotionPoint more than five years ago should be shielded from public view today.

Transperfect has also failed to justify redacting the excerpt on page 12 of its motions in limine.  Its supporting declaration states that this excerpt "describes confidential aspects of MotionPoint's technologies which MotionPoint has requested be kept confidential so as not to harm its competitive interests." Declaration of L. Okey Onyejekwe ¶ 3.[1]  In fact, the excerpt does not describe any aspect of MotionPoint's technology, confidential or otherwise; rather, it summarizes one expert's view of the relationship between MotionPoint's patents and prior art.  This information is not sealable.

Transperfect's request to seal the excerpts on page 10 of its motions in limine is granted because it has provided good cause for sealing this content.

B.   Gabriel Gross's Declaration

Transperfect has not provided good cause for sealing Exhibits B, C, D, J, and Q to Gabriel Gross's declaration in support of Transperfect's motions in limine.  Exhibits B, C, and J describe

---

[1] Although Civil Local Rule 79-5(d) permitted MotionPoint seven days to file a declaration supporting its designation of this material as sealable, MotionPoint did not file any such declaration.

2

the opinions of one expert, Ned Barnes, regarding MotionPoint's alleged economic damages. Although Transperfect asserts that these exhibits include "sensitive information relating to TransPerfect's finances," id. ¶ 2, a close reading of the exhibits reveals that they do not. Likewise, Exhibits D and Q -- which describe the opinions of another expert, Dr. Jeffrey Chase -- do not appear to include any "trade secrets related to the functionality of Transperfect's products and technologies," as Transperfect contends. Id.

Exhibit A, in contrast, does contain information about Transperfect's proprietary technology. Accordingly, because Transperfect has provided good cause for sealing this content, this exhibit may be filed under seal.

II. MotionPoint's Motion to Seal

A. Meghan Bordonaro's Declaration

MotionPoint seeks to seal Exhibits 1, 2, 4, 5, and 18 of Meghan Bordonaro's declaration in support of its motions in limine.[2] It has not provided good cause to seal any of these exhibits.

Exhibits 1, 2, 4, and 5 contain excerpts of various deposition transcripts which, according to MotionPoint, describe "confidential and competitively sensitive information." Declaration of Meghan E. Bordonaro in Support of MotionPoint's Motion to Seal ¶ 6. A review of these transcripts, however,

---

[2] MotionPoint initially moved to seal Exhibits 12, 13, and 21 of Bordonaro's declaration because Transperfect designated these exhibits confidential. However, after MotionPoint submitted its sealing motion, Transperfect withdrew its confidential designation of these exhibits and stated that they may be filed in the public record.

3

reveals that they contain a significant amount of non-confidential information. The transcripts describe, for instance, one MotionPoint employee's prior work history, another MotionPoint employee's physical appearance, MotionPoint's allegations of infringement, and certain technologies claimed in MotionPoint's patents. None of this information is sealable. Although the transcripts may contain other information that is potentially sealable, MotionPoint has not explained in any detail why this information is sensitive or how it would be harmed if the information is disclosed.

MotionPoint has also failed to justify sealing Exhibit 18 of Bordonaro's declaration, which contains a two-hundred page excerpt of Dr. Paul Clark's expert report. The report describes various technologies disclosed in the patents-in-suit -- often quoting the patents at length -- and summarizes the parties' claim construction disputes. This information is public and, therefore, not sealable. MotionPoint has failed to identify any excerpts from the report that contain descriptions of proprietary technologies not previously disclosed in its patents.

Accordingly, MotionPoint's motion to seal Exhibits 1, 2, 4, 5, and 18 of Bordonaro's declaration is denied.

B.  Gregory Wyckoff's Declaration

MotionPoint seeks to seal Exhibits 10-16 of Gregory Wyckoff's declaration in support of its brief on disputed issued of law. Exhibit 10 contains a short excerpt of Enrique Travieso's deposition testimony in which Travieso describes how he and his colleagues collaborated to develop the technology disclosed in certain MotionPoint patents. The excerpt does not describe any

4

element of MotionPoint's proprietary technology -- indeed, it is not even clear from the excerpt what aspects of the technology Travieso is discussing -- and does not reveal any sensitive business information. Accordingly, this excerpt is not sealable.

Exhibits 11-16 of Wyckoff's declaration contain copies of e-mails exchanged internally by MotionPoint employees. MotionPoint has not offered any explanation as to why these e-mails are sensitive or how it would be harmed if these e-mails are ultimately disclosed. Most of these e-mails describe MotionPoint's translation system in general terms without providing any details about the technology itself. What's more, the e-mails appear to discuss elements of MotionPoint's translation system that MotionPoint itself planned to disclose in order to attract potential clients. Thus, MotionPoint's conclusory assertion that these e-mails contain sensitive information is insufficient to justify sealing these exhibits.

## CONCLUSION

For the reasons set forth above, Transperfect's motion to seal (Docket No. 288) is GRANTED in part and DENIED in part. Within three days of this order, Transperfect shall file Exhibits B, C, D, J, and Q of Gross's declaration in the public record. In addition, it shall file a new version of its motions in limine in the public record after redacting the information on page 10. No other information may be redacted from its motions in limine.

MotionPoint's motion to seal (Docket No. 296) is DENIED. Within three days of this order, MotionPoint shall file publicly Exhibits 1, 2, 4, 5, and 18 of Bordonaro's declaration in support of its motions in limine. In addition, it must file publicly

5

Exhibits 10-16 of Wyckoff's declaration in support of its brief on disputed issues of law.

IT IS SO ORDERED.

Dated: 6/3/2013

CLAUDIA WILKEN
United States District Judge