IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSPERFECT GLOBAL, INC., TRANSPERFECT TRANSLATIONS INT'L, INC., and TRANSLATIONS.COM, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MOTIONPOINT CORP.,<br><br>Defendant. | No. C 10-2590 CW<br><br>ORDER RESOLVING MOTIONS IN LIMINE (Docket Nos. 288, 290) |

On June 5, 2013, the Court held a pretrial conference and heard arguments regarding the parties' motions in limine. After considering the parties' oral argument and submissions, the Court now issues the following rulings:

I. TransPerfect's Motions in Limine

No. 1 - Unopposed Motion To Exclude References to the Expert Opinions of Martin Haeberli: This motion is GRANTED. Dr. Chase's response to Haeberli is also excluded.

No. 2 - Motion to Exclude Evidence of Infringement Based On Comparisons Between the Parties' Respective Products and Services: This motion is GRANTED. MotionPoint may, however, present product-comparison evidence to support its invalidity defenses.

No. 3 - Motion to Exclude Evidence or Argument that MotionPoint's Invention Requires a "Turnkey" System, Avoidance of "Client-Side IT Work," or Similar Characterizations: This motion is DENIED. Although MotionPoint may not misrepresent the nature of its patent claims, it is not precluded from using the terms, "turnkey," "avoidance of client-side IT work," or similar

characterizations to describe the alleged benefits of its inventions at trial.

No. 4 – Motion to Exclude Evidence or Argument of Infringement Based on the Doctrine of Equivalents Under the Doctrines of Prosecution History Estoppel and Claim Vitiation: This motion is GRANTED. MotionPoint may still present argument and evidence of literal infringement.

No. 5 – Motion to Exclude Evidence or Argument That TransPerfect's Patents Are Less Valuable, Valid, or Legitimate Because TransPerfect Did Not Apply for the Patents Itself: This motion is DENIED. MotionPoint may not argue that TransPerfect's patents are invalid because of the manner in which TransPerfect acquired them. MotionPoint may, however, present evidence relating to TransPerfect's purchase of the patents -- such as the price TransPerfect paid -- for other purposes, including proof of damages.

No. 6 – Motion to Exclude the Testimony of William Fleming as Inadmissible Hearsay: This motion is GRANTED. Fleming may not testify about what MotionPoint's clients and prospective clients said to him about MotionPoint's products or services. Nor may he testify about any comments that TransPerfect employees allegedly made to MotionPoint employees, who subsequently relayed those comments to Fleming. If any TransPerfect representatives expressed their doubts about the validity of TransPerfect's patents to Fleming <u>directly</u>, those comments may be admissible as statements against interest.

No. 7 – Motion to Exclude Evidence or Argument Regarding Non-Obviousness Based on Secondary Indicia Due to a Lack of a Nexus:

2

This motion is DENIED. The existence of a nexus is a question of fact.

No. 8 - Motion to Exclude Evidence or Argument That Material Added to a Patent Application Is Effective as Prior Art Against a Patent with an Earlier Filing Date: This motion is DENIED. This involves questions of fact.

No. 9 - Motion to Exclude Evidence or Argument Based on Third-Party Websites: This motion is DENIED.

No. 10 - Motion to Exclude Evidence or Argument About MotionPoint's State of Mind Concerning the Alleged Infringement and Invalidity of TransPerfect's Patents: This motion is GRANTED. MotionPoint's state of mind regarding the alleged infringement and invalidity of TransPerfect's patents is not relevant in light of TransPerfect's decision to abandon its willful infringement claims.

No. 11 - Motion to Exclude Evidence or Argument Regarding MotionPoint's "Price Erosion" Theory of Damages: This motion is DENIED as moot. MotionPoint stated at the pretrial conference that it will not seek price erosion damages.

No. 12 - Motion to Exclude Evidence or Argument That MotionPoint Is Entitled to Damages Based on a Theory of Infringement for Which it Disclosed No Quantification of Damages: This motion is GRANTED. MotionPoint represents that it will not seek damages that it has not quantified.

No. 13 - Motion to Exclude Evidence or Argument Concerning Past Discussions Between the Parties Regarding the Possible sale of MotionPoint to TransPerfect: This motion is DENIED.

3

No. 14 - Motion to Exclude Evidence or Argument Regarding TransPerfect's Trademarks, Which Are Not the Subject of This Litigation: This motion is GRANTED.

II. MotionPoint's Motions in Limine

No. 1 - Motion to Exclude References to the Ongoing Re-examinations of MotionPoint's Patents: This motion is DENIED.  The Federal Circuit has held that "non-final re-examination determinations are of little relevance to the jury's independent deliberations on the factual issues underlying the question of obviousness."  Callaway Golf Co. v. Acushnet Co., 576 F.3d 1331, 1343 (Fed. Cir. 2009) (upholding district court decision to exclude evidence from parallel re-examination proceedings at trial); see also Oracle Am., Inc. v. Google Inc., 2012 WL 1189898, at *3 (N.D. Cal.) (excluding evidence from non-final re-examination proceedings because the "probative value is outweighed by the time and confusion that would be involved").  Here, none of the pending re-examinations of MotionPoint patents has resulted in a final action by the U.S. Patent and Trademark Office (PTO).[1]  Thus, evidence from these re-examinations must be excluded.

No. 2 - Motion to Preclude All References to the Alleged Trespass on TransPerfect's Property by Unknown Persons: This motion is GRANTED.

---

[1] Although TransPerfect characterizes the recent Action Closing Prosecution issued in the '216 patent re-examination as a final action, the PTO's Manual of Patent Examining Procedure makes clear that it is not.  See Manual of Patent Examining Procedure § 2671.02 (8th ed.) ("Although an Action Closing Prosecution (ACP) has many attributes similar to a 'final rejection' made in an ex parte reexamination proceeding or in a non-provisional application, it is not a final action." (emphasis added)).

4

No. 3 - Motion to Exclude Evidence Suggesting that MotionPoint Attempted to Learn About its Competitors through Subterfuge: This motion is GRANTED in part.  TransPerfect may not present evidence that MotionPoint employees or agents posed as prospective TransPerfect customers to investigate the possible infringement of patents asserted in this litigation.

No. 4 - Motion to Exclude Evidence and Argument Regarding the WizTom White Paper: This motion is DENIED.

No. 5 - Motion to Exclude Evidence and Argument Concerning the Jujitsu Presentation Because It Does Not Constitute Prior Art under 35 U.S.C. § 102: This motion is DENIED.

No. 7 - Motion to Exclude Evidence and Argument relating to WizTom and WebBudget Because They Do Not Qualify As Prior Art under 35 U.S.C. § 102(g): This motion is DENIED.  The parties dispute whether WizTom and WebBudget were available for use in the United States before MotionPoint's invention was conceived.  Because this is a factual question, it must be resolved by the jury.

No. 8 - Motion to Exclude Evidence and Argument Relating to Idiom WorldServer: This motion is DENIED.

No. 9 - Motion in Limine to Exclude Unauthenticated Printouts from an Archive Website: This motion is DENIED.  TransPerfect shall produce authentication for the thirteen new printouts within three days of this order.

No. 10 - Motion to Preclude TransPerfect from Relying on the Doctrine of Equivalents to Prove its Infringement Claims: This motion is GRANTED.

No. 12 - Motion to Exclude Evidence or Argument Regarding Non-Obviousness Based on Secondary Indicia Due to a Lack of a Nexus: This motion is DENIED.

No. 15 - Motion to Exclude All References or Evidence Related to TransPerfect's Co-Founder and Co-CEO: This motion is DENIED.

III. Remaining Motions in Limine

At the pretrial conference, the parties indicated that they had reached an agreement as to the resolution of several of MotionPoint's motions in limine, specifically Nos. 6, 11, 13, 14, and 16. Accordingly, the parties are directed to file a stipulation within three days of this order detailing their agreement.

IT IS SO ORDERED.

Dated: 6/10/2013

CLAUDIA WILKEN
United States District Judge

6