IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSPERFECT GLOBAL, INC., TRANSPERFECT TRANSLATIONS INT'L, INC., and TRANSLATIONS.COM, INC.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MOTIONPOINT CORP.,<br><br>    Defendant. | No. C 10-2590 CW<br><br>ORDER GRANTING IN PART TRANSPERFECT'S MOTION TO SEAL; DENYING MOTIONPOINT'S MOTION TO SEAL (Docket Nos. 314 & 316) |

Plaintiffs TransPerfect Global, Inc., TransPerfect Translations International, Inc., and Translations.com, Inc. (collectively, TransPerfect) move to seal portions of their response to Defendant MotionPoint Corporation's motions in limine and several of its supporting exhibits.  MotionPoint moves to seal portions of its response to TransPerfect's motions in limine, its response to TransPerfect's brief on disputed issues of law, and several supporting exhibits.  After reviewing the parties' submissions, the Court grants TransPerfect's motion to seal in part and denies it in part and denies MotionPoint's motion to seal.

I.    TransPerfect's Motion to Seal

TransPerfect seeks to seal various excerpts from pages 20 through 24 of its response to MotionPoint's motions in limine as well as Exhibits 23-26 and 28 to L. Okey Onyejekwe's declaration in support thereof.  It contends that these excerpts and exhibits contain information about TransPerfect's proprietary technology and sensitive financial information.  After reviewing these

documents the Court finds that TransPerfect has provided good cause for sealing the excerpts on pages 20, 22, and 23 (lines 1-3 only) of its response as well as Exhibits 23-28 to Onkejekwe's declaration. TransPerfect has not, however, provided good cause for sealing the excerpts on pages 23 (lines 25-28) and 24 (lines 1-3) and Exhibit 28 to Onkejekwe's declaration. These excerpts do not discuss -- or even mention -- any sensitive information about TransPerfect's finances and, thus, may not be sealed.

In addition to the documents discussed above, TransPerfect seeks to seal various excerpts and exhibits that MotionPoint has designated confidential. After reviewing these excerpts and exhibits, the Court finds that none of them is sealable. Civil Local Rule 79-5(a) only permits information to be sealed if it is "privileged or protectable as a trade secret or otherwise entitled to protection under the law." MotionPoint cannot seal exhibits or excerpts of TransPerfect's brief merely because they contain allegations about MotionPoint employees. Accordingly, the excerpts on pages 5-14 of TransPerfect's response brief and Exhibits 7-10, 13, and 29-31 to Onkejekwe's declaration may not be sealed.

II. MotionPoint's Motion to Seal

MotionPoint moves to seal (1) several excerpts from its response to TransPerfect's motions in limine; (2) over twenty exhibits to Meghan Bordonaro's declaration supporting that response; and (3) its response to TransPerfect's brief on disputed issues of law. These excerpts and exhibits contain a significant amount of non-sealable information, including descriptions of the patents-in-suit and excerpts of reports that the Court has

2

previously refused to seal.[1]  The documents also discuss discounts MotionPoint offered prospective clients several years ago, TransPerfect's efforts to purchase MotionPoint several years ago, and MotionPoint's efforts to compete with TransPerfect for clients several years ago.  MotionPoint has not explained in any detail how the disclosure of any of this information would harm its business today.  Accordingly, MotionPoint's motion to seal is denied.

CONCLUSION

For the reasons set forth above, TransPerfect's motion to seal (Docket No. 316) is GRANTED in part and DENIED in part. Within two days of this order, TransPerfect shall file Exhibits 23-26 to Onkejekwe's declaration in the public record.  In addition, it shall publicly file its response to MotionPoint's motions in limine after redacting the information outlined above.

MotionPoint's motion to seal (Docket No. 314) is DENIED. Within two days of this order, MotionPoint shall publicly file every previously sealed exhibit to Bordonaro's declaration.  It shall also publicly file unredacted versions of its response to TransPerfect's motions in limine and its response to TransPerfect's brief on disputed issues of law.

IT IS SO ORDERED.

Dated:  June 19, 2013

CLAUDIA WILKEN
United States District Judge

---

[1] Some of these excerpts and exhibits were designated confidential by TransPerfect rather than MotionPoint.  However, TransPerfect failed to file a declaration supporting its confidential designation of this information as it was required to do under Civil Local Rule 79-5(d).

3