1            IN THE UNITED STATES DISTRICT COURT

2         FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4  TRANSPERFECT GLOBAL, INC.,                No. C 10-2590 CW
   TRANSPERFECT TRANSLATIONS INT'L,
5  INC., and TRANSLATIONS.COM, INC.,         AMENDED ORDER
                                             GRANTING IN PART
6           Plaintiffs,                      TRANSPERFECT'S
                                             MOTION TO SEAL;
7       v.                                   DENYING
                                             MOTIONPOINT'S
8  MOTIONPOINT CORP.,                        MOTION TO SEAL
                                             (Docket Nos. 314 &
9           Defendant.                       316)
   _____/
10

11       Plaintiffs TransPerfect Global, Inc., TransPerfect

12  Translations International, Inc., and Translations.com, Inc.

13  (collectively, TransPerfect) move to seal portions of their

14  response to Defendant MotionPoint Corporation's motions in limine

15  and several of its supporting exhibits.  MotionPoint moves to seal

16  portions of its response to TransPerfect's motions in limine, its

17  response to TransPerfect's brief on disputed issues of law, and

18  several supporting exhibits.  After reviewing the parties'

19  submissions, the Court grants TransPerfect's motion to seal in

20  part and denies it in part and denies MotionPoint's motion to

21  seal.

22  I.   TransPerfect's Motion to Seal

23       TransPerfect seeks to seal various excerpts from pages 20

24  through 24 of its response to MotionPoint's motions in limine as

25  well as Exhibits 23-26 and 28 to L. Okey Onyejekwe's declaration

26  in support thereof.  It contends that these excerpts and exhibits

27  contain information about TransPerfect's proprietary technology

28  and sensitive financial information.  After reviewing these

**United States District Court**
For the Northern District of California

documents the Court finds that TransPerfect has provided good

cause for sealing the excerpts on pages 20, 22, and 23 (lines 1-3

only) of its response as well as Exhibits 23-26 to Onkejekwe's

declaration.  TransPerfect has not, however, provided good cause

for sealing the excerpts on pages 23 (lines 25-28) and 24 (lines

1-3) and Exhibit 28 to Onkejekwe's declaration.  These excerpts do

not discuss -- or even mention -- any sensitive information about

TransPerfect's finances and, thus, may not be sealed.

In addition to the documents discussed above, TransPerfect

seeks to seal various excerpts and exhibits that MotionPoint has

designated confidential.  After reviewing these excerpts and

exhibits, the Court finds that none of them is sealable.  Civil

Local Rule 79-5(a) only permits information to be sealed if it is

"privileged or protectable as a trade secret or otherwise entitled

to protection under the law."  MotionPoint cannot seal exhibits or

excerpts of TransPerfect's brief merely because they contain

allegations about MotionPoint employees.  Accordingly, the

excerpts on pages 5-14 of TransPerfect's response brief and

Exhibits 7-10, 13, and 29-31 to Onkejekwe's declaration may not be

sealed.

II.  MotionPoint's Motion to Seal

MotionPoint moves to seal (1) several excerpts from its

response to TransPerfect's motions in limine; (2) over twenty

exhibits to Meghan Bordonaro's declaration supporting that

response; and (3) its response to TransPerfect's brief on disputed

issues of law.  These excerpts and exhibits contain a significant

amount of non-sealable information, including descriptions of the

patents-in-suit and excerpts of reports that the Court has

1 previously refused to seal.[1]  The documents also discuss discounts

2 MotionPoint offered prospective clients several years ago,

3 TransPerfect's efforts to purchase MotionPoint several years ago,

4 and MotionPoint's efforts to compete with TransPerfect for clients

5 several years ago.  MotionPoint has not explained in any detail

6 how the disclosure of any of this information would harm its

7 business today.  Accordingly, MotionPoint's motion to seal is

8 denied.

CONCLUSION

10      For the reasons set forth above, TransPerfect's motion to

11 seal (Docket No. 316) is GRANTED in part and DENIED in part.

12 Within two days of this order, TransPerfect shall file Exhibit 28

13 to Onkejekwe's declaration in the public record.  In addition, it

14 shall publicly file its response to MotionPoint's motions in

15 limine after redacting the information outlined above.

16      MotionPoint's motion to seal (Docket No. 314) is DENIED.

17 Within two days of this order, MotionPoint shall publicly file

18 every previously sealed exhibit to Bordonaro's declaration.  It

19 shall also publicly file unredacted versions of its response to

20 TransPerfect's motions in limine and its response to

21 TransPerfect's brief on disputed issues of law.

22      IT IS SO ORDERED.

23

24 Dated: June 25, 2013                    CLAUDIA WILKEN
                                          United States District Judge
25

26

27      [1] Some of these excerpts and exhibits were designated confidential
   by TransPerfect rather than MotionPoint.  However, TransPerfect failed
   to file a declaration supporting its confidential designation of this
28 information as it was required to do under Civil Local Rule 79-5(d).