DOUGLAS E. LUMISH (Bar No. 183863)
doug.lumish@lw.com
JEFFREY G. HOMRIG (Bar No. 215890)
jeff.homrig@lw.com
GABRIEL S. GROSS (Bar No. 254672)
gabe.gross@lw.com
NIKOLAUS A. WOLOSZCZUK (Bar No. 286633)
nick.woloszczuk@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, California 94025
Tel: (650) 328-4600; Fax: (650) 463-2600

JOSEPH. H. LEE (Bar No. 248046)
joseph.lee@lw.com
LATHAM & WATKINS LLP
750 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Tel: (714) 540-1253; Fax: (714) 755-8290

MICHAEL B. EISENBERG (*pro hac vice*)
michael.eisenberg@lw.com
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Tel: (212) 906-1200; Fax (212) 751-4864

*Attorneys for Plaintiffs/Counterclaim Defendants*
*TransPerfect Global, Inc.; TransPerfect Translations*
*International, Inc.; and Translations.com, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRANSPERFECT GLOBAL, INC., TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC., AND TRANSLATIONS.COM, INC., | Case No. CV 10-02590 CW (JCS) |
| Plaintiffs/Counterclaim-Defendants, | **TRANSPERFECT'S NOTICE OF BILL OF COSTS AND BILL OF COSTS** |
| v. | Judge:   Hon. Claudia Wilken |
| MOTIONPOINT CORPORATION, | |
| Defendant/Counterclaimant. | |

TO THE CLERK OF THE COURT, TO DEFENDANT AND COUNTERCLAIM PLAINTIFF MOTIONPOINT CORPORATION, AND TO COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 54(d)(1) and Civil L.R. 54-1, Plaintiffs and Counterclaim Defendants TransPerfect Global, Inc., TransPerfect Translations International, Inc., and Translations.com, Inc. (collectively "TransPerfect") hereby submit their Bill of Costs.  TransPerfect's Bill of Costs is based on this Notice, the summary of costs below, the accompanying declaration of Nikolaus A. Woloszczuk and attached exhibits with the itemized costs, the pleadings, orders and papers on file herein, and any matters of which the Court may take judicial notice, and additional evidence and argument as may be later presented.

**Bill of Costs**

On November 15, 2013, this Court entered judgment in the above-entitled action against Defendant and Counterclaimant MotionPoint Corporation, and ordered that TransPerfect recover its costs.  (D.N. 467.)  Pursuant to Fed. R. Civ. P. 54(d)(1) and Civil L.R. 54-1, TransPerfect respectfully requests the Clerk to tax the following as costs:

| | |
|---|---|
| Civil L.R. 54-3(a) (Fees for Filing and Service of Process) | $16,206.90 |
| Civil L.R. 54-3(b) (Reporters' Transcripts) | $20,449.57 |
| Civil L.R. 54-3(c) (Depositions) | $111,091.83 |
| Civil L.R. 54-3(d) (Reproduction and Exemplification) | $94,627.81 |
| Civil L.R. 54-3(e) (Witness Expenses) | $10,418.36 |
| Total Costs | $252,794.47 |

1.    Clerk's Filing Fees and Service of Subpoenas

28 U.S.C. § 1920(1) permits recovery of "fees of the clerk and marshal," in this district this includes both fees paid directly to the Court Clerk and the costs of private service of

2

1   subpoenas.  Civ. L.R. 54-3(a)(2).  TransPerfect incurred clerk fees of $1,475 for filing court

2   documents and pro hac vice admissions, and $14,731.90 for service of subpoenas.  While there is

3   no rule regarding pro hac vice fees in the 9th Circuit, this Court has allowed recovery of such

4   fees.  *Kalitta Air, LLC v. Cent. Tex. Airborne Sys.*, No. C 96-2494, 2012 U.S. Dist. LEXIS

5   172679, *8 (N.D. Cal. Dec. 5, 2012).  These necessary costs are documented in Exhibit A and

6   summarized below.

7          2.      Reporters' Transcripts of Hearings

8          28 U.S.C. § 1920 allows recovery of "fees for printed or electronically recorded

9   transcripts necessarily obtained for use in the case."  Civil L.R. 54-3(b)(1) additionally specifies

10  that "the costs of transcripts necessarily obtained for an appeal is allowable."  Courts in this

11  district have found transcripts taxable where the hearing "was of paramount importance in the

12  case."  *See MEMC Elec. Materials v. Mitsubishi Materials,* No. C-01-4925, 2004 U.S. Dist.

13  LEXIS 29359, *8-9 (N.D. Cal. Oct. 22, 2004) (approving of transcripts costs for Markman

14  hearing); *eBay Inc. v. Kelora Sys., LLC,* C 10-4947, 2013 WL 1402736, *11 (N.D. Cal. Apr. 5,

15  2013) (allowing cost of transcript from summary judgment and non-infringement hearing).

16         TransPerfect also incurred costs obtaining transcripts for each day of trial, these

17  transcripts were necessarily obtained in anticipation of an appeal which MotionPoint has

18  confirmed is forthcoming. Paul Demery, *In a Web Translation Patent Battle, the Jury Sides with*

19  *TransPerfect*, July 29, 2013, http://www.internetretailer.com/mobile/2013/07/29/jury-sides-

20  transperfect-web-translation-patent-battle (MotionPoint "said in a statement that it 'intends to

21  appeal the jury's verdict and will pursue all other avenues to protect its intellectual property.'").

22  *See Affymetrix, Inc. v. Multilyte Ltd.,* No. C 03-03779, 2005 U.S. Dist. LEXIS 41177, *5-6 (N.D.

23  Cal. Aug. 26, 2005) ("It was reasonable for Affymetrix to incur the expense of transcripts for <u>all</u>

24  <u>court proceedings</u>, given that this case was so contentiously litigated. . . . It is only expected that

25  both parties found it <u>necessary to obtain transcripts for appeal</u>.") (emphasis added); *Asyst Techs.*

26  *v. Emtrak Inc.*, No. C 98-20451, 2009 U.S. Dist. LEXIS 23834, *5 (N.D. Cal. Mar. 13, 2009)

27  (allowing recovery of costs for daily trial transcripts in a patent infringement trial because the

28  prevailing party "knew with virtual certainty that however the trial came out the losing party

3

would appeal.")  Given the parties' relationship as competitors, and considering the amount of damages at stake and the likelihood that an injunction would issue, it was reasonable for TransPerfect to obtain daily transcripts in anticipation of an appeal.  A spreadsheet of these costs and true and correct copies of invoices supporting these costs are attached as Exhibit B to the Declaration of Nikolaus A. Woloszczuk.

      3.   <u>Depositions</u>

Civil L.R. 54-3(c) permits the recovery of "the cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case."  Courts in this district have awarded costs for both stenographic transcripts and copies of video from the same deposition, acknowledging that "[i]n patent cases, costs for both have been allowed as commonplace practice."  *eBay*, 2013 WL 1402736, at *11 (internal quotation marks and citation omitted); *see also Plantronics, Inc. v. Aliph, Inc.*, C 09-01714, 2012 WL 6761576, *7 (N.D. Cal. Oct. 23, 2012).   Civil L.R. 54-3(c)(3) also allows recovery of the cost of "reproducing exhibits to depositions."  A spreadsheet of these costs and true and correct copies of invoices supporting these costs are attached as Exhibit B to the Declaration of Nikolaus A. Woloszczuk.

      4.   <u>Reproduction and Exemplification of Discovery Documents</u>

Under 28 U.S.C. § 1920(3-4) and Civil L.R. 54-3(d), the costs of reproducing discovery documents including certain costs associated with electronic discovery production are taxable. *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1365 (Fed. Cir. 2011) ("the costs of producing a document electronically can be recoverable under section 1920(4)."); *eBay*, 2013 WL 1402736, at *7 (allowing recovery of electronic discovery costs such as "scanning paper documents, electronic scanning and conversion to PDF, TIFF conversion, OCR, image endorsement/Bates stamping, slip sheet preparation, blowback scanning paper documents, media hardware used for production, electronically stamping Bates numbers, slipsheet preparation, blowback preparation, and OCR conversion.").

In *Plantronics,* the court found certain e-discovery costs (TIFF conversion and OCR processing) to be recoverable, in part, because the parties had reached an agreement about the

4

form of production.  2012 WL 6761576, *15-16.  TransPerfect and MotionPoint reached a similar agreement on the form of electronic discovery, agreeing to production in TIFF format, OCR processing, the provision of suitable load files, the provision of native files where necessary or requested, and the preservation of metadata.  (Joint Case Management Conference Statement, D.N. 43 at 2-3.)   A spreadsheet of these costs and true and correct copies of invoices supporting these costs are attached as Exhibit C to the Declaration of Nikolaus A. Woloszczuk.

> 5. <u>Reproduction and Exemplification of Government Records, and Trial Exhibits</u>

Civil L.R. 54-3(d)(1) permits recovery of costs incurred "reproducing and certifying or exemplifying government records."  Civil L.R. 54-3(d)(4) also permits recovery of costs for "reproducing trial exhibits . . . to the extent that a Judge requires copies to be provided."  The Court's standing order required the production of all trial exhibits in this action.  TransPerfect has incurred necessary costs reproducing government records for the patents-in-suit as well as certain prior art patents and for providing the Court with copies of trial exhibits.  TransPerfect also incurred costs preparing demonstrative exhibits and other visual aids to assist the jury and the Court in understanding the issues at trial.  These costs are taxable under Civil L.R. 54-3(d)(5).  The costs submitted for Latham & Watkins' technical analyst are a true and accurate reflection of the hours billed to TransPerfect for time spent at trial presenting and being available to present trial exhibits and graphics using courtroom technology.  A spreadsheet of these costs and true and correct copies of invoices supporting these costs are attached as Exhibit C to the Declaration of Nikolaus A. Woloszczuk.

> 6. <u>Witness Expenses</u>

Civil L.R. 54-3(e) allows for the recovery of a witness's per diem fee, subsistence, and travel expenses as provided for by 28 U.S.C. § 1821.  TransPerfect's advanced per diem and mileage costs at the time it served subpoenas on  MotionPoint and third-party witnesses.  These costs are reflected in the same invoices submitted for recovery of the cost of service of subpoenas but are reproduced separately.    TransPerfect also incurred additional witness expenses for Eric Silberstein's deposition and for the travel cost of bringing certain witnesses to trial.  A spreadsheet of these costs and true and correct copies of invoices supporting these costs

1    are attached as Exhibit D to the Declaration of Nikolaus A. Woloszczuk.

2

3    Dated:  November 29, 2013                    Respectfully submitted,

4                                                LATHAM & WATKINS LLP

5
                                                 By    /s/ Nikolaus A. Woloszczuk
6                                                      Nikolaus A. Woloszczuk

7                                                      Attorney for Plaintiffs/Counterclaim
8                                                      Defendants TransPerfect Global, Inc.;
                                                       TransPerfect Translations International, Inc.;
9                                                      and Translations.com, Inc.

10

11   SV\1226726.2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28