1  DOUGLAS E. LUMISH (Bar No. 183863)
   doug.lumish@lw.com
2  JEFFREY G. HOMRIG (Bar No. 215890)
   jeff.homrig@lw.com
3  GABRIEL S. GROSS (Bar No. 254672)
   gabe.gross@lw.com
4  NIKOLAUS A. WOLOSZCZUK (Bar No. 286633)
   nick.woloszczuk@lw.com
5  LATHAM & WATKINS LLP
   140 Scott Drive
6  Menlo Park, California 94025
   Tel: (650) 328-4600; Fax: (650) 463-2600
7
   JOSEPH. H. LEE (Bar No. 248046)
8  joseph.lee@lw.com
   LATHAM & WATKINS LLP
9  750 Town Center Drive, 20th Floor
   Costa Mesa, California 92626
10 Tel: (714) 540-1253; Fax: (714) 755-8290

11 MICHAEL B. EISENBERG (*pro hac vice*)
   michael.eisenberg@lw.com
12 LATHAM & WATKINS LLP
   885 Third Avenue
13 New York, New York 10022-4834
   Tel: (212) 906-1200; Fax (212) 751-4864
14
   *Attorneys for Plaintiffs/Counterclaim Defendants*
15 *TransPerfect Global, Inc.; TransPerfect Translations*
   *International, Inc.; and Translations.com, Inc.*
16

17                    UNITED STATES DISTRICT COURT

18                  NORTHERN DISTRICT OF CALIFORNIA

19                          OAKLAND DIVISION

20

| 21 | TRANSPERFECT GLOBAL, INC., TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC., AND TRANSLATIONS.COM, INC., Plaintiffs/Counterclaim-Defendants, v. MOTIONPOINT CORPORATION, Defendant/Counterclaimant. | Case No. CV 10-02590 CW (JCS) **TRANSPERFECT'S NOTICE OF AMENDED BILL OF COSTS AND AMENDED BILL OF COSTS** Judge:  Hon. Claudia Wilken |
|---|---|---|

28

TO THE CLERK OF THE COURT, TO DEFENDANT AND COUNTERCLAIM PLAINTIFF MOTIONPOINT CORPORATION, AND TO COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 54(d)(1) and Civil L.R. 54-1, Plaintiffs and Counterclaim Defendants TransPerfect Global, Inc., TransPerfect Translations International, Inc., and Translations.com, Inc. (collectively "TransPerfect") hereby submit their Amended Bill of Costs. TransPerfect's Amended Bill of Costs is based on this Notice, the summary of costs below, the accompanying declaration of Jim Iseman, the first and second declarations of Nikolaus A. Woloszczuk and attached exhibits with the itemized costs, the pleadings, orders and papers on file herein, and any matters of which the Court may take judicial notice, and additional evidence and argument as may be later presented.

**Amended Bill of Costs**

On November 15, 2013, this Court entered judgment in the above-entitled action against Defendant and Counterclaimant MotionPoint Corporation, and ordered that TransPerfect recover its costs. (D.N. 467.) Pursuant to Fed. R. Civ. P. 54(d)(1) and Civil L.R. 54-1, TransPerfect respectfully requests the Clerk to tax the following as costs:

| | |
|---|---|
| Civil L.R. 54-3(a) (Fees for Filing and Service of Process) | $16,206.90 |
| Civil L.R. 54-3(b) (Reporters' Transcripts) | $20,449.57 |
| Civil L.R. 54-3(c) (Depositions) | $111,091.83 |
| Civil L.R. 54-3(d) (Reproduction and Exemplification) | $273,654.16 |
| Civil L.R. 54-3(e) (Witness Expenses) | $10,418.36 |
| Total Costs | $431,820.82 |

1. <u>Clerk's Filing Fees and Service of Subpoenas</u>

28 U.S.C. § 1920(1) permits recovery of "fees of the clerk and marshal," in this district

1  this includes both fees paid directly to the Court Clerk and the costs of private service of
2  subpoenas. Civ. L.R. 54-3(a)(2). TransPerfect incurred clerk fees of $1,475 for filing court
3  documents and pro hac vice admissions, and $14,731.90 for service of subpoenas. While there is
4  no rule regarding pro hac vice fees in the 9th Circuit, this Court has allowed recovery of such
5  fees. *Kalitta Air, LLC v. Cent. Tex. Airborne Sys.*, No. C 96-2494, 2012 U.S. Dist. LEXIS
6  172679, *8 (N.D. Cal. Dec. 5, 2012). These necessary costs are documented in Exhibit A to the
7  First Declaration of Nikolaus A. Woloszczuk. (D.N. 474.)

        2.    <u>Reporters' Transcripts of Hearings</u>

9        28 U.S.C. § 1920 allows recovery of "fees for printed or electronically recorded
10  transcripts necessarily obtained for use in the case." Civil L.R. 54-3(b)(1) additionally specifies
11  that "the costs of transcripts necessarily obtained for an appeal is allowable." Courts in this
12  district have found transcripts taxable where the hearing "was of paramount importance in the
13  case." *See MEMC Elec. Materials v. Mitsubishi Materials,* No. C-01-4925, 2004 U.S. Dist.
14  LEXIS 29359, *8-9 (N.D. Cal. Oct. 22, 2004) (approving of transcripts costs for Markman
15  hearing); *eBay Inc. v. Kelora Sys., LLC*, C 10-4947, 2013 WL 1402736, *11 (N.D. Cal. Apr. 5,
16  2013) (allowing cost of transcript from summary judgment and non-infringement hearing).

17        TransPerfect also incurred costs obtaining transcripts for each day of trial, these
18  transcripts were necessarily obtained in anticipation of an appeal which MotionPoint has
19  confirmed is forthcoming. Paul Demery, *In a Web Translation Patent Battle, the Jury Sides with*
20  *TransPerfect*, July 29, 2013, http://www.internetretailer.com/mobile/2013/07/29/jury-sides-
21  transperfect-web-translation-patent-battle (MotionPoint "said in a statement that it 'intends to
22  appeal the jury's verdict and will pursue all other avenues to protect its intellectual property.'").
23  *See Affymetrix, Inc. v. Multilyte Ltd.,* No. C 03-03779, 2005 U.S. Dist. LEXIS 41177, *5-6 (N.D.
24  Cal. Aug. 26, 2005) ("It was reasonable for Affymetrix to incur the expense of transcripts for <u>all
25  court proceedings</u>, given that this case was so contentiously litigated. . . . It is only expected that
26  both parties found it <u>necessary to obtain transcripts for appeal</u>.") (emphasis added); *Asyst Techs.*
27  *v. Emtrak Inc*., No. C 98-20451, 2009 U.S. Dist. LEXIS 23834, *5 (N.D. Cal. Mar. 13, 2009)
28  (allowing recovery of costs for daily trial transcripts in a patent infringement trial because the

prevailing party "knew with virtual certainty that however the trial came out the losing party would appeal.")  Given the parties' relationship as competitors, and considering the amount of damages at stake and the likelihood that an injunction would issue, it was reasonable for TransPerfect to obtain daily transcripts in anticipation of an appeal.  A spreadsheet of these costs and true and correct copies of invoices supporting these costs are attached as Exhibit B to the First Declaration of Nikolaus A. Woloszczuk. (D.N. 474.)

### 3.  Depositions

Civil L.R. 54-3(c) permits the recovery of "the cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case."  Courts in this district have awarded costs for both stenographic transcripts and copies of video from the same deposition, acknowledging that "[i]n patent cases, costs for both have been allowed as commonplace practice."  *eBay*, 2013 WL 1402736, at *11 (internal quotation marks and citation omitted); *see also Plantronics, Inc. v. Aliph, Inc.*, C 09-01714, 2012 WL 6761576, *7 (N.D. Cal. Oct. 23, 2012).  Civil L.R. 54-3(c)(3) also allows recovery of the cost of "reproducing exhibits to depositions."  A spreadsheet of these costs and true and correct copies of invoices supporting these costs are attached as Exhibit B to the First Declaration of Nikolaus A. Woloszczuk. (D.N. 474.)

### 4.  Reproduction and Exemplification of Discovery Documents

Under 28 U.S.C. § 1920(3-4) and Civil L.R. 54-3(d), the costs of reproducing discovery documents including certain costs associated with electronic discovery production are taxable.  *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1365 (Fed. Cir. 2011) ("the costs of producing a document electronically can be recoverable under section 1920(4)."); *eBay*, 2013 WL 1402736, at *7 (allowing recovery of electronic discovery costs such as "scanning paper documents, electronic scanning and conversion to PDF, TIFF conversion, OCR, image endorsement/Bates stamping, slip sheet preparation, blowback scanning paper documents, media hardware used for production, electronically stamping Bates numbers, slipsheet preparation, blowback preparation, and OCR conversion.").

In *Plantronics,* the court found certain e-discovery costs (TIFF conversion and OCR

processing) to be recoverable, in part, because the parties had reached an agreement about the form of production. 2012 WL 6761576, *15-16. TransPerfect and MotionPoint reached a similar agreement on the form of electronic discovery, agreeing to production in TIFF format, OCR processing, the provision of suitable load files, the provision of native files where necessary or requested, and the preservation of metadata. (Joint Case Management Conference Statement, D.N. 43 at 2-3.) TransPerfect incurred recoverable discovery costs both through the use of an outside vendor and by performing e-discovery tasks in-house. A spreadsheet of these costs and true and correct copies of invoices supporting these costs and a true and correct copy of a summary of in-house work performed by TransPerfect are attached as Amended Exhibit C to the accompanying Second Declaration of Nikolaus A. Woloszczuk.

     5.    <u>Reproduction and Exemplification of Government Records, and Trial Exhibits</u>

Civil L.R. 54-3(d)(1) permits recovery of costs incurred "reproducing and certifying or exemplifying government records." Civil L.R. 54-3(d)(4) also permits recovery of costs for "reproducing trial exhibits . . . to the extent that a Judge requires copies to be provided." The Court's standing order required the production of all trial exhibits in this action. TransPerfect has incurred necessary costs reproducing government records for the patents-in-suit as well as certain prior art patents and for providing the Court with copies of trial exhibits. TransPerfect also incurred costs preparing demonstrative exhibits and other visual aids to assist the jury and the Court in understanding the issues at trial. These costs are taxable under Civil L.R. 54-3(d)(5). The costs submitted for Latham & Watkins' technical analyst are a true and accurate reflection of the hours billed to TransPerfect for time spent at trial presenting and being available to present trial exhibits and graphics using courtroom technology. A spreadsheet of these costs and true and correct copies of invoices supporting these costs as well as a true and correct copy of a summary of charges incurred for the Latham & Watkins technical analyst are attached as Amended Exhibit C to the accompanying Second Declaration of Nikolaus A. Woloszczuk.

     6.    <u>Witness Expenses</u>

Civil L.R. 54-3(e) allows for the recovery of a witness's per diem fee, subsistence, and travel expenses as provided for by 28 U.S.C. § 1821. TransPerfect's advanced per diem and

mileage costs at the time it served subpoenas on MotionPoint and third-party witnesses. These costs are reflected in the same invoices submitted for recovery of the cost of service of subpoenas but are reproduced separately. TransPerfect also incurred additional witness expenses for Eric Silberstein's deposition and for the travel cost of bringing certain witnesses to trial. A spreadsheet of these costs and true and correct copies of invoices supporting these costs are attached as Exhibit D to the First Declaration of Nikolaus A. Woloszczuk. (D.N. 474.)

Dated: December 6, 2013

Respectfully submitted,

LATHAM & WATKINS LLP

By  */s/ Nikolaus A. Woloszczuk*
    Nikolaus A. Woloszczuk

Attorney for Plaintiffs/Counterclaim Defendants TransPerfect Global, Inc.; TransPerfect Translations International, Inc.; and Translations.com, Inc.

SV\1231792.1