UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSPERFECT GLOBAL, INC. ET AL, | No. C-10-02590 CW (DMR) |
| Plaintiffs, | **ORDER ON PLAINTIFFS' MOTION FOR REVIEW OF COSTS [DOCKET NO. 521]** |
| v. | |
| MOTIONPOINT CORPORATION, | |
| Defendant. | |
| _____/ | |

PlaintiffsTransPerfect Global, Inc., TransPerfect Translations International, Inc., and Translations.com, Inc. (collectively, "TransPerfect") move the court pursuant to Federal Rule of Civil Procedure 54(d)(1) for review of the Clerk's January 2, 2014 taxation of costs in this patent infringement case. [Docket No. 521 (Pls.' Mot.).] On January 21, 2014, the district court referred the motion to the undersigned. [Docket No. 526.] For the following reasons, the court taxes costs in the amount of $167,634.57.

**I.  Background**

TransPerfect and Defendant MotionPoint Corporation ("MotionPoint") are competing language translation firms whose clients include website operators offering content in multiple languages. On November 15, 2013, following a jury verdict, the district court entered judgment in favor of TransPerfect and ordered that TransPerfect recover its costs from MotionPoint. [Docket Nos. 425 (July 12, 2013 Verdict), 467 (Judgment).] On November 29, 2013, TransPerfect filed its

1  bill of costs, requesting a total of $252,794.47 for five categories of costs: 1) fees for filing and
2  service of process; 2) reporters' transcripts; 3) depositions; 4) reproduction and exemplification; and
3  5) witness expenses. [Docket No. 473 (Bill of Costs).]  On December 6, 2013, TransPerfect filed an
4  amended bill of costs seeking an additional $179,026.35 for reproduction and exemplification of
5  discovery documents, for a total of $431,820.82.  [Docket No. 478 (Am. Bill of Costs).]
6  MotionPoint timely objected to both sets of invoices.  [Docket Nos. 485 (Def.'s Objs. to Bill of
7  Costs), 508 (Def.'s Objs. to Am. Bill of Costs).]  On January 2, 2014, the clerk taxed $131,636.46 in
8  costs.  [Docket No. 516 (Notice Taxing Costs).]  In so doing, the clerk denied as untimely the
9  expenses first identified on TransPerfect's amended bill of costs for reproduction and
10 exemplification, did not allow any costs for reporters' transcripts, and taxed only a portion of the
11 remaining claimed costs.  (Notice Taxing Costs 2.)  On January 9, 2014, TransPerfect filed a motion
12 for review of the clerk's taxation of costs, seeking additional costs in three categories: reporters'
13 transcripts, depositions, and witness expenses.  MotionPoint opposes the motion.  [Docket No. 527
14 (Def.'s Opp'n).]

## II.  Legal Standard

16  Federal Rule of Civil Procedure 54(d) provides that, following entry of judgment, "costs–
17 other than attorney's fees–should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  This
18 rule "creates a presumption in favor of awarding costs to prevailing parties," and places the burden
19 on the losing party to demonstrate why costs should not be awarded.  *Stanley v. Univ. of S. Cal.*, 178
20 F.3d 1069, 1079 (9th Cir. 1999).  However, the party seeking costs bears the burden of
21 "establish[ing] the amount of compensable costs and expenses to which it is entitled."  *City of*
22 *Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, C 09-1437 SI, 2012
23 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012) (quoting *Allison v. Bank One–Denver*, 289 F.3d 1223,
24 1248-49 (10th Cir. 2002)) (quotation marks omitted).  28 U.S.C. § 1920 limits the types of costs that
25 a court may award under Rule 54 to the following:

26  (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded
    transcripts necessarily obtained for use in the case; (3) Fees and disbursements for
27  printing and witnesses; (4) Fees for exemplification and the costs of making copies
    of any materials where the copies are necessarily obtained for use in the case; (5)
28  Docket fees under section 1923 of this title; (6) Compensation of court appointed

> experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Civil Local Rule 54–3 provides guidance regarding the taxable costs in each category allowed under section 1920.

Under the local rules, a prevailing party claiming taxable costs must serve a bill of costs no later than 14 days after entry of judgment, stating "separately and specifically each item of taxable costs claimed." N.D. Cal. Civ. L.R. 54–1(a). The party seeking costs must provide an affidavit stating that the costs were "necessarily incurred, and are allowable by law" and provide "[a]ppropriate documentation to support each item claimed." N.D. Cal. Civ. L.R. 54–1(a); *see also* 28 U.S.C. § 1924 ("Before any bill of costs is taxed, the party claiming any item . . . shall attach thereto an affidavit . . . that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.").

Courts have "wide discretion" in determining whether and to what extent prevailing parties may be awarded costs, *K-S-H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir. 1969), but must specify reasons for refusing to award costs. *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591-92 (9th Cir. 2000) (citation omitted). The court reviews the clerk's taxation of costs de novo. *See Lopez v. San Francisco Unified School Dist.*, 385 F. Supp. 2d. 981, 1001 (N.D. Cal. 2005).

### III. Discussion

In assessing costs under Rule 54(d) in patent litigation, the Federal Circuit has adopted the two-step inquiry outlined in *Farrar v. Hobby*, 506 U.S. 103, 113 (1992): first, there is a threshold inquiry as to whether a party is a prevailing party, after which the court uses its discretion to determine whether and how much to award in costs. *See Manildra Mill Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996). Whether a party is a "prevailing party" is a matter of federal circuit law. *Id.* at 1182-83. A party "'prevails' when actual relief on the merits of [its] claim materially alters the legal relationship between the parties." *Id.* at 1182 (quoting *Farrar*, 506 U.S. at 111-13). There may only be one prevailing party. *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010).

3

Regional circuit law guides the second *Farrar* step, whether the court should exercise its discretion to award costs. *Manildra*, 76 F.3d at 1183. As noted, Rule 54(d)(1) creates a presumption in favor of awarding costs to prevailing parties. The Ninth Circuit has held that proper grounds for denying costs under Rule 54 include:

> (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance.

*Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010) (internal citation and quotation marks omitted).

Here, MotionPoint does not dispute that TransPerfect is the prevailing party, but instead argues that the court should exercise its discretion to deny costs altogether. MotionPoint asserts that 1) both parties prevailed on significant aspects of the case, as MotionPoint succeeded in eliminating certain patent claims on summary judgment; 2) the case presented "close and difficult legal issues"; and 3) MotionPoint litigated this case in good faith, having narrowed the issues for trial by dropping various claims. (Def.'s Opp'n 4-5.) With respect to the first point, the court recognizes that MotionPoint succeeded in eliminating certain of TransPerfect's claims on summary judgment. This case involved disputes of the meaning of claims in seven patents-in-suit: four MotionPoint patents and three TransPerfect patents. [Docket No. 307 (May 24, 2013 Order on Cross Mots. for Summ. J. 1-2).] The court granted MotionPoint summary judgment as to TransPerfect's allegations that it infringed on two of TransPerfect's patents. (Order on Cross Mots. for Summ. J. 32-34.) However, the jury found that MotionPoint infringed TransPerfect's remaining patent, that TransPerfect had not infringed on MotionPoint's patents, and that three of MotionPoint's patents were invalid on three separate grounds. (*See generally* Verdict.) While finding that MotionPoint had not contributed to or induced the infringement by others of TransPerfect's patent, the jury awarded TransPerfect damages of $1,002,006. (Verdict 3.) This verdict is a clear loss for MotionPoint, and the fact that MotionPoint partially succeeded on its summary judgment motion does not diminish that. With respect to MotionPoint's remaining arguments, MotionPoint offers no support for its assertion that

the case presented "close and difficult legal issues," other than an isolated statement by a witness about the potential "novel[ty]" of TransPerfect's patent. (*See* Def.'s Opp'n 4-5.) Moreover, it provides no explanation of how its good faith in this litigation warrants a denial of costs to TransPerfect. Accordingly, the court finds that MotionPoint has failed to overcome the presumption of awarding costs to TransPerfect. Therefore, having determined that TransPerfect is entitled to costs, the court will address each category in turn.

### A. Reporters' transcripts

TransPerfect seeks $20,449.57 for reporters' transcripts, the amount it requested in both its bill of costs and amended bill of costs. The clerk did not tax any costs in this category. (Notice Taxing Costs 2.)

Pursuant to 28 U.S.C. § 1920, a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Further, Civil Local Rule 54-3 provides that "[t]he cost of transcripts necessarily obtained for an appeal is allowable." According to TransPerfect, it incurred costs in obtaining transcripts for each day of the three-week trial, and it was necessary to obtain the transcripts in anticipation of the appeal which MotionPoint has confirmed is forthcoming. (Bill of Costs 3.) TransPerfect also requests costs for obtaining transcripts for certain pretrial hearings. (Pls.' Mot. 2; Bill of Costs 3-4.)

MotionPoint objects to the claimed costs for the daily trial transcripts on several grounds.[1] First, it argues that there is nothing in the record to support TransPerfect's claim that the daily trial transcripts were "necessarily obtained for appeal" as required by the Local Rules. MotionPoint asserts that TransPerfect did not take this position in its original Bill of Costs and that it cannot now challenge the costs taxed "based on a position introduced *after* said taxation." (Def.'s Opp'n 6 (emphasis in original).) MotionPoint also argues that TransPerfect "made no attempt to establish that the claimed costs were necessarily incurred for use in the case," as required by section 1920 and the Local Rules. (Def.'s Opp'n 5.) These arguments are unpersuasive. TransPerfect did in fact

---

[1] MotionPoint's specific objections are contained in its original objections to TransPerfect's Bill of Costs, which are attached to its opposition to the present motion. (*See* Def.'s Opp'n Ex. A (Def.'s Objs. to Bill of Costs).)

raise the necessity of the transcripts for MotionPoint's promised appeal in its initial Bill of Costs. (*See* Bill of Costs 3.) It also included a statement in its affidavit accompanying the Bill of Costs that it "believe[d] that these costs are correctly stated, were necessarily incurred, and are allowable by law." (Woloszczuk Decl., Nov. 29, 2013, ¶6.) The court finds that TransPerfect has adequately shown that it obtained the transcripts in question for an appeal.[2] Thus, it is entitled to an award of costs for reporters' transcripts pursuant to Civil Local Rule 54-3(b)(1).

MotionPoint also challenges specific costs sought by TransPerfect. It argues that the costs related to obtaining daily trial transcripts include premium charges for transcripts delivered on an hourly basis, and that TransPerfect should only recover costs for daily delivery of transcripts. (Def.'s Objs. to Bill of Costs 4-5.) TransPerfect also seeks costs for "real time" during trial, as well as for second and third copies of each day's trial transcripts (in addition to the original and first copies). MotionPoint argues that both categories of costs were incurred for counsel's convenience, and not for purposes of appeal. TransPerfect counters that it obtained transcripts "as quickly as possible during trial" in order to "ensure as complete a record possible before a promised appeal." (Pls.' Mot. 2.) However, as MotionPoint notes, any appeal would be weeks or months after the jury's verdict, rendering hourly delivery and real time services unnecessary and inappropriate for an award of costs. Further, TransPerfect does not cite any authority for the proposition that it may recover costs for multiple copies of each day's trial transcripts. Accordingly, TransPerfect's request for costs for trial transcripts delivered hourly, costs for "real time," and costs for second and third copies of trial transcripts are denied.

TransPerfect also requests costs for obtaining transcripts for pretrial hearings, including a discovery hearing, a pretrial conference, a hearing on a motion to strike prior art that was used at trial, and the claim construction and summary judgment hearing. (Pls.' Mot. 2; Bill of Costs 3-4.)

---

[2] On December 13, 2013, MotionPoint filed a motion for judgment as a matter of law pursuant to Rule 50, or in the alternative, for a new trial under Rule 59, both of which have the effect of continuing the deadline to file an appeal of the judgment under Federal Rule of Appellate Procedure 4. *See* Fed. R. App. P. 4(a)(4)(A)(i), (v) (providing that if a party filed a motion for judgment under Rule 50(b) or for a new trial under Rule 59 "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion"). MotionPoint does not deny that it intends to appeal the court's judgment depending upon the outcome of its post-judgment motions.

1  MotionPoint did not object to TransPerfect's request for these transcript costs.  The court allows the
2  cost of the hearing transcript for the claims construction and summary judgment hearing.  *See eBay*
3  *Inc. v. Kelora Sys,, LLC*, Nos. C 10-4947 CW (LB), C 11-1398 CW (LB), C 11-1548 CW (LB),
4  2013 WL 1402736, at *11 (N.D. Cal. Apr. 5, 2013) (allowing costs for "summary judgment and non
5  infringement-hearing"); *MEMC Elec. Materials v. Mitsubishi Materials*, No. C-01-4925 SBA (JCS),
6  2004 U.S. Dist. LEXIS 29359, at *8-9 (N.D. Cal. Oct. 22, 2004) (allowing cost for hearing transcript
7  of Markman hearing, noting hearing "addressed highly technical issues and was of paramount
8  importance in the case," and is thus type of transcript "necessarily obtained for use in the case"
9  pursuant to section 1920).  However, TransPerfect provides no authority for an award of costs for
10 transcripts of the other hearings where it did not obtain prior approval of a judge or the stipulation of
11 MotionPoint, as required under Local Rule 54-3(b)(3).  It also does not explain why the transcripts
12 were "necessarily obtained for use in the case."  Therefore, the court awards costs for the cost of the
13 transcript of the claims construction and summary judgment hearing but declines to award costs for
14 transcripts of other hearings.
15    Accordingly, the court allows costs for reporters' transcripts in the amount of $10,928.72.[3]
16    **B.    Depositions**
17    TransPerfect seeks $111,091.83 for deposition transcripts, the amount it requested in both its
18 bill of costs and amended bill of costs.  The clerk taxed $47,379.96 for this category of costs.
19 (Notice Taxing Costs 2.)
20    Section 1920 allows costs for "[f]ees for printed or electronically recorded transcripts
21 necessarily obtained for use in the case."  *See also* Civil Local Rule 54-3(c)(1) (allowing for "[t]he
22 cost of an original and one copy of any deposition (including videotaped depositions) taken for any
23 purpose in connection with the case.").  "[A] document need not be offered as evidence to have been
24 reasonably obtained for use in the case."  *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1369
25 (Fed. Cir. 2011) (citing *Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d
26 587, 588 (9th Cir. 1990)).  However, under Ninth Circuit precedent, "[i]f the depositions [are]

---

[3] $10,928.72 is calculated as follows: $10,589.92 for daily trial transcripts and $338.80 for the claims construction/summary judgment hearing.

7

1 merely useful for discovery then they [are] not taxable items and their expense should [be] borne by
2 the party taking them, as incidental to normal preparation for trial." *Indep. Iron Works, Inc. v. U.S.*
3 *Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963).

4     TransPerfect seeks costs associated with 64 depositions. MotionPoint objects to costs
5 incurred for depositions it claims were "merely useful for discovery," highlighting 28 depositions
6 that were never used at trial "or otherwise." (Def.'s Objs. to Bill of Costs 5-6; Def.'s Opp'n 6.)
7 MotionPoint argues that TransPerfect failed to distinguish between depositions that were
8 "necessarily incurred" and those "merely useful for discovery" and therefore should not be awarded
9 costs for such depositions. (Def.'s Opp'n 6.) TransPerfect responds that once it established that it
10 "actually and necessarily incurred" recoverable expenses for depositions, the burden shifted to
11 MotionPoint to show why the costs for all of the claimed depositions should not be taxed. (Pls.'
12 Reply 4.) However, while TransPerfect correctly notes that "depositions need not have been used at
13 trial to be 'necessarily obtained for use in the case,'" (Pls.' Reply 4 (citing *In re Ricoh*, 661 F.3d at
14 1369 (citations omitted))), TransPerfect submitted *no* evidence that the depositions for which it
15 seeks costs were necessarily obtained. TransPerfect bears the burden "to establish the amount of
16 compensable costs and expenses to which [it] is entitled." *In re Ricoh*, 661 F.3d at 1367 (quoting
17 *English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1013 (10th Cir. 2001). It did not satisfy its burden
18 with respect to this category of costs. Based on the record, the court cannot determine whether the
19 claimed deposition costs were necessarily obtained for use in the case as opposed to being merely
20 useful for discovery.

21     Although the court would be within its discretion to deny costs for deposition expenses here,
22 where TransPerfect made no showing at all that any of the depositions were necessarily obtained,
23 the court will award costs for some depositions. MotionPoint objected to costs for only 28 of the 64
24 depositions claimed on the ground that they were "not used at trial or otherwise." (Def.'s Objs. to
25 Bill of Costs 6-7.) Accordingly, the court concludes that MotionPoint concedes that the remaining
26 36 depositions were used at trial or were otherwise necessarily obtained for use in the case. *See*
27 *Indep. Iron Works*, 322 F.2d at 678 (depositions are "necessary" within the meaning of section 1920
28 if introduced into evidence or used at trial for impeachment or cross-examination). Therefore, the

1 court will tax costs for the 36 depositions to which MotionPoint did not object, including costs for
2 both stenographic transcripts and video copies of the same deposition. *See eBay*, 2013 WL
3 1402736, at *10 (noting that "[i]n patent cases, costs for both [written transcripts and videos] have
4 been allowed as 'commonplace practice' (citing *In re Ricoh*, 661 F.3d at 1370)).

5 MotionPoint also objects to $4,262.50 in costs for videos of depositions that were noticed by
6 MotionPoint and were not designated for trial by TransPerfect. MotionPoint argues that the videos
7 were unnecessary, as the parties agreed that the designating party would be responsible for preparing
8 deposition videos to be played at trial. (Def.'s Objs. to Bill of Costs 9-11.) TransPerfect did not
9 respond to this argument and did not provide any authority that such copies were "necessarily
10 obtained for use in the case" pursuant to Section 1920. The court declines to tax costs for such
11 copies.

12 The court allows costs for depositions in the amount of $67,977.79.[4]

### C. Witness Expenses

14 Finally, TransPerfect seeks $5,572.36 for witness expenses.[5] The clerk taxed $1,100.80 for
15 witness expenses. (Notice Taxing Costs 2.)

16 Section 1920 allows costs for "[f]ees . . . for . . . witnesses." Pursuant to 28 U.S.C. § 1821,
17 per diem, subsistence, and mileage/travel expenses for witnesses are recoverable as costs. 28 U.S.C.
18 § 1821(b), (c), (d); *see also* N.D. Cal. Civ. L.R. 54-3(e) (providing that "[p]er diem, subsistence and
19 mileage payments for witnesses are allowable to the extent reasonably necessary and provided for
20 by 28 U.S.C. § 1821. No other witness expenses, including fees for expert witnesses, are
21 allowable.").

---

[4] $67,977.79 is calculated as follows: $111,091.83 (total deposition costs sought) less $38,851.54 for depositions not shown to be necessary and less $4,262.50 for costs of videos of depositions not designated by TransPerfect.

[5] TransPerfect originally sought $10,418.36 for witness expenses, (Woloszczuk Decl., Nov. 29, 2013, Ex. D), and the clerk taxed $1,100.80 in this category. (Notice Taxing Costs 2.) In the "Statement of Relief Requested," TransPerfect asks for $5,572.36 in costs for this category, (*see* Pls.' Mot. ii, 4), but elsewhere in its motion asks for $10,418.36, the amount it originally requested. (Pls.' Mot. 1.) It confirmed that it seeks the lower amount in its reply. (Pls.' Reply 5.) Accordingly, the court will only consider TransPerfect's request for the lower amount, $5,572.36.

MotionPoint objects to TransPerfect's request for $4,846.00 for witness fees paid to its damages expert, Creighton Hoffman. MotionPoint argues that the invoice for these fees is insufficient to determine whether or what portion of the fees are recoverable under Section 1821. The court agrees. The sole support for TransPerfect's request for the $4,846.00 claimed for Hoffman is a line item on an invoice stating "Expenses (Travel, FedEx)." (Woloszczuk Decl. Ex. D at 20.) No other information is provided. This is inadequate to establish recoverable costs for travel expenses for Hoffman, as the invoice does not set out which portion of the claimed amount is for travel expenses as opposed to FedEx expenses. Therefore, the court declines to tax costs for travel expenses for Hoffman.

Having reviewed the documentation supporting the witness fees for the remaining witnesses, the court concludes that TransPerfect is entitled to costs for witness fees of $5,572.36.[6]

### IV. Conclusion

For the foregoing reasons, the court taxes $10,928.72 in costs for reporters' transcripts, $67,977.79 for depositions, $5,572.36 for witness fees, $14,633.88 for filing and service of process, and $68,521.82 for reproduction and exemplification, for a total of $167,634.57.

IT IS SO ORDERED.

Dated: April 4, 2014



DONNA M. RYU
United States Magistrate Judge

---

[6] $5,572.36 is the sum of all witness fees except those relating to Hoffman.