IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSPERFECT GLOBAL, INC.; TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC.; and TRANSLATIONS.COM, INC.<br><br>Plaintiffs,<br><br>v.<br><br>MOTIONPOINT CORPORATION,<br><br>Defendant.<br>_____/ | No. C 10-2590 CW<br><br>ORDER ON MOTIONS TO SEAL (Docket Nos. 489, 494, 509, 518, 522) |

Before the Court are numerous administrative motions, filed by multiple parties, to seal materials related to Plaintiffs' motion for judgment as a matter of law.

Under Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Civ. L.R. 79-5(b).  Any sealing request must be narrowly tailored to cover only sealable material.  Id.  The request must be supported by the designating party's declaration establishing that the information is sealable.  Id. subsection (d).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point."  Id.

A party seeking to seal records attached to a dispositive motion bears the burden of establishing "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Id. at 1178-79. This is because dispositive motions represent "the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." Id. at 1179.

The strong presumption in favor of access does not apply with equal force to non-dispositive motions, which may be only "tangentially related" to the underlying cause of action. Id. at 1179-80. A party seeking to seal materials related to non-dispositive motions must show good cause by making a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed. Id.; Fed. R. Civ. P. 26(c). "[B]road, conclusory allegations of potential harm" will not suffice. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003).

The Court rules as follows on the parties' motions to seal.

| Docket No. | Ruling |
|---|---|
| 489 | Plaintiffs seek permission to file a redacted version of their motions (1) to amend the judgment to award supplemental damages and interest; (2) to amend the injunction; (3) for judgment as a matter of law of induced infringement; (4) for judgment as a matter of law of contributory infringement; and (5) for an exceptional case finding and attorneys' |

2

|  | fees (the "consolidated post-judgment motion").[1] The redactions on pages ii, viii, and 1-5 conceal financial information that is properly redacted as proprietary; redactions on page 17 conceal other confidential information.  The motion is GRANTED because Plaintiffs limit their request to only confidential information. |
|---|---|
| 494 | Plaintiffs seek permission to file under seal all or part of the following seven documents:<br>1. The Declaration of Creighton G. Hoffman (Hoffman Declaration) and supporting exhibits. With regard to the Hoffman Declaration, the motion is GRANTED because Plaintiffs limit their request to only confidential financial information.<br>2. The Declaration of Gabriel S. Gross (Gross Declaration) in support of Plaintiffs' motion for an exceptional case finding and attorneys' fees.  Plaintiffs seek to redact from the Gross Declaration the average associate and partner billing ranges of Plaintiffs' counsel, |

---

[1] Plaintiffs' administrative motions at Docket Nos. 489 and 494 are identical, with each seeking permission to file under seal all or part of eight documents.  However, Plaintiffs attached to Docket No. 489 only the first document, their consolidated post-judgment motion; the other seven documents they attached to Docket No. 494.  Thus, the Court construes Docket No. 489 as addressing only Plaintiffs' consolidated post-judgment motion, and construes Docket No. 494 as addressing the other documents that Plaintiffs seek permission to file under seal.

3

the law firms Latham & Watkins LLP (Latham); Kasowitz, Benson, Torres & Friedman LLP (Kasowitz) (collectively, "Plaintiffs' counsel"); and Orrick, Herrington & Sutcliffe LLP (Orrick), on the grounds that Plaintiffs' counsel consider these rates to be "highly sensitive and confidential business information," and that its disclosure would harm Plaintiffs' counsel "in their ability to secure business from future clients." The Court is not persuaded. Parties seeking an award of attorneys' fees routinely reveal their hourly rates, lest it appear that the award sought is merely drawn from thin air. With regard to the Gross Declaration, the motion is DENIED.

3. Exhibit A to the Gross Declaration. Plaintiffs seek to redact from Exhibit A Plaintiffs' counsel's individual summaries of time spent on the matter and their individual billing rates. With regard to Exhibit A to the Gross Declaration, the motion is DENIED for the same reasons articulated in denying the motion with regard to the Gross Declaration.

4. Exhibit B to the Gross Declaration. Plaintiffs seek to seal in its entirety

4

Exhibit B, which contains Orrick's time keeping policy, and which an Orrick associate described as "highly sensitive and confidential." In fact, the policy appears to be routine, and the Court is not persuaded that any harm would result from its release. With regard to Exhibit B to the Gross Declaration, the motion is DENIED.

5. Exhibit D to the Declaration of Nikolaus A. Woloszczuk (Woloszczuk Declaration) in support of the consolidated post-judgment motion. Plaintiffs seek to redact parts of the transcript of the videotaped Rule 30(b)(6) deposition of MotionPoint CEO William S. Fleming. With regard to Exhibit D to the Woloszczuk Declaration, the motion is GRANTED because the Plaintiffs limit their request to only confidential information.

6. Exhibit E to the Woloszczuk Declaration. Plaintiffs seek to seal in its entirety a letter from Mr. Fleming to investor Michael Feinberg. With regard to Exhibit E to the Woloszczuk declaration, the motion is GRANTED because Plaintiffs limit their request to only confidential financial and marketing information.

7. Exhibit F to the Woloszczuk Declaration.

5

| | | |
|---|---|---|
| | | Plaintiffs seek to seal in its entirety an email from Mr. Fleming to MotionPoint executive Enrique Travieso.  With regard to Exhibit F to the Woloszczuk declaration, the motion is GRANTED because Plaintiffs limit their request to only confidential information.<br>The motion is GRANTED in part and DENIED in part, as set forth above. |
| | 509 | Plaintiffs seek permission to file a redacted version of their post-judgment brief.  The redactions conceal confidential financial information.  The motion is GRANTED because Plaintiffs limit their request to only confidential information. |
| | 518 | Defendant seeks permission to file redacted versions of the following four documents:<br>1. Defendant's opposition to Plaintiffs' post-judgment brief.  The redactions conceal confidential financial information.  With regard to Defendant's opposition to Plaintiffs' post-judgment brief, the motion is GRANTED because Defendant limits its request to only confidential information.<br>2. The Declaration of Ned S. Barnes (Barnes Declaration) and supporting exhibits.  The redactions conceal confidential financial |

6

| | |
|---|---|
| | information. With regard to the Barnes Declaration and exhibits, the motion is GRANTED because Defendant limits its request to only confidential information.<br>3. Exhibit 1 to the Declaration of Enrique Travieso (Travieso Declaration). The redactions conceal confidential financial information. With regard to Exhibit 1, the motion is GRANTED because Defendant limits its request to only confidential information.<br>4. Excerpts from the June 11, 2012 Expert Report of Creighton G. Hoffman (Hoffman Report). The redactions conceal confidential financial information. With regard to the Hoffman Report, the motion is GRANTED because Defendant limits its request to only confidential information.<br>For the reasons set forth above, the motion is GRANTED. |
| 522 | Plaintiffs seek permission to file a redacted version of their reply in support of their consolidated post-judgment motion. The redactions conceal confidential financial information. The motion is GRANTED because Plaintiffs limit their request to only confidential information. |

//

//

7

CONCLUSION

For the reasons set forth above, the motions to seal at Docket Nos. 489, 509, 518 and 522 are GRANTED.  The motion to seal at Docket No. 494 is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated: September 25, 2014



GLAUDIA WILKEN
United States District Judge