IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
TRANSPERFECT GLOBAL, INC.,              No. C 10-2590 CW
TRANSPERFECT TRANSLATIONS
INTERNATIONAL, INC., and                ORDER REGARDING
TRANSLATIONS.COM, INC.,                 MOTIONS TO SEAL

          Plaintiffs,

     v.

MOTIONPOINT CORP.,

          Defendant.
                                    /
```

Before the Court are the parties' administrative motions to seal. Pursuant to Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Any sealing request must be narrowly tailored to cover only sealable material. Id. The request must be supported by the designating party's declaration establishing that the information is sealable. Id. subsection (d).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point." Id. The documents sought to be filed under seal in this case are related to the parties' calculations of the amount of post-verdict royalties due. A party seeking to seal materials related to non-dispositive motions must show good

cause by making a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed.  Id. at 1179-80; Fed. R. Civ. P. 26(c).  "[B]road, conclusory allegations of potential harm" will not suffice.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003).

I.   Docket Nos. 559 and 561

Both parties have filed administrative motions to file under seal unredacted versions of their separate filings related to their calculations of post-verdict royalties due.  The motions to seal are based on MotionPoint's assertion that its revenue information is confidential.

Although MotionPoint did not file a declaration in support of TransPerfect's motion to seal the revenue information, it did file a declaration in support of its own motion.  Because the declaration supports a finding that the revenue information is highly sensitive and confidential business information that is not ordinarily disclosed and because MotionPoint and TransPerfect seek to seal same information, the Court will GRANT both parties' motions to seal.  However, MotionPoint is advised that it is responsible for filing declarations in support of motions to seal filed by other parties based on its confidentiality designations.  In this case, the material was limited and the Court was able to determine that the declaration MotionPoint filed in support of its own motion applied equally to TransPerfect's motion.  However, this will not always be the case.

2

## II. Docket No. 566

TransPerfect has also filed a motion to file under seal unredacted versions of Exhibits 1-3, 5 and 6 to the declaration of Gabriel Gross filed in support of TransPerfect's objections and response to MotionPoint's calculation of post-verdict royalites. TransPerfect states that these documents contain information designated by MotionPoint as confidential.

Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so. This cannot be established simply by showing that the information has been designated as confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. See Local Rule 79-5(a). If a party wishes to file a document that has been designated as confidential by another party or to refer to such information in a memorandum or other filing, it is required to file and serve an administrative motion seeking a sealing order. See Local Rule 79-5(d). The designating party then must file a declaration establishing that the document is sealable within four days thereafter. See Local Rule 79-5(e).

MotionPoint has not filed a declaration in support of the motion to seal as required by Civil Local Rule 79-5(e). Accordingly, the Court DENIES TransPerfect's motions to seal (Docket No. 566). Within four days of the date of this order, MotionPoint shall file these exhibits to the declaration in the public record.

CONCLUSION

For the reasons stated above, the Court GRANTS the motions to seal at Docket Numbers 559 and 561 and DENIES the motion to seal at Docket Number 566.

IT IS SO ORDERED.

Dated: December 16, 2014

CLAUDIA WILKEN
United States District Judge