IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSPERFECT GLOBAL, INC., TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC., and TRANSLATIONS.COM, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MOTIONPOINT CORP.,<br><br>Defendant. | No. C 10-2590 CW<br><br>ORDER REGARDING MOTION TO SEAL |

Before the Court is MotionPoint Corporation's administrative motion to seal Exhibit Six to the Declaration of Gabriel Gross (Gross Declaration) filed in support of TransPerfect's Objections and Response to MotionPoint's Calculation of Post-Verdict Royalties. Pursuant to Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Any sealing request must be narrowly tailored to cover only sealable material. Id. The request must be supported by the designating party's declaration establishing that the information is sealable. Id. subsection (d).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point." Id. The document sought to be filed

under seal in this case is related to the parties' calculations of the amount of post-verdict royalties due.  A party seeking to seal materials related to non-dispositive motions must show good cause by making a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed.  Id. at 1179-80; Fed. R. Civ. P. 26(c).  "[B]road, conclusory allegations of potential harm" will not suffice.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003).

Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so.  This cannot be established simply by showing that the information has been designated as confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  See Local Rule 79-5(a).  If a party wishes to file a document that has been designated as confidential by another party or to refer to such information in a memorandum or other filing, it is required to file and serve an administrative motion seeking a sealing order.  See Local Rule 79-5(d).  The designating party then must file a declaration establishing that the document is sealable within four days thereafter.  See Local Rule 79-5(e).

A motion to seal this document, filed by TransPerfect, was previously denied because MotionPoint, as the designating party, did not file a declaration establishing that the document is sealable as required by Civil Local Rule 79-5(e).  MotionPoint has now filed its own motion to seal the document.  The motion is GRANTED because the document contains revenue information that is

highly sensitive and confidential business information that is not ordinarily disclosed.

## CONCLUSION

For the reasons stated above, the Court GRANTS the motion to seal at Docket No. 573.

IT IS SO ORDERED.

Dated: January 15, 2015

CLAUDIA WILKEN
United States District Judge