IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSPERFECT GLOBAL, INC., TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC., and TRANSLATIONS.COM, INC., | No. C 10-2590 CW |
| | ORDER FOR FURTHER BRIEFING |
| Plaintiffs, | |
| v. | |
| MOTIONPOINT CORP., | |
| Defendant. | |

_____/

United States District Court
For the Northern District of California

Plaintiffs TransPerfect Global, Inc.; TransPerfect Translations International, Inc.; and Translations.com, Inc. (collectively, TransPerfect) move for an order to show cause why Defendant MotionPoint Corporation should not be held in civil contempt for violations of this Court's permanent injunction prohibiting infringement of TransPerfect's U.S. Patent No. 6,857,022, the Scanlan patent.

On April 2, 2015, the Court held a hearing on the matter. Following the hearing, the Court ordered MotionPoint to provide TransPerfect with documentation of its compliance monitoring and to submit declarations or other documentation attesting to its control of the implementation of the re-design.  The parties were further directed to file briefs addressing the documentation produced by TransPerfect.

In its post-hearing briefing, MotionPoint states that it has already rolled out TransMotion 3.0, its further re-design

fashioned to address both the JavaScript and reliability concerns. According to MotionPoint, the confirmation pop-up appears whether or not JavaScript is enabled.  Travieso April 30, 2015 Dec., Docket No. 599, at ¶ 24-33. In addition, MotionPoint contends that TransMotion 3.0 is less susceptible to technical failures and that its "automated scripts now visit customer websites twice per day on average" to ensure that the re-design is working properly.  Id. at 24-37.

TransPerfect argues that this is not sufficient.  It describes MotionPoint's contention that its latest re-design is less susceptible to failure as a "conclusory assertion." TransPerfect Brief, Docket No. 616 at 8.  MotionPoint does not respond to this argument in its brief and simply cites to the same portions of Travieso's declaration that TransPerfect contends are deficient.  TransPerfect further argues that MotionPoint's automated scripts are deficient because they fail to catch all pop-up failures that are identified by other reports or manual testing.[1]  Again, MotionPoint does not respond to TransPerfect's arguments.

MotionPoint has failed to provide sufficient information to determine whether its further re-design coupled with its automated scripts are sufficient to prevent future non-compliance. Accordingly, MotionPoint is directed to provide additional information detailing the re-design and how it prevents

---

[1] The Court notes that TransPerfect's citations for this proposition and many others in its briefs are to entire documents, which comprise hundreds of pages.  Such citations do little to assist the Court in assessing the merits of its arguments.

infringement.  In addition, MotionPoint is directed to provide further information regarding its automated scripts, their efficacy and how frequently they check each website.  Within one week of the date of this order, MotionPoint shall file a brief of no more than ten pages along with supporting declarations providing this information.  Transperfect shall file a responsive brief of no more than ten pages within one week thereafter.

    IT IS SO ORDERED.

Dated: July 6, 2015

_____
CLAUDIA WILKEN
United States District Judge